UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.

Case No. 2:24-CV-11224

Hon. Susan K. DeClercq

Magistrate Judge Elizabeth A. Stafford

| | |
|---|---|
| Littiece Jones<br>Plaintiff, Appearing *Pro Se*<br>45014 Trails Ct.<br>Canton, MI 48187<br>(313) 515-9797<br>lrbj_99@yahoo.com | S. Rae Gross (P42514)<br>Ogletree, Deakins, Nash, Smoak<br>& Stewart, PLLC<br>Attorneys for Defendant<br>34977 Woodward Ave., Suite 300<br>Birmingham, MI 48009<br>(248) 593-6400<br>rae.gross@ogletree.com |

## DEFENDANT'S ANSWER, GENERAL DENIAL, AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT

Defendant, Delta Air Lines, Inc. ("Defendant" or "Delta), submits the following in response to Plaintiff's Amended Complaint.

## PRELIMINARY STATEMENT

1.    In response to Paragraph 1, Defendant admits that it is an airline, headquartered in Atlanta, Georgia; that it has a hub at the Detroit Metropolitan Wayne County Airport; that it is ranked as a 2024 Fortune 100 company; and that a predecessor entity of Delta was founded in 1925.  Defendant neither admits nor

denies the remaining allegations for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response.

2.      In response to Paragraph 2, Defendant admits that it puts safety first, has over 100,000 employees globally, has an Open Door policy, and has made a commitment to combat human trafficking.  Defendant neither admits nor denies the remaining allegations for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response. Except as expressly admitted, the allegations of Paragraph 2 are denied.

3.      In response to Paragraph 3, Defendant admits that Delta employees and company culture are an important competitive advantage and that it has been consistently recognized for excellence in numerous categories.  Defendant neither admits nor denies any remaining allegations due to a lack of sufficient specificity and/or temporal parameters as to permit a definitive response.

4.      In response to Paragraph 4, Defendant admits that Delta has contracts with various federal agencies, including the Department of Defense.  Except as expressly admitted, the allegations of Paragraph 4 are denied.

5.      In response to Paragraph 5, Defendant admits that Delta was one of a number of airlines that received various forms of aid available from the U.S. federal government as a result of the COVID-19 pandemic.  Defendant neither admits nor denies any remaining allegations due to a lack of sufficient specificity and/or

temporal parameters as to permit a definitive response.

6.      In response to Paragraph 6, Defendant admits that one of its basic business principles is to put safety first – always, and that all Delta employees are encouraged and expected to raise concerns, through a variety of available channels, if they witness practices that do not meet Delta's standards.  Defendant neither admits nor denies any remaining allegations due to lack of sufficient specificity as to permit a definitive response.

7.      In response to Paragraph 7, Defendant admits that Plaintiff is currently employed by Delta.  Except as admitted, the allegations of Paragraph 7 are denied.

8.      In response to Paragraph 8, Defendant admits that Plaintiff has been an employee of Delta for 12 years and denies the remaining allegations.

9.      In response to Paragraph 9, Defendant admits that Plaintiff volunteered and was selected to participate in meetings and advisory activities relative to DEI at DTW.  Defendant neither admits nor denies the remaining allegations as it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

10.      In response to Paragraph 10, Defendant admits that Plaintiff applied for employment in 2012 and communicated to Delta at or about that time that she is a Seventh-Day Adventist Christian and that as a part of her faith and beliefs, she refrains from working on the Sabbath day which is from Friday sunset to Saturday

sunset. Defendant neither admits nor denies any remaining allegations as it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

11.     In response to Paragraph 11, Defendant admits that Plaintiff applied for employment in 2012 and communicated to Delta at or about that time that she is a Seventh-Day Adventist Christian and that as a part of her faith and beliefs, she refrains from working on the Sabbath day which is from Friday sunset to Saturday sunset. Defendant neither admits nor denies any remaining allegations as it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

12.     In response to Paragraph 12, Defendant admits that Plaintiff applied for employment in 2012 and communicated to Delta at or about that time that she is a Seventh-Day Adventist Christian and that as a part of her faith and beliefs, she refrains from working on the Sabbath day which is from Friday sunset to Saturday sunset. Defendant neither admits nor denies any remaining allegations as it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

13.     In response to Paragraph 13, Defendant admits that ACS employees periodically bid on their schedules by seniority. Defendant neither admits nor denies the remaining allegations regarding what Plaintiff was told during the interview due

4

to lack of sufficient specificity as to permit a definitive response.  Except as expressly admitted, the allegations of Paragraph 13 are denied.

14.    In response to Paragraph 14, Defendant admits that it has a shift swapping policy applicable to ACS. Defendant neither admits nor denies the remaining allegations for the reason that they lack sufficient specificity as to permit a definitive response.  Except as expressly admitted, the allegations of Paragraph 14 are denied.

15.    In response to Paragraph 15, Defendant admits that ACS employees, including Plaintiff, are able, subject to appliable requirements, to use bidding and shift swapping to accommodate religious-based workday restrictions.  Defendant neither admits nor denies the allegation regarding Plaintiff's 2012 interview, as it is presently without sufficient specific information as to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

16.    In response to Paragraph 16, Defendant admits that ACS employees are able, subject to appliable requirements, to use shift swapping to accommodate religious-based workday restrictions.  Except as expressly admitted, the allegations of Paragraph 16 are denied.

17.    In response to Paragraph 17 of the Complaint, Defendant admits only that Plaintiff completed all then-necessary pre-hire requirements and was hired by Delta.  Except as expressly admitted, the allegations of Paragraph 17 are denied.

18.     In response to Paragraph 18, Defendant admits only that Plaintiff was hired as a Customer Service (ramp) Agent at DTW on or about October 8, 2012. Except as expressly admitted, the allegations of Paragraph 18 are denied.

19.     In response to Paragraph 19, Defendant admits that on or about October 16, 2012, Plaintiff sent an email to a representative of Delta requesting a religious accommodation.  Defendant neither admits nor denies any remaining allegations of Paragraph 19 for the reason that it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

20.     In response to Paragraph 20, Defendant admits that on or about October 16, 2012, Plaintiff sent an email to a representative of Delta requesting a religious accommodation.

21.     In response to Paragraph 21, Delta admits that during her employment, Plaintiff was given the opportunity, subject to applicable work requirements, to utilize seniority based bidding and or shift swapping as a reasonable accommodation to address workday religious restrictions.  Except as expressly admitted, the allegations of Paragraph 21 are denied.

22.     In response to Paragraph 22, Defendant neither admits nor denies the allegations due to a lack of sufficient specificity and/or temporal parameters as to permit a definitive response. To the extent a response is required, the allegations of Paragraph 22 are denied.

23.     In response to Paragraph 23, Defendant admits only that Plaintiff has, at times over the course of her employment, performed her job responsibilities in a manner that contributed positively toward Delta's overall safety and customer service goals.  Except as expressly admitted, the allegations of Paragraph 23 are denied.

24.     In response to Paragraph 24, Defendant denies the allegations therein.

25.     In response to Paragraph 25, Defendant admits that Delta's policies and employee communications are electronically accessible to employees.

26.     In response to Paragraph 26, Defendant admits that Delta's policies and employee communications are electronically communicated and accessible to employees who access Delta's intranet systems using an employee ID and password. Defendant neither admits nor denies any remaining allegations of Paragraph 26 for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof, and therefore leaves Plaintiff to her proofs.

27.     In response to Paragraph 27, Defendant denies the allegations therein.

28.     In response to Paragraph 28, Defendant denies the allegations therein.

29.     In response to Paragraph 29, Defendant denies the allegations therein.

30.     In response to Paragraph 30, Defendant admits that Plaintiff was hired as a Ready Reserve below the wing Customer Service Agent at DTW.  Defendant

neither admits nor denies any remaining allegations of Paragraph 30 for the reason that it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

31.     In response to Paragraph 31, Defendant admits that the swap guidelines policy requiring working an average of 20 hours per week over a 3 month rolling period was not applicable to Seasonals or Ready Reserves in 2012.   Except as admitted, the allegations of Paragraph 31 are denied.

32.     In response to Paragraph 32, Defendant admits that Ready Reserves had minimum and maximum annual hours requirements.  Defendant neither admits nor denies any remaining allegations of Paragraph 32 for the reason that it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

33.     In response to Paragraph 33, Defendant neither admits nor denies the allegations as stated therein.

34.     In response to Paragraph 34, Defendant admits that there have been periodic changes to its RR program, including an increase in minimum and maximum hours.  Defendant denies the remaining allegations as they are stated therein.

35.     In response to Paragraph 35, Defendant denies the allegations as they are stated therein.

36.     In response to Paragraph 36, Defendant admits that there have been periodic changes to its SRR and RR program, including an increase in minimum and maximum hours.  Defendant neither admits nor denies the allegations for reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response and it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

37.     In response to Paragraph 37, Defendant admits that average working hours currently applicable to regular CSAs in ACS are not applicable to Seasonal Agents.  Except as admitted, the allegations of Paragraph 37 are denied.

38.     In response to Paragraph 38, Defendant admits that Seasonal and Ready Reserve employees have not been eligible for certain employer-provided health benefits.  Except as admitted, the allegations of Paragraph 38 are denied.

39.     In response to Paragraph 39, Delta denies the allegations as stated therein.

40.     In response to Paragraph 40, Defendant admits that it has had CSA benefitted positions since at least 2012.  Except as admitted, the allegations of Paragraph 40 are denied.

41.     In response to Paragraph 41, Defendant admits that at various times there have been hours requirements unique to Seasonal, Ready Reserves and/or benefitted CSAs but denies they are "separate" work groups for all purposes.  Except

as admitted the allegations of Paragraph 41 are denied.

42.     In response to Paragraph 42, Defendant admits that at various times there have been hours requirements unique to Seasonal, Ready Reserves and/or benefitted CSAs.  Except as admitted, the allegations of Paragraph 43 are denied.

43.     In response to Paragraph 43, Defendant denies the allegations as stated therein.

44.     In response to Paragraph 44, Defendant denies the allegations as stated therein.

45.     In response to Paragraph 45, Defendant admits only that at times, Seasonal and/or Ready Reserve employees have not been permitted to shift swap with regular CSA employees.  Defendant neither admits nor any remaining allegations for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof, and therefore leaves Plaintiff to her proofs.

46.     In response to Paragraph 46, Defendant neither admits nor denies the allegations for the reason that they lack sufficient temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof, and therefore leaves Plaintiff to her proofs.

47.     In response to Paragraph 47, Defendant denies the allegations as stated

10

therein.

48.     In response to Paragraph 48, Defendant neither admits nor denies the allegations for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof, and therefore leaves Plaintiff to her proofs.

49.     In response to Paragraph 49, Defendant admits that Plaintiff was a Ready Reserve agent as of 2018, and neither admits nor denies the remaining allegations as it is presently without information sufficient to form a belief at to the truth thereof, and therefore leaves Plaintiff to her proofs.

50.     In response to Paragraph 50, Defendant neither admits nor denies the allegations for the reason that they lack sufficient specificity and temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof, and therefore leaves Plaintiff to her proofs.

51.     In response to Paragraph 51, Defendant neither admits nor denies the allegations for the reason that they lack sufficient specificity and temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof, and therefore leaves Plaintiff to her proofs.   Defendant denies any inference that Plaintiff was not informed in

11

advance of the requirement to maintain an average of 20 hours of paid time per week over a rolling three-month period to be eligible to swap and denies any remaining allegations.

52.     In response to Paragraph 52, Defendant neither admits nor denies the allegations for the reason that they lack sufficient specificity and temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof, and therefore leaves Plaintiff to her proofs.   Defendant denies any inference that Plaintiff was not informed in advance of the requirement to maintain an average of 20 hours of paid time per week over a rolling three-month period to be eligible to swap.

53.     In response to Paragraph 53, Defendant admits that the COVID-19 pandemic began in 2020.

54.     In response to Paragraph 54, Defendant admits that it had to navigate numerous challenges and negative impacts to its business as a result of the COVID-19 pandemic, and neither admits nor denies that it took a "MAJOR hit" as that term is too non-specific to permit a response.

55.     In response to Paragraph 55, Defendant admits that Delta was one of a number of airlines that received various forms of pandemic related aid available from the U.S. federal government.

56.     In response to Paragraph 56, Defendant admits that Delta was one of a

number of airlines that received various forms of pandemic related aid available from the U.S. federal government. Except as expressly admitted, the allegations of Paragraph 56 are denied.

57. In response to Paragraph 57, Defendant admits that Delta was one of a number of airlines that received various forms of pandemic related aid available from the U.S. federal government. Except as expressly admitted, the allegations of Paragraph 57 are denied.

58. In response to Paragraph 58, Defendant admits that Delta was one of a number of airlines that received various forms of pandemic related aid available from the U.S. federal government. Except as expressly admitted, the allegations of Paragraph 58 are denied.

59. In response to Paragraph 59, Defendant neither admits nor denies Plaintiff's quotation from Aviation Week, as said publication is a matter of record, not something for which Defendant is responsible, and not remotely related to any cause of action arguably pled by Plaintiff.

60. In response to Paragraph 60, Defendant admits that Delta was one of a number of airlines that received various forms of pandemic related aid available from the U.S. federal government. Defendant neither admits nor denies the remaining allegations as they are too vague and nonsensical to permit a definitive response and not remotely related to any cause of action arguably pled by Plaintiff.

Except as expressly admitted, the allegations of Paragraph 60 are denied.

61.    In response to Paragraph 61, Defendant admits that Delta was one of a number of airlines that received various forms of pandemic related aid available from the U.S. federal government. Defendant neither admits nor denies the remaining allegations as they are too vague and nonsensical to permit a definitive response and not remotely related to any cause of action arguably pled by Plaintiff. Except as expressly admitted, the allegations of Paragraph 61 are denied.

62.    In response to Paragraph 62, Defendant admits that it took necessary steps to reduce capacity and costs during and as a result of the pandemic but denies the remaining allegations of Paragraph 62.

63.    In response to Paragraph 63, Defendant admits that it sunset the Ready Reserve Program in or around 2021 but denies the remaining allegations of Paragraph 63.

64.    In response to Paragraph 64, Defendant admits that in or around 2021, it sunset the Ready Reserve positions and ACS CSAs were given the option to elect to become Seasonal Agents with a minimum of 150 hours and maximum of 800 hours during a Seasonal Agent Year, or to become benefited CSAs, with bid lines ranging from 20 hours up to 40 hours, based on location and seniority. Except as expressly admitted, the allegations of Paragraph 64 are denied.

65.    In response to Paragraph 65, Defendant admits that CSAs have been

advised that to maintain active rates for certain employer-provided benefits, they must work at least 1,000 hours from October 16 through October 15 of the following year and that those who work less than 1,000 hours will pay 100% of the benefit rate.  Except as expressly admitted, the allegations of Paragraph 65 are denied.

66.    In response to Paragraph 66, Defendant admits that Plaintiff opted to become a CSA benefitted agent.  Defendant denies that Plaintiff has maintained a part-time agent 20 hr./week schedule.  Except as expressly admitted, the allegations of Paragraph 66 are denied.

67.    In response to Paragraph 67, Defendant denies the allegations therein.

68.    In response to Paragraph 68, Defendant admits that in connection with the requirement to work 1,000 hours to maintain certain employer-provided benefits, Plaintiff has variously discussed having COVID and being required to have time off to deal with a situation involving her daughter being a witness in a trial.  Except as expressly admitted, the allegations of Paragraph 68 are denied.

69.    In response to Paragraph 69, Defendant denies any inference that Plaintiff was told by any member of Delta's management that she could take an indefinite amount of time off, and neither admits nor denies the remaining allegations for the reason that they lack sufficient specificity regarding the identity of leadership and/or temporal parameters as to permit a definitive response, and Defendant therefore leaves Plaintiff to her proofs.

70. In response to Paragraph 70, Defendant denies the allegations as stated therein.

71. In response to Paragraph 71, Defendant denies any inference that any member of Delta's management supported Plaintiff taking an indefinite amount time off, and neither admits nor denies the remaining allegations for the reason that they lack sufficient specificity as to the identity of leadership and/or temporal parameters as to permit a definitive response, and Defendant therefore leaves Plaintiff to her proofs.

72. In response to Paragraph 72, Defendant admits that Plaintiff, has, on occasion, reported having COVID, but neither admits nor denies the remaining allegations for the reason that it is presently without sufficient information to form a belief as to the truth thereof, and therefore leaves Plaintiff to her proofs. Except as expressly admitted, the allegations of Paragraph 72 are denied.

73. In response to Paragraph 73, Defendant admits that Plaintiff, has, on occasion, reported having COVID, but neither admits nor denies the remaining allegations for the reason that it is presently without sufficient information to form a belief as to the truth thereof, and therefore leaves Plaintiff to her proofs. Except as expressly admitted, the allegations of Paragraph 73 are denied.

74. In response to Paragraph 74, Defendant denies any implication that Plaintiff requested any accommodation for any alleged "other disabilities" that

rendered her unable to safely perform her job, and neither admits nor denies the remaining allegations for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response. Except as expressly admitted, the allegations of Paragraph 74 are denied.

75.     In response to Paragraph 75, Defendant denies any implication that Plaintiff requested any accommodation for any alleged "other disabilities" that rendered her unable to safely perform her job, and neither admits nor denies the remaining allegations for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response.   Except as expressly admitted, the allegations of Paragraph 75 are denied.

76.     In response to Paragraph 76, Defendant admits that in 2022, Plaintiff had communication with Ms. Russ regarding the impact of her anticipated inability to make the 1,000 hour requirement, allegedly due to taking leave from work to deal with her daughter's "situation" and because she had COVID.  Except as admitted, the allegations of Paragraph 76 are denied.

77.     In response to Paragraph 77, Defendant denies the allegations as stated therein.

78.     In response to Paragraph 78, Defendant denies the allegations as stated therein.

79.     In response to Paragraph 79, Defendant denies the allegations as stated

therein.

80.     In response to Paragraph 80, Defendant denies the allegations as stated therein.     Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

81.     In response to Paragraph 81, Defendant denies the allegations as stated therein.     Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

82.     In response to Paragraph 81, Defendant denies the allegations as stated therein.     Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

83.     In response to Paragraph 83, Defendant neither admits nor denies the allegations therein for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response.  Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

84.     In response to Paragraph 84, Defendant denies the allegations as stated therein.     Answering further, Defendant states that Plaintiff's safety related

allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

85. In response to Paragraph 85, Defendant denies the allegations as stated therein. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

86. In response to Paragraph 86, Defendant can neither admit nor deny what Plaintiff "thought." Defendant denies any inference that DTW leaders put profits and number goals over safety. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

87. Defendant neither admits nor denies the allegations of Paragraph 87 for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof, and therefore leaves Plaintiff to her proofs.

88. Defendant admits that OSM O'Leary has, at times during her employment, texted or called Plaintiff. Defendant neither admits nor denies the remaining allegations of Paragraph 88 for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof and

19

therefore leaves Plaintiff to her proofs.

89.     Defendant neither admits nor denies the allegations of Paragraph 89 for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

90.     In response to Paragraph 90, Defendant admits Plaintiff was told in advance that she was at risk of losing her shift swapping privileges, and denies the remaining allegations as stated therein.

91.     In response to Paragraph 91, Defendant denies the allegations as stated therein.

92.     In response to Paragraph 92, Defendant denies any implication that it is not OSM O'Leary's responsibility to make entries in Plaintiff's Performance Profile Team Journal, and neither admits nor denies the remaining allegations of Paragraph 88 for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

93.     In response to Paragraph 93, Defendant denies the allegations as stated therein.

94.     In response to Paragraph 94, Defendant denies the allegations as stated therein.

20

95.     In response to Paragraph 95, Defendant denies the allegations as stated therein.

96.     In response to Paragraph 96, Defendant denies the allegations as stated therein.

97.     In response to Paragraph 97, Defendant denies the allegations as stated therein.   Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

98.     In response to Paragraph 98, Defendant denies any inference that members of Delta's management falsely accused Plaintiff of poor work performance, and neither admits nor denies the remaining allegations of Paragraph 98 for the reason that they lack sufficient specificity and/or temporal parameters as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs.

99.     In response to Paragraph 99, Defendant denies the allegation as stated therein.

100.   In response to Paragraph 100, Defendant denies any implication that Plaintiff had no issues with meeting hours requirements through 2023 and neither admits nor denies the remaining allegations for the reason that they lack specificity as to the meaning of "work incidents" so as to permit a definitive response.  Except

as expressly admitted, the allegations of Paragraph 100 are denied.

101.    In response to Paragraph 101, Defendant denies the allegation as stated therein.

102.    In response to Paragraph 102 Defendant admits that Plaintiff has at various times asserted that she was being singled out but denies that she was in fact singled out or discriminated against and denies all remaining allegations.

103.    In response to Paragraph 103, Defendant denies the allegations as stated therein.

104.    In response to Paragraph 104, Defendant denies the allegations as stated therein.

105.    In response to Paragraph 105, Defendant denies the allegations as stated therein.

106.    In response to Paragraph 106, Defendant denies the allegations as stated therein.

107.    Paragraph 107 contains no allegations and therefore requires no response.

108.    In response to Paragraph 108, Defendant denies the allegations as stated therein.    Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

109. In response to Paragraph 109, Defendant denies the allegations as stated therein. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

110. Paragraph 110 contains no allegations and therefore requires no response.

111. In response to Paragraph 111, Defendant denies the allegations as stated therein. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

112. In response to Paragraph 112, Defendant denies the allegations as stated therein. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

113. In response to Paragraph 113, Defendant denies the allegations as stated therein. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

114. In response to Paragraph 114, Defendant denies the allegations as stated therein. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action

pled herein.

115.   In response to Paragraph 115, Defendant denies the allegations as stated therein.   Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

116.   In response to Paragraph 116, Defendant neither admits nor denies the allegations for the reason that they lack sufficient specificity as to permit a definitive response, and it is presently without sufficient information to form a belief as to the truth thereof and therefore leaves Plaintiff to her proofs. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

117.   In response to Paragraph 117, Defendant denies the allegations as stated therein.   Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

118.   In response to Paragraph 118, Defendant denies the allegations as stated therein. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

119.   Paragraph 119 contains no allegations and therefore requires no response.

120. In response to Paragraph 120, Defendant denies the allegations as stated therein. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

121. In response to Paragraph 121, Defendant denies the allegations as stated therein. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

122. Paragraph 122 contains no allegations and therefore required no response.

123. Paragraph 123 contains no allegations and therefore requires no response.

124. Paragraph 124 contains no allegations and therefore requires no response.

125. In response to Paragraph 125, Defendant denies the allegations as stated therein.

126. Paragraph 126 contains no allegations and therefore requires no response.

127. In response to Paragraph 127, Defendant denies the allegations as stated therein. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

128. Paragraph 128 contains no allegations and therefore requires no response.

129. In response to Paragraph 129, Defendant denies the allegations as stated therein.

130. Paragraph 130 contains no allegations and therefore requires no response.

131. Paragraph 131 contains no allegations and therefore requires no response.

132. Paragraph 132 contains no allegations and therefore requires no response.

133. In response to Paragraph 133, Defendant neither admits nor denies the allegations therein because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8 to produce a "short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation must be simple, concise, and direct." Plaintiff's allegations therefore do not give Defendant fair notice of her claims for an opportunity for a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

134. In response to Paragraph 134, Defendant denies the allegations as stated therein.

135. Paragraph 135 contains no allegations and therefore requires no

response.

136. In response to Paragraph 136, Defendant admits that O'Leary and Vinuya met with Plaintiff and advised her that she was not meeting the 20 hours average a week over a rolling 3 month period and was at risk of losing her trade privileges; she discussed personal issues she was dealing with; and she was reminded that EAP and Sedgwick were available to her. Except as expressly admitted, the allegations of Paragraph 136 are denied.\

137. In response to Paragraph 137, Defendant denies the allegations as stated therein. Answering further, Defendant states that Plaintiff's safety related allegations are preempted by her OSHA claims and unrelated to any cause of action pled herein.

138. In response to Paragraph 138, Defendant neither admits nor denies the allegations therein because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8 to produce a "short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation must be simple, concise, and direct." Plaintiff's allegations therefore do not give Defendant fair notice of her claims for an opportunity for a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

139. In response to Paragraph 139, Defendant neither admits nor denies the allegations therein because Plaintiff has failed to comply with the requirements of

Fed. R. Civ. P. 8 to produce a "short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation must be simple, concise, and direct." Plaintiff's allegations therefore do not give Defendant fair notice of her claims for an opportunity for a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

140. In response to Paragraph 140, Defendant denies the allegations as stated therein.

141. In response to Paragraph 141, Defendant admits that Plaintiff was told that because she was not averaging 20 work hours per week over a rolling three-month period, her shift trading privileges were at risk of being taken away. Except as expressly admitted, the allegations are denied.

142. In response to Paragraph 142, Defendant neither admits nor denies the allegations therein because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8 to produce a "short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation must be simple, concise, and direct." Plaintiff's allegations therefore do not give Defendant fair notice of her claims for an opportunity for a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

143. Paragraph 143 contains no allegations and therefore requires no response.

144. In response to Paragraph 144, Defendant admits only that Plaintiff has had conversations with Hussein Berry and neither admits nor denies the remaining allegations therein because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8 to produce a "short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation must be simple, concise, and direct." Plaintiff's allegations therefore do not give Defendant fair notice of her claims for an opportunity for a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

145. Paragraph 145 contains no allegations and therefore requires no response.

146. In response to Paragraph 146, Defendant admits only that Plaintiff, like all comparable benefitted CSAs, has been told that she is required to (1) work 1,000 hours during the time period required to maintain eligibility for employer-provided benefits and (2) work an average of 20 hours per week over a rolling three month period in order to be eligible to swap. Except as expressly admitted, the allegations are denied.

147. Paragraph 147 contains no allegations and therefore requires no response.

148. In response to Paragraph 148, Defendant neither admits nor denies the allegations therein because it cannot admit or deny Plaintiff's

concerns/thoughts/beliefs and Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8 to produce a "short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation must be simple, concise, and direct." Plaintiff's allegations therefore do not give Defendant fair notice of her claims for an opportunity for a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

149. Paragraph 149 contains no allegations and therefore requires no response.

150. In response to Paragraph 150, Defendant neither admits nor denies the allegations therein because Plaintiff has failed to comply with the requirements of Fed. R. Civ. P. 8 to produce a "short and plain statement of the claim showing that the pleader is entitled to relief" and that "each allegation must be simple, concise, and direct." Plaintiff's allegations therefore do not give Defendant fair notice of her claims for an opportunity for a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

151. Paragraph 151 contains no allegations and therefore requires no response.

152. In response to Paragraph 152, Defendant neither admits nor denies the allegations therein because it cannot admit or deny Plaintiff's concerns or thoughts and Plaintiff has failed to comply with Fed. R. Civ. P. 8(a)'s requirement to produce

a "short and plain statement of the claim showing that the pleader is entitled to relief" or Fed. R. Civ. P. 8(a)'s requirement that "each allegation must be simple, concise, and direct." Plaintiff's allegations therefore do not give Defendant fair notice of her claims for an opportunity for a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

153. In response to Paragraph 153, Defendant neither admits nor denies the allegations therein because it cannot admit or deny Plaintiff's concerns or thoughts and the allegations are too nonspecific as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

154. In response to Paragraph 154, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

155. In response to Paragraph 15t, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

156. In response to Paragraph 156, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies

the allegations as stated therein.

157. Paragraph 157 contains no allegations and therefore requires no response.

158. In response to Paragraph 158, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

159. Paragraph 159 contains no allegations and therefore requires no response.

160. In response to Paragraph 160, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

161. Paragraph 161 contains no allegations and therefore requires no response.

162. In response to Paragraph 162, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

163. Paragraph 163 contains no allegations and therefore requires no

response.

164. In response to Paragraph 164, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

165. Paragraph 165 contains no allegations and therefore requires no response.

166. In response to Paragraph 166, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

167. Paragraph 167 contains no allegations and therefore requires no response.

168. In response to Paragraph 168, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

169. Paragraph 107 contains no allegations and therefore requires no response.

170. In response to Paragraph 170, Defendant neither admits nor denies the

allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

171. Paragraph 171 contains no allegations and therefore requires no response.

172. In response to Paragraph 172, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

173. Paragraph 173 contains no allegations and therefore requires no response.

174. In response to Paragraph 174, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

175. Paragraph 175 contains no allegations and therefore requires no response.

176. In response to Paragraph 176, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies

the allegations as stated therein.

177. Paragraph 177 contains no allegations and therefore requires no response.

178. In response to Paragraph 178, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

179. In response to Paragraph 179, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

180. Paragraph 180 contains no allegations and therefore requires no response.

181. In response to Paragraph 181, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

182. Paragraph 182 contains no allegations and therefore requires no response.

183. In response to Paragraph 183, Defendant neither admits nor denies the

allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense.  To the extent a response is required, Defendant denies the allegations as stated therein.

184.  Paragraph 184 contains no allegations and therefore requires no response.

185.  In response to Paragraph 185, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense.  To the extent a response is required, Defendant denies the allegations as stated therein.

186.  Paragraph 186 contains no allegations and therefore requires no response.

187.  In response to Paragraph 187, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense.  To the extent a response is required, Defendant denies the allegations as stated therein.

188.   Paragraph 188 contains no allegations and therefore requires no response.

189.  In response to Paragraph 189, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense.  To the extent a response is required, Defendant denies

the allegations as stated therein.

190.   Paragraph 190 contains no allegations and therefore requires no response.

191.   In response to Paragraph 191, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense.  To the extent a response is required, Defendant denies the allegations as stated therein.

192.   Paragraph 192 contains no allegations and therefore requires no response.

193.   Paragraph 193 contains no allegations and therefore requires no response.

194.   Paragraph 194 contains no allegations and therefore requires no response.

195.   Paragraph 195 contains no allegations and therefore requires no response.

196.   In response to Paragraph 196, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense.  To the extent a response is required, Defendant denies the allegations as stated therein.

197.   Paragraph 197 contains no allegations and therefore requires no

response.

198.   In response to Paragraph 198, Defendant admits only that OSM O'Leary met with Plaintiff on January 24, 2024 to discuss the ACS Divisional Swapping Guidelines and consequences of Plaintiff's noncompliance therewith. Except as admitted, the allegations are denied.

199.   Paragraph 199 contains no allegations and therefore requires no response.

200.   In response to Paragraph 200, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense.  To the extent a response is required, Defendant denies the allegations as stated therein.

201.   Paragraph 201 contains no allegations and therefore requires no response.

202.   In response to Paragraph 202, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense.  To the extent a response is required, Defendant denies the allegations as stated therein.

203.   Paragraph 203 contains no allegations and therefore requires no response.

204.   In response to Paragraph 204, Defendant neither admits nor denies the

allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

205. Paragraph 205 contains no allegations and therefore requires no response.

206. In response to Paragraph 206, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

207. Paragraph 207 contains no allegations and therefore requires no response.

208. In response to Paragraph 208, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

209. Paragraph 209 contains no allegations and therefore requires no response.

210. In response to Paragraph 210, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical as to permit a cogent answer and defense. To the extent a response is required, Defendant denies

the allegations as stated therein.

211.  Paragraph 211 contains no allegations and therefore requires no response.

212.  In response to Paragraph 212, Defendant neither admits nor denies the allegations therein because Plaintiff has failed to comply with Fed. R. Civ. P. 8(a)'s requirement to produce a "short and plain statement of the claim showing that the pleader is entitled to relief" or Fed. R. Civ. P. 8(a)'s requirement that "Each allegation must be simple, concise, and direct."  Plaintiff's allegations therefore do not give Defendant fair notice of her claims for an opportunity for a cogent answer and defense.  To the extent a response is required, Defendant denies the allegations as stated therein.

213.  Paragraph 213 contains no allegations and therefore requires no response.

214.  In response to Paragraph 214, Defendant neither admits nor denies the allegations therein because Plaintiff has failed to comply with Fed. R. Civ. P. 8(a)'s requirement to produce a "short and plain statement of the claim showing that the pleader is entitled to relief" or Fed. R. Civ. P. 8(a)'s requirement that "Each allegation must be simple, concise, and direct."  Plaintiff's allegations therefore do not give Defendant fair notice of her claims for an opportunity for a cogent answer and defense.  To the extent a response is required, Defendant denies the allegations

as stated therein.

215. Paragraph 215 contains no allegations and therefore requires no response.

216. In response to Paragraph 216, Defendant neither admits nor denies the allegations therein because Plaintiff has failed to comply with Fed. R. Civ. P. 8(a)'s requirement to produce a "short and plain statement of the claim showing that the pleader is entitled to relief" or Fed. R. Civ. P. 8(a)'s requirement that "Each allegation must be simple, concise, and direct." Plaintiff's allegations therefore do not give Defendant fair notice of her claims for an opportunity for a cogent answer and defense. To the extent a response is required, Defendant denies the allegations as stated therein.

217. In response to Paragraph 217, Defendant neither admits nor denies the allegations therein with respect to Plaintiff's beliefs, wants and likes, denies that any violations of law with respect to Plaintiff's employment, and denies all remaining allegations as stated therein.

218. Paragraph 218 contains no allegations and therefore requires no response.

219. In response to Paragraph 219, Defendant neither admits nor denies the allegations therein because they are too nonspecific and nonsensical to give Defendant fair notice of her claims an opportunity for a cogent answer and defense.

41

To the extent a response is required, Defendant denies the allegations as stated therein.

## FIRST CAUSE OF ACTION
Violation of Title VII of the Civil Rights Act of 1964 based on Religion

220.   In response to Paragraph 220, Defendant admits the allegation.

221.   In response to Paragraph 221, Defendant admits that Plaintiff was reasonably accommodated and denies that it stopped the religious accommodation for discriminatory and retaliatory illegal reasons.

## SECOND CAUSE OF ACTION
Violation of Title VII of the Civil Rights Act of 1964 based on disability

222.   In response to Paragraph 222, Defendant denies that Plaintiff's Complaint contains facts sufficient to state a cause of action for a violation of Title VII of the Civil Rights Act of 1964 based on disability or that such a cause of action is cognizable under Title VII.

## THIRD CAUSE OF ACTION
Violation of Title VII of the Civil Rights Act of 1964 And the Elliott-Larsen Civil Rights Act

Defendant denies that Plaintiff's Complaint contains facts sufficient to state a cause of action for a violation of Title VII of the Civil Rights Act of 1964 or the Elliott-Larsen Civil Rights Act or that Defendant engaged in any such violations.

## FOURTH CAUSE OF ACTION
### Violation of Title VII based on Hostile Environment Harassment

223. Defendant denies that Plaintiff's Complaint contains facts sufficient to state a cause of action for a violation of Title VII of the Civil Rights Act of 1964 based on hostile environment or that Defendant engaged in any such violation.

## FIFTH CAUSE OF ACTION
### Violation of Title VII Severe or Pervasive Requirement

224. In response to Paragraph 224, Defendant denies that said paragraph states a cause of action or that Defendant engaged in any violation of Title VII.

## SIXTH CAUSE OF ACTION
### for retaliatory harassment

225. In response to Paragraph 225, Defendant denies that said paragraph states a cause of action or that Defendant engaged in any violation of Title VII.

## SEVENTH CAUSE OF ACTION
### Violation of Michigan's Whistleblower's Protection Act

226. In response to Paragraph 226, Defendant denies that Plaintiff's Complaint alleges sufficient facts to state a claim under the Michigan Whistleblower's Protection Act and denies any violation thereof.

WHEREFORE, Defendant respectfully requests that this Honorable Court dismiss Plaintiff's Complaint in its entirety with prejudice and award Defendant its costs and attorneys' fees incurred in having to defend this matter.

Respectfully submitted,

s/ S. Rae Gross
S. Rae Gross (P42154)
Ogletree, Deakins, Nash, Smoak
& Stewart, PLLC
Attorneys for Defendant
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
(248) 593-6400
Dated: November 4, 2024          rae.gross@ogletree.com

44

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

 Plaintiff,

v.

DELTA AIR LINES, INC.,

 Defendant.

Case No. 2:24-CV-11224
Hon. Susan K. DeClercq
Magistrate Judge Elizabeth A. Stafford

| | |
|---|---|
| Littiece Jones<br>Plaintiff, Appearing *Pro Se*<br>45014 Trails Ct.<br>Canton, MI 48187<br>(313) 515-9797<br>lrbj_99@yahoo.com | S. Rae Gross (P42514)<br>Ogletree, Deakins, Nash, Smoak<br>& Stewart, PLLC<br>Attorneys for Defendant<br>34977 Woodward Ave., Suite 300<br>Birmingham, MI 48009<br>(248) 593-6400<br>rae.gross@ogletree.com |

**DEFENDANT'S AFFIRMATIVE DEFENSES TO
PLAINTIFF'S AMENDED COMPLAINT**

Defendant, Delta Air Lines ("Delta"), asserts the following affirmative and other defenses to Plaintiff's Amended Complaint (Complaint"), without assuming any burdens of production, persuasion, or proof that are not legally assigned to Defendant:

1. Plaintiff's Complaint, in whole or in part, fails to state a claim upon which relief can be granted as a matter of law.

2. Plaintiff's claims, in whole or in part, are barred by the applicable statute of limitations and/or applicable contractual limitations period.

3. Delta took prompt and appropriate remedial measures in response to any alleged complaints from Plaintiff of which it had adequate notice.

4. Plaintiff's claims are barred, in whole or in part, by the doctrine of release, waiver, collateral estoppel, judicial and/or equitable estoppel.

5. Delta acted at all times within the bounds of good faith and for legitimate, non-discriminatory, and non-retaliatory reasons.

6. Plaintiff's claims are barred, in whole or in part, because Plaintiff unreasonably failed to make a complaint or otherwise take advantage of preventative or corrective opportunities provided by Delta through its clear and well-disseminated policy prohibiting discrimination, harassment, and retaliation and providing a reasonable and available internal complaint procedure.

7. Plaintiff's claims are barred, in whole or in part, to the extent they exceed the scope of or are inconsistent with her administrative charge filed with the EEOC.

8. Plaintiff's Complaint fails to state a cause of action upon which relief may be granted, as Plaintiff is not disabled as that term is defined in the Americans with Disabilities Act, as amended, 42 USC § 21100, *et seq*.

2

9.    Plaintiff is not a qualified individual with a disability under Section 101(8) of the Americans with Disabilities Act, 42 U.S.C. § 12111(8).

10.   To the extent that Plaintiff requested accommodation due to sincerely held religious beliefs, Delta provided her with reasonable accommodations.

11.   Plaintiff's claims are not actionable because the challenged employment practices are justified by legitimate, non-discriminatory, non-retaliatory, and non-pretextual business reasons unrelated to religion or disability.

12.   Plaintiff's claim for damages is barred, in whole or in part, because she has suffered no damages and/or has failed to mitigate, or to fully mitigate, her alleged damages, to which Delta avers she is not entitled.

13.   Any claim for punitive or exemplary damages is barred, in whole or in part, because Delta at all times engaged in good faith efforts to comply with the law or because such damages are not available as a matter of law.

14.   Plaintiff's claims, if any, for 1) alleged retaliation for raising safety concerns or complaints, 2) violation of AIR-21, and 3) violation of ACA, are subject to the exclusive jurisdiction of OSHA and subject to an administrative appeal process pursuant to which review from a decision of the Secretary of Labor is by a federal Court of Appeals, not this Court.

3

Defendant reserves the right to amend these Affirmative Defenses or assert additional Affirmative Defenses in the course of this litigation.

Dated:  November 4, 2024                    Respectfully submitted,

*/s/ S. Rae Gross*
S. Rae Gross (P42514)
OGLETREE, DEAKINS, NASH,
SMOAK & STEWART, PLLC
Attorney for Defendant Delta Air Lines, Inc.
34977 Woodward Avenue, Suite 300
Birmingham, Michigan 48009
Tel: (248) 593-6400
Fax: (248) 283-2925
rae.gross@ogletree.com

4

## CERTIFICATE OF SERVICE

I hereby certify that on November 4, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will serve an electronic copy of same on Plaintiff, Littiece Jones, at her email address at lrbj99@yahoo.com.

/s/ S. Rae Gross
S. Rae Gross (P42514)

## <u>COMPLIANCE WITH LOCAL RULE 5.1(a) & 7.1(d)(3)</u>

Undersigned counsel certifies that this document complies with Local Rule 5.1(a) and 7.1(d)(3), including: double-spaced (except for quoted materials and footnotes); one-inch margins; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts) and that it is the appropriate length.

Respectfully submitted,

*/s/ S. Rae Gross*
S. Rae Gross (P42514)
Ogletree, Deakins, Nash, Smoak & Stewart, PLLC
Attorneys for Defendant Delta Air Lines, Inc.
34977 Woodward Avenue, Suite 300
Birmingham, MI 48009
248-593-6400

Dated: November 4, 2024     rae.gross@ogletree.com

86407298.v1-OGLETREE