UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

        Plaintiff,                    Case No. 2:24-cv-11224

v.                                              Honorable Susan K. DeClercq
                                                United States District Judge
DELTA AIR LINES, INC.,

        Defendant.
_____/

**ORDER DENYING PLAINTIFF'S MOTION FOR A TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION (ECF No. 43)**

Plaintiff Littiece Jones seeks an immediate, sweeping, temporary restraining order against her current employer, Defendant Delta Air Lines, Inc. But, as explained below, her request will be denied because she has not complied with the necessary procedural requirements, nor has she demonstrated a likelihood of success on the merits of her claims or a threat of immediate, irreparable harm.

## I. BACKGROUND

On May 8, 2024, Plaintiff Littiece Jones, proceeding *pro se*, sued her employer, Delta Air Lines, Inc., alleging that Defendant violated several federal laws when it failed to promote her, failed to accommodate her disability, provided unequal terms and conditions of employment, retaliated against her, and failed to accommodate her religion. ECF No. 1 at PageID.5. Five months later, Plaintiff filed

an amended complaint which laid out seven specific causes of action:

| Count | Allegation |
|---|---|
| I | Violation of Title VII based on religion |
| II | Violation of Title VII based on disability |
| III | Violation of Title VII and Michigan's Elliott-Larsen Civil Rights Act |
| IV | Violation of Title VII based on hostile environment harassment |
| V | Violation of Title VII Severe or Pervasive Requirement |
| VI | Retaliatory harassment |
| VII | Violation of Michigan's Whistleblower's Protection Act |

ECF No. 26 at PageID.452.

On July 24, 2025, while this case was proceeding through discovery, Plaintiff field an "Emergency Motion for Temporary Restraining Order and Preliminary Injunction." ECF No. 43 at PageID.788. In this motion, Plaintiff alleges that she has "a critical dental health issue involving Plaintiff's dental implant and crown, for which she has scheduled [an] out-of-state procedure" tomorrow. *Id.* at PageID.789. She alleges that Defendant has "wrongfully denied [her] access to her medical and flight benefits, making it impossible to obtain the care she urgently needs," thus she is at risk of "infection, permanent damage, and serious physical suffering." *Id.* She further alleges that Delta issued a "Return to Work" directive on July 15, 2025, but has denied Plaintiff "access to systems required to complete return-to-work steps" and revoked her "long-standing religious and disability accommodations." *Id.* Finally, Plaintiff alleges that she "discovered for the first time" today that "Delta had posted bid lines without notice" and that the only available shifts violated her

religious accommodations and did not reflect her seniority at the company. *Id.* She alleges this is evidence of ongoing retaliation, and thus seeks an order directing Defendant to do the following:

1. Reinstate Plaintiff's medical and flight benefits;
2. Restore Plaintiff's access to internal scheduling and training systems;
3. Reinstate all religious and disability accommodations;
4. Maintain the status quo of shift swapping and flexibility;
5. Provide printed hard copies of all work-related materials and FAA compliance manuals; and
6. Cease further retaliatory conduct.

*Id.* at PageID.790.

Although the title of Plaintiff's motion seeks both a TRO and a preliminary injunction, due to the time-sensitive nature of Plaintiff's dental appointment (which forms the basis of her request), this Court will proceed under the TRO framework, without waiting for a response from Defendant.[1] See FED. R. CIV. P. 65 (explaining preliminary injunctions may be issued "only on notice to the adverse party," whereas temporary restraining orders are issued "without written or oral notice to the adverse party.").

## II. LEGAL STANDARD

A Court may issue a temporary restraining order without informing the other

---

[1] Although Defendant likely received electronic notice of Plaintiff's motion, Plaintiff seeks injunctive relief before Defendant will reasonably be able to respond to her motion.

party, but only if the movant provides a detailed affidavit or verified complaint that clearly demonstrates the need for immediate action to avoid irreparable harm. Additionally, the movant's attorney must explain in writing the efforts made to notify the other party and the reasons why such notice is not necessary. FED. R. CIV. P. 65(b)(1).

If the procedural requirements are satisfied, then the merits of the motion may be considered. "[T]he purpose of a [temporary restraining order] under Rule 65 is to preserve the status quo so that a reasoned resolution of a dispute may be had." *Procter & Gamble Co. v. Bankers Tr. Co.*, 78 F.3d 219, 226 (6th Cir. 1996). In determining whether to grant such relief, a court must weigh four factors:

> (1) whether the movant has a strong likelihood of success on the merits,
> (2) whether the movant would suffer irreparable injury absent preliminary injunctive relief,
> (3) whether granting the preliminary injunctive relief would cause substantial harm to others, and
> (4) whether the public interest would be served by granting the preliminary injunctive relief.

*A & W X-Press, Inc. v. FCA US, LLC*, No. 21-1805, 2022 WL 2759872, at *3 (6th Cir. July 14, 2022); *Certified Restoration Dry Cleaning Network, L.L.C. v. Tenke Corp.*, 511 F.3d 535, 540 (6th Cir. 2007). "The standard for issuing a temporary restraining order is logically the same as for a preliminary injunction with emphasis, however, on irreparable harm given that the purpose of a temporary restraining order is to maintain the status quo." *ABX Air, Inc. v. Int'l Bhd. of Teamsters*, 219 F. Supp.

3d 665, 670 (S.D. Ohio 2016).

Although district courts must balance these four factors, the movant's failure to establish either of the first two factors—a likelihood of success on the merits or irreparable harm—is usually fatal. See *CLT Logistics v. River West Brands*, 777 F. Supp. 2d 1052, 1064 (E.D. Mich. 2011).

### III. ANALYSIS

Plaintiff has not satisfied the procedural requirements of Rule 65 because she has not attached a verified affidavit that demonstrates "specific facts ... [that] clearly show that immediate and irreparable injury, loss, or damage *will result* to the movant before the adverse party can be heard in opposition." FED. R. CIV. P. 65(b)(1)(A) (emphasis added); *see also Hacker v. Fed. Bureau of Prisons*, 450 F. Supp. 2d 705, 710 (E.D. Mich. 2006) ("A temporary restraining order is an extraordinary remedy that generally is reserved for emergent situations in which a party may suffer irreparable harm *during the time required to give notice* to the opposite party or where *notice itself may precipitate the harm*." (emphasis added)). Indeed, Plaintiff provides very little factual information to support her assertion that *immediate* action is required to avoid *irreparable* harm. *See generally* ECF No. 43. Thus, she has not satisfied the first procedural requirement, and her motion could be denied on that basis alone. *See Moore v. U.S. Ctr. for SafeSport*, 685 F. Supp. 3d 490, 495 (E.D. Mich. 2023) (denying motion for failure to comply with Civil Rule 65's procedural

requirements) (collecting cases).

But even evaluating the merits of Plaintiff's request for a TRO, her request still fails.

As to the first factor, Plaintiff asserts she has shown a likelihood of success on the merits because "[h]er claims involve well-established rights" under several statutes, but she has not shown that she is likely to *succeed* on these claims. ECF No. 43 at PageID.791. Indeed, as this case has progressed through discovery, it has become clear that the Parties dispute a number of relevant facts. Thus, Plaintiff has not satisfied the first factor.

As to the second factor, Plaintiff alleges she faces "irreparable harm due to denied care and retaliatory employment barriers." *Id.* But Plaintiff has not shown how these vaguely alleged harms are "extraordinary harms" that "cannot be fully compensated by money damages" later on, such that a TRO is warranted. *Norris v. Stanley*, 558 F. Supp. 3d 556, 560 (W.D. Mich. 2021) (citing *Winter v. NRDC*, 555 U.S. 7, 22, (2008)). Indeed, it seems Plaintiff could still obtain the dental care she requires without medical insurance or flight benefits and, if she prevails on her claims at the resolution of this litigation, any monetary harm she incurred from obtaining such medical care without medical insurance or flight benefits would be remedied.

At this juncture, because Plaintiff has not shown that she is substantially likely

to succeed on the merits of this case nor that she will face an immediate and irreparable injury not compensable by monetary damages, this Court need not proceed to the third and fourth factors of the TRO analysis.

In sum, Plaintiff has not demonstrated she is entitled to a TRO, so her motion, ECF No. 43, will be denied. To the extent she still seeks a preliminary injunction, she may file a new motion seeking such relief, which will be subject to a standard briefing schedule.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that the Plaintiff's Motion for a Temporary Restraining Order and Preliminary Injunction, ECF No. 43, is **DENIED**.

**This is not a final order and does not close the case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 24, 2025