UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

                Plaintiff,                Case No. 2:24-cv-11224

v.                                Honorable Susan K. DeClercq
                                     United States District Judge

DELTA AIR LINES, INC.,

                Defendant.

_____/

**ORDER DENYING DEFENDANT'S MOTION TO DISMISS (ECF No. 69);
DENYING AS MOOT DEFENDANT'S MOTION FOR AN EXTENTION
TO RESPOND TO MOTION TO DISMISS (ECF No. 88); STRIKING TWO
OF PLAINTIFF'S MOTIONS (ECF Nos. 83; 84); DENYING THREE OF
PLAINTIFF'S MOTIONS (ECF Nos. 67; 78; 85); GRANTING IN PART
PLAINTIFF'S MOTION TO EXTEND DISCOVERY CUTOFF, MODIFY
SCHEDULING ORDER, AND REQUEST STAGGERED DEADLINES
(ECF No. 75); ADJOURNING FACT DISCOVERY DEADLINE; AND
DIRECTING PLAINTIFF TO PROVIDE DEPOSITION AVAILABILITY
TO DEFENDANT**

Although discovery in this employment-discrimination case began over a year

ago, much of it remains incomplete. So, in July 2025, in an attempt to facilitate

Plaintiff Littiece Jones's participation in discovery, this Court granted several

reasonable discovery accommodations that Jones had requested and reminded Jones

of her obligation to participate in discovery.

Since then, Defendant Delta Air Lines, Inc. ("Delta") has terminated Jones's

employment and now reports that Jones has still failed to engage in discovery. In

light of these events, Jones now seeks a preliminary injunction reinstating her employment with Delta, and Delta seeks dismissal of Jones's case for her failure to engage in discovery. Additionally, Jones has filed five other motions that are ripe for this Court's review. All eight of these motions will be addressed below.

## I. BACKGROUND

On May 8, 2024, Plaintiff Littiece Jones, proceeding *pro se*, sued her employer, Defendant Delta Air Lines, Inc., alleging that Delta violated several federal laws when it failed to promote her, failed to accommodate her disability, provided unequal terms and conditions of employment, retaliated against her, and failed to accommodate her religion. ECF No. 1 at PageID.5. Five months later, Plaintiff filed an amended complaint which laid out seven specific causes of action:

| Count | Allegation |
|-------|-----------|
| I | Violation of Title VII based on religion |
| II | Violation of Title VII based on disability |
| III | Violation of Title VII and Michigan's Elliott-Larsen Civil Rights Act |
| IV | Violation of Title VII based on hostile environment harassment |
| V | Violation of Title VII Severe or Pervasive Requirement |
| VI | Retaliatory harassment |
| VII | Violation of Michigan's Whistleblower's Protection Act |

ECF No. 26 at PageID.452.

Discovery was set to close on June 30, 2025. *See* ECF No. 25. In March 2025, Delta filed a motion to compel Jones to provide responses to some of Delta's interrogatories, produce documents responsive to Delta's requests for production,

and sign medical-release authorizations. *See* ECF No. 32 at PageID.549. Jones responded to Delta's motion, explaining that she needed accommodations to comply with her discovery obligations. ECF No. 34 at PageID.720–21. After a hearing on the motion, *see* ECF No. 37, this Court granted Delta's motion to compel "to the extent [Jones] must respond to [Delta's] specified interrogatories and all requests for production." ECF No. 38 at PageID.776. As for Jones's requests for accommodations, the Court provided Jones "30 days to propose reasonable accommodations for her discovery-production and discovery obligations" for this Court to review. *Id.* Finally, this Court vacated the scheduling order that was in effect, noting that a new scheduling order would "be issued after consideration of [Jones's] proposed discovery and deposition accommodations." *Id.* at PageID.777.

Jones submitted proposed accommodations for this Court's review, and on July 8, 2025, this Court issued an order setting forth which of Jones's proposed discovery accommodations would apply during the remainder of discovery. ECF No. 42. That order also directed Jones to produce completed interrogatory responses to Delta by July 31, 2025, and then "respond to the remaining discovery requests on a rolling basis based on a priority list identified by [Delta], with a production being made, at a minimum, **once every 14 days**." *Id.* at PageID.785 (emphasis in original). Three weeks later, this Court issued a new scheduling order, setting the close of fact discovery for September 30, 2025. ECF No. 45.

Yet just over a week after the new scheduling order was issued, Delta filed a motion requesting a pretrial conference to discuss ongoing discovery issues. ECF No. 49. This Court granted the motion, ECF No. 56, and the parties appeared for an in-person status conference on August 26, 2025. *See* ECF Nos. 56; 58. During that status conference, the Parties discussed the status of discovery and Jones's ongoing communications with Delta employees.

The following day, this Court ordered Jones to comply with its May 2025 order, ECF No. 38, "by providing complete responses to Delta's interrogatories and requests for production by the close of discovery on September 30, 2025." ECF No. 58 at PageID.837. It also ordered Jones to sit for her deposition—in accordance with the accommodations set forth in this Court's July 2025 order, ECF No. 42—by the close of discovery, noting that "[i]f Jones is able to produce the records requested by Delta in connection with her deposition" before the scheduled date, Jones could be deposed via Zoom. *Id.* at PageID.837–38; *see also* ECF No. 42 at PageID.786 (detailing the reasonable accommodations for Jones's deposition).

On the evening of September 25, 2025, Jones notified this Court that Delta had terminated her employment and asked this Court to stay Delta's termination decision. ECF No. 67. The next day, Delta filed a motion to dismiss Jones's case for her failure to participate in discovery, explaining that Jones had not made herself available for deposition before the close of fact discovery. ECF No. 69. Since then,

Jones filed five additional motions, many of which are duplicative or administrative in nature, *see* ECF Nos. 75; 78; 83; 84; 85., and Delta has filed one administrative motion seeking an extension of time, *see* ECF No. 88.

## II. DISCUSSION

### A. Jones's Motion to Stay Employment Termination (ECF No. 67)

On September 25, 2025, Jones filed a motion seeking a court order staying her employment termination from Delta. ECF No. 67 at PageID.948. Construing Jones's motion liberally, it appears she is seeking a preliminary injunction. In response to Jones's motion, Delta argues that a preliminary injunction would be improper because Jones's termination is not at issue in this lawsuit, and even if it was, the loss of employment is not an irreparable harm to warrant a preliminary injunction. ECF No. 77. As explained below, this Court agrees with Delta and will deny Jones's motion.

### *1. Legal Standard*

"[A] preliminary injunction is 'an extraordinary remedy never awarded as of right.'" *Benisek v. Lamone*, 585 U.S. 155, 158 (2018) (quoting *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008)). In considering whether to grant a motion for a preliminary injunction, courts consider four factors:

> (1) whether the movant has a strong likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to

others; and (4) whether the public interest would be served
by issuance of the injunction.

*Union Home Mortg. Corp. v. Cromer*, 31 F.4th 356, 365–66 (6th Cir. 2022) (quoting

*City of Pontiac Retired Emps. Ass'n v. Schimmel*, 751 F.3d 427, 430 (6th Cir. 2014)).

Importantly, a showing of irreparable harm is *required* for a preliminary injunction

to issue. *See D.T. v. Sumner Cnty. Schs.*, 942 F.3d 324, 327 (6th Cir. 2019) ("If the

plaintiff isn't facing imminent and irreparable injury, there's no need to grant relief

*now* as opposed to at the end of the lawsuit.").

### 2. Discussion

Delta's decision to terminate Jones is not at issue in this case,[1] but even

*assuming* that it was, the loss of employment is not an irreparable harm to warrant

the issuance of a preliminary injunction. Indeed, a harm is irreparable "if it is not

fully compensable by monetary damages." *Overstreet v. Lexington-Fayette Urban*

*Cnty. Govt.*, 305 F.3d 566, 578 (6th Cir. 2002). Thus, "[t]he fact that an individual

may lose his income for some extended period of time does not result in irreparable

harm, as income wrongly withheld may be recovered through monetary damages in

the form of back pay." *Id.* at 579; *see also Aluminum Workers Int'l Union, AFL-*

*CIO, Local Union No. 215 v. Consol. Aluminum Corp.*, 696 F.2d 437, 443 (6th Cir.

1982) (holding that absent a showing that the employer will be unable to provide

---

[1] Recall, Jones's claims, as set forth in her amended complaint arise out of events occurring between 2021 and October 2024. *See* ECF No. 26.

backpay, loss of employment "is not irreparable harm" to warrant injunctive relief); *Hayes v. City of Memphis*, 73 F. App'x 140, 141 (6th Cir. 2003) (holding loss of employment "is fully compensable by monetary relief and is, therefore, not irreparable").

In sum, because Jones has not shown that she will suffer irreparable harm if she is not reinstated, her motion for a preliminary injunction staying her employment termination will be denied. *See Sumner Cnty. Sch.*, 942 F.3d at 327–28 (explaining a district court need not analyze remaining preliminary-injunction factors if it finds there is no irreparable injury).

### B. Delta's Motion to Dismiss Case (ECF No. 69)

In this motion, Delta seeks a dismissal of Jones's case on two legal bases: her failure to prosecute or, alternatively, as a discovery sanction.

### *1. Legal Standard*

Under Civil Rule 37(b)(2), if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may . . . dismiss[] the action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Similarly, Civil Rule 41(b) authorizes district courts to dismiss a case where the plaintiff fails to prosecute their case. FED. R. CIV. P. 41(b).

"Under both [Civil Rule] 37(b) and [Civil Rule] 41(b), the test to determine whether dismissal is warranted is the same." *Johnson v. Pub. Serv. Credit Union*,

No. 4:25-cv-11123, 2025 WL 2538842 at *1 (E.D. Mich. Aug. 11, 2025), *report and recommendation adopted*, No. 25-11123, 2025 WL 2533987 (E.D. Mich. Sept. 3, 2025). Courts consider: (1) whether "the failure to cooperate or prosecute [was] due to willfulness, bad faith, or fault; (2) [whether] the adversary [was] prejudiced by the party's conduct; (3) [whether] the party [was] warned that failure to cooperate or prosecute could lead to dismissal; and (4) the existence and appropriateness of less drastic sanctions." *Id.* (citing *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995); *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008)).

### 2. Discussion

Delta argues that dismissal is warranted here because it has been prejudiced by Jones repeated and willful failures to engage in discovery and comply with this Court's discovery orders. ECF No. 69. Specifically, Delta argues that it is prejudiced by Jones's discovery failures by having to spend "considerable time, money, and effort" in pursuing the discovery materials it is entitled to, but Jones refuses to provide. *Id.* at PageID.954. Moreover, Delta argues that because of Jones's willful failures, Delta is unable to "fully develop its defenses." *Id.*

Delta articulates four ways in which Jones has willfully failed to engage in discovery: First, Delta points out that that Jones has still not provided complete responses to Delta's interrogatories. *Id.* at PageID.978. Second, Delta notes that although Jones has provided Delta "a few W-2s and four signed medical

- 8 -

authorizations," Jones still has not responded to the majority of Delta's requests for production. *Id.* Third, Delta alleges that Jones "refuses to execute an authorization for release of medical records" from one particular provider. *Id.* Finally, Delta explains that "Jones has not cooperated" with scheduling her deposition, such that Delta was unable to depose Jones before the September 30 discovery deadline. *Id.* at PageID.978–79.

To be sure, these are troubling reports from Delta. This Court has instructed Jones on several occasions—through orders and at hearings and status conferences—that Jones has an *obligation* to participate in discovery, regardless of what else may be happening in her life. *See* ECF Nos. 38; 42; 58. And this Court has provided several reasonable accommodations to facilitate Jones's participation in discovery. *See* ECF No. 42. Yet Jones still has not demonstrated that she has meaningfully engaged in discovery.

Nevertheless, Delta's motion will be denied because it appears that Delta was the party to cancel Jones's deposition. *See* ECF No. 73-5 at PageID.1373. Indeed, had *Jones* cancelled the deposition or failed to appear for it, the outcome of Delta's motion would be a different story. But here, because Delta was the party to call off Jones's deposition, it may not place the blame for Jones's failure to be deposed wholly on Jones. *See Bass*, 71 F.3d at 241. In this way, dismissal of this case is not warranted under either Rule 37(b) or Rule 41(b).

Accordingly, this Court will set a new discovery cutoff date, during which time Jones *must* provide Delta with (1) complete answers to Delta's interrogatories; (2) responses to all Delta's requests for production; and (3) signed medical authorization requests for *all* providers.

Finally—and importantly—Jones *must* sit for her deposition, subject to the accommodations set forth in this Court's previous order, *see* ECF No. 42, before the new discovery cutoff deadline. Because this Court is troubled by Delta's report that Jones did not respond to Delta's repeated requests for Jones's availability to sit for a deposition in September 2025, it will require Jones to provide Delta with **six dates between November 17, 2025, and January 9, 2026, that Jones is available to be deposed**. Jones must provide these six dates to Delta on or before November 12, 2025.

As a final matter, this Court will remind Jones *yet again* that if she does not satisfy the discovery obligations outlined above by the expiration of the new discovery deadline, her case **will be dismissed** for failure to prosecute and failure to comply with this Court's discovery orders. This is the last warning Jones will receive.

**C. Jones's Motion to Extend Discovery Cutoff, Modify Scheduling Order, and Request Staggered Deadlines (ECF No. 75)**

On September 30, 2025—the discovery deadline—Jones filed a motion seeking a 90-day extension of the discovery deadline. ECF No. 75. She also

requested that the remaining deadlines in this case be "stagger[ed]" such that they fall "at least 45 days" after her deadlines in another case before this Court in which she is the plaintiff. *Id.* at PageID.1382.

There is good cause to grant Jones's request to extend the discovery cutoff, as both Parties have an interest in completing discovery. So, Jones's motion will be granted in part to the extent that the discovery cutoff will be extended to January 16, 2026. But it will be denied to the extent it requests staggered deadlines with an entirely separate case.

### D. Jones's "Combined Partial Motion to Stay Employment Termination, for Extension of Time, and for Leave to File Media and Documentary Exhibits (With Request to File Exhibit Under Seal)" (ECF No. 78)

On October 8, 2025, Jones filed a single document that appears to be three motions in one. First, Jones again seeks a court order staying her termination of employment from Delta. ECF No. 78 at PageID.1418–21. But, as explained above, such a preliminary injunction is not warranted, so that request will be denied.

Next, Jones seeks permission to file electronic media exhibits. *Id.* at PageID.1421–22. But she does not explain exactly what these exhibits are, nor how they are relevant to a pending or forthcoming motion. She merely states that she "possesses multiple audio and video recordings and supporting documents that directly corroborate her claims." *Id.* at PageID.1421. In this way, this request does not comply with the local rules regarding e-filing procedures. Moreover, to the

- 11 -

extent Jones is seeking to file these electronic media exhibits in support of her request for a preliminary injunction, as explained above, a preliminary injunction is not warranted, regardless of what the electronic media exhibits might show. Therefore, this request will be denied.

Finally, Jones seeks an extension until October 29, 2025, to file a reply brief in support of her motion for a preliminary injunction. *Id.* at PageID.1422. But this Court has already determined that under well-settled law, loss of employment is not irreparable harm to justify a preliminary injunction. *See, e.g.*, *Overstreet*, 305 F.3d at 578. So this extension request will be denied.

In sum, all three requests contained in Jones's October 8, 2025, motion, ECF No. 78, will be denied.

### E. Jones's Combined Motion in Opposition to Defendant's Motion to Dismiss and Emergency Motion for Extension of Time, Disability and Religious Accommodations (ECF No. 83)

On October 17, 2025, Jones filed a document titled a "Combined Motion." ECF No. 83 at PageID.1449. In this document, Jones appears to combine her response to Delta's motion to dismiss with motions seeking deadline extensions and accommodation requests. *See* ECF No. 83 ("Plaintiff's Combined Motion in Opposition to Defendant's Motion to Dismiss and Emergency Motion for Extension of Time, Disability and Religious Accommodations"). But embedding motions within a response is improper under the Local Rules. Indeed, under Local Rules

- 12 -

5.1(e) and 7.1(i), "[m]otions must not be combined with any other stand-alone document." E.D. Mich. LR 5.1(e); E.D. Mich. LR 7.1(i). In fact, Local Rule 7.1(i) expressly states that "a motion for preliminary injunctive relief must not be combined" with other documents like a response brief. E.D. Mich. LR 7.1(i). And "[p]apers filed in violation of this rule will be stricken." *Id.*

Accordingly, because Jones filed a "combined motion" with motions embedded within a response, it will be stricken for failure to comply with the Local Rules. *See id.*

### F. Jones's Motion to File Under Seal (ECF No. 84)

On October 21, 2025, Jones filed a document titled "Plaintiff's Notice of Medical Emergency Visit and Follow-Up Provider Letter, and Motion to File Current and Previous Medical Documentation Under Seal." ECF No. 84 at PageID.1461. She requests an order sealing "all previously filed medical documentation and provider letters submitted by [Jones] between March 2025 and October 2025," including two exhibits containing medical records which she attached to her motion. *Id.* at PageID.1462.

But this motion will be stricken for failure to comply with the Local Rules as well. Indeed, Local Rule 5.3(b)(3)(A) sets forth a list of six requirements that a motion to seal must contain. *See* E.D. Mich. LR 5.3(b)(3)(A)(i)–(vi). And Jones's motion is missing several of these requirements. *See* ECF No. 84. Indeed, Jones

provides merely a timeframe of when she filed a broad category of documents she wishes to now seal. *See id.* at PageID.1462. She does not identify these documents or exhibits with the specificity or detail required by the Local Rules. Thus, this motion will also be stricken.

### G. Jones's "Emergency Motion Requesting Standing Order for Pro Se Sealed E-Filings, Media Submissions with transcript Deadlines, ADA Accommodation Process Instructions, and E-Filing Training Access" (ECF No. 85)

In this motion, Jones seeks a "standing order" that (1) permits Jones to electronically file documents under seal; (2) allows her to "continue to submit audio, video, and digital media exhibits" through the court's media file upload function; (3) provide Jones 30 days after each media submission to file a corresponding transcript; (4)  give her "instructions and/or forms outlining the Court's ADA interactive-process procedures so that her licensed medical provider or certified therapist may complete and submit them under seal;" and (5) provide Jones with "CM/ECF training and procedural resources." ECF No. 85 at PageID.1469.

Jones's motion will be denied for several reasons. First, she has not shown good cause for this Court to relieve her from the Local Rules regarding the procedures to file sealed exhibits and upload media files. *See* E.D. Mich. LR 5.3(b)(3)(A). Second, to the extent she seeks "e-filing training and procedural assistance," court-provided training does not exist. However, Jones may access information about electronic case filing through the Court's public website at

- 14 -

www.mied.uscourts.gov located under the "E-filing" tab.  Similarly, to the extent

Jones seeks "instructions and/or forms outlining the Court's ADA interactive-

process procedures," Jones may access information about Court-provided

accommodations without a court order. Indeed, she may access such information at

https://www.mied.uscourts.gov/index.cfm?pageFunction=Accommodations.    She

may also contact the Court's Access Coordinator at (313) 234-5051 or at

access_coordinator@mied.uscourts.gov if she wishes to do so.

### H. Delta's Motion for Extension of Time to File Reply in Support of its Motion to Dismiss (ECF No. 88)

On October 31, 2025, Delta filed a motion seeking an extension of time to file

a reply brief in support of its motion to dismiss. ECF No. 88. Delta explains that it

is requesting an extension because Jones did not file a complete response opposing

their motion, and her motion for an extension of time to file a response is still

pending. *Id.* at PageID.1479.

But because this Court has already determined that Delta's motion to dismiss,

ECF No. 69, will be denied, Delta's motion to extend its deadline to file a reply will

be denied as moot.

### I. Summary

The outcome of all eight motions addressed in this Order is summarized

below:

- 15 -

| ECF No. | Motion Title | Disposition |
|---|---|---|
| 67 | Jones's "Emergency Motion to Stay Employment Termination and Request for Status Conference" | **DENIED** |
| 69 | Delta's Motion to Dismiss Case with Prejudice | **DENIED** |
| 75 | Jones's Motion to Extend Discovery Cutoff, Modify Scheduling Order, and Request for Staggered Deadlines | **GRANTED IN PART** to the extent that discovery will be extended by 60 days. **DENIED IN PART** in all other respects. |
| 78 | Jones's "Combined Partial Motion to Stay Employment Termination, for Extension of Time, and for Leave to File Media and Documentary Exhibits (With Request to File Exhibit Under Seal)" | **DENIED** |
| 83 | Jones's Combined Motion in Opposition to Defendant's Motion to Dismiss and Emergency Motion for Extension of Time, Disability and Religious Accommodations." | **STRICKEN** |
| 84 | Jones's Motion to File Under Seal | **STRICKEN** |
| 85 | Jones's "Emergency Motion Requesting Standing Order for Pro Se Sealed E-Filings, Media Submissions with transcript Deadlines, ADA Accommodation Process Instructions, and E-Filing Training Access" | **DENIED** |
| 88 | Delta's Motion for Extension of Time to File Response/Reply as to Motion to Dismiss | **DENIED AS MOOT** |

## III. CONCLUSION

Accordingly, it is **ORDERED** that:

1. Three of Jones's Motions, ECF Nos. 67; 78; 85, are **DENIED**;

2. Two of Jones's Motions, ECF Nos. 83; 84, are **STRICKEN**;

3.  Delta's Motion to Dismiss, ECF No. 69, is **DENIED**;

4.  Delta's Motion for an Extension of Time to Reply, ECF
    No. 88, is **DENIED AS MOOT**; and

5.  Jones's Motion to Extend Discovery Cutoff, Modify
    Scheduling Order, and Request Staggered Deadlines,
    ECF No. 75, is **GRANTED IN PART** to the extent it
    seeks to extend the discovery deadline, but is **DENIED
    IN PART** in all other respects.

Further, it is **ORDERED** that the fact discovery deadline is **ADJOURNED**
to **Friday, January 16, 2026**.

Further, it is **ORDERED** that Jones is **DIRECTED** to provide Delta with six
dates she is available between November 17, 2025 and January 9, 2026, to sit for her
deposition. Jones **must** provide these six dates of availability to Delta **on or before
November 12, 2025.**

Finally, it is **ORDERED** that Jones is **ON NOTICE** that her failure to comply
with *any* of her discovery obligations during this final extension of discovery **will
result in dismissal of her case** for failure to prosecute and failure to comply with
discovery orders.

**This is not a final order and does not close the above-captioned case.**

/s/Susan K. DeClercq
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 5, 2025

- 17 -