UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,
Plaintiff,
v.

Case No. 2:24-cv-11224

Honorable Susan K. DeClercq
United States District Judge

DELTA AIR LINES, INC.,
Defendant.
_____

# MOTION TO COMPEL DISCOVERY AND FOR PROCEDURAL INJUNCTIVE AND PROTECTIVE RELIEF

Plaintiff Littiece Jones, proceeding pro se, respectfully and humbly moves the Court for an Order compelling Defendant to comply with its discovery obligations and for narrowly tailored procedural injunctive and protective relief. Plaintiff brings this motion with sincere respect for the Court and seeks the Court's guidance and assistance to prevent ongoing irreparable procedural harm and to restore basic procedural functionality in this litigation.

This motion is based on Defendant's continued withholding of discovery central to Plaintiff's claims of religious discrimination, disability discrimination, and retaliation; Defendant's refusal to provide clarity regarding Plaintiff's employment status where such information is necessary to access statutory benefits; Defendant's failure to carry out representations made during prior TRO proceedings; Defendant's failure to provide dates for Plaintiff to depose Delta employees; and systemic barriers that have prevented Plaintiff—who suffers from documented, work-related disabilities—from meaningfully participating in this litigation.

Plaintiff does not seek adjudication on the merits. Plaintiff respectfully seeks procedural relief only.

## I. INTRODUCTION

Plaintiff respectfully submits that this case has reached a point of procedural paralysis. Defendant's conduct has left Plaintiff without income, without access to unemployment benefits, and without clarity regarding her employment status, while Defendant simultaneously seeks to depose Plaintiff and compel discovery under conditions that are procedurally inequitable.

Discovery has stalled, Plaintiff's employment status remains unclear, prior representations made to the Court were not implemented, disability accommodations have proven ineffective, and Defendant continues to withhold documents that are central to Plaintiff's claims of religious discrimination, disability discrimination, and retaliation. Plaintiff respectfully asks the Court for guidance and supervision so that this matter may proceed in an orderly, fair, and humane manner.

## II. FACTUAL AND PROCEDURAL BACKGROUND

1. Plaintiff timely served discovery requests, including Requests for Production, on Defendant.
2. Plaintiff's discovery requests seek documents and information central to her claims of religious discrimination, disability discrimination, and retaliation, including but not limited to accommodation requests, Defendant's responses, policies and practices, communications regarding Plaintiff's protected activity, and comparator evidence.

3. Defendant's responses were incomplete, relied on boilerplate objections, and/or referenced documents that were not produced.
4. Defendant nonetheless scheduled Plaintiff's deposition while withholding discovery necessary for Plaintiff to understand the factual basis of Defendant's actions and defenses.
5. Plaintiff has produced discovery to the extent reasonably possible and intends to supplement her responses upon medical ability clearance. Plaintiff's ability to complete discovery has been temporarily limited by ongoing medical treatment arising from on-the-job injuries sustained during Plaintiff's employment with Defendant and continuing harm alleged in this action.
6. Defendant forced Plaintiff onto leaves of absence in or around August 2024 and again beginning on or about January 1, 2025, which were later treated as unpaid, while continuing to maintain ambiguity regarding Plaintiff's employment status.
7. Defendant has asserted multiple and inconsistent separation or termination dates, while at the same time maintaining records indicating that Plaintiff remained employed.
8. Defendant's refusal to provide clear employment status information has interfered with Plaintiff's ability to access unemployment benefits and has compounded Plaintiff's financial and medical hardship.
9. During prior TRO proceedings, Defendant represented to the Court that certain actions would be taken regarding Plaintiff's work status and accommodations. Those actions were not implemented. Plaintiff does not assert that Defendant violated a court order, but respectfully submits that informal assurances proved insufficient.
10. Defendant has not provided dates for Plaintiff to depose Delta employees identified by Plaintiff, despite Defendant's control over those witnesses and Plaintiff's good-faith efforts to proceed with discovery.
11. Plaintiff has been rendered indigent as a result of forced unpaid leave and ongoing ambiguity regarding employment status, limiting Plaintiff's ability to independently bear the costs associated with depositions.
12. At the Court's recommendation, Plaintiff contacted the Court's ADA Administrator. Despite documented disabilities, the accommodations provided have not enabled Plaintiff to meaningfully participate in this litigation.

13. As a pro se litigant, Plaintiff does not have access to sealed filing functionality in CM/ECF, creating a barrier to submitting sensitive medical and employment-related materials without Court-directed alternatives.

## III. LEGAL STANDARD

Under Federal Rules of Civil Procedure 26(b)(1) and 37(a), parties must produce relevant and proportional discovery, and the Court may compel compliance where responses are incomplete or evasive.

Under Rules 26(c) and 6(b), the Court may issue protective orders and modify discovery procedures for good cause, including medical necessity.

Under Rule 65, the Court may grant injunctive relief to prevent irreparable harm.

The Court also possesses inherent authority to manage discovery and ensure meaningful access to justice, particularly where a pro se litigant faces medical and procedural barriers.

## IV. ARGUMENT

### A. Defendant's Withholding of Discovery Central to Plaintiff's Discrimination and Retaliation Claims Warrants Relief

Plaintiff respectfully submits that Defendant has not complied with its discovery obligations concerning documents central to Plaintiff's claims of religious discrimination, disability discrimination, and retaliation. These materials are uniquely within Defendant's possession and

are necessary for Plaintiff to prepare for deposition testimony and to respond to Defendant's defenses.

Plaintiff seeks discovery essential to establishing whether Defendant discriminated against Plaintiff on the basis of religion and disability and retaliated against Plaintiff for engaging in protected activity. Proceeding with depositions while such discovery is withheld would unfairly prejudice Plaintiff.

## B. Plaintiff's Medical Limitations Provide Good Cause for Sequencing and Protective Relief

Plaintiff's disabilities arise from on-the-job injuries sustained while working for Defendant and from continuing harm alleged in this action. Plaintiff is not refusing discovery and has acted in good faith. Plaintiff respectfully requests reasonable sequencing and the ability to supplement discovery upon medical ability clearance so as not to worsen her condition or impair her participation.

## C. Ongoing Ambiguity Regarding Employment Status Has Caused Procedural Harm

While discovery is focused on discrimination and retaliation, Defendant's refusal to clearly state Plaintiff's employment status has caused collateral procedural harm, including the inability to access unemployment benefits and increased financial hardship. Limited clarification is necessary to prevent further prejudice while this litigation proceeds.

## D. Prior TRO Proceedings Demonstrate the Need for Court-Ordered Structure

Plaintiff does not seek to relitigate the TRO. Plaintiff respectfully submits that because actions represented to the Court during the TRO proceedings were not implemented, continued reliance on informal assurances has resulted in ongoing procedural harm. Court-ordered, prospective guidance is therefore necessary.

### E. Defendant's Failure to Provide Deposition Dates and Plaintiff's Indigence Warrant Court Guidance

Defendant has not provided dates for Plaintiff to depose Delta employees, despite Defendant's control over those witnesses. Plaintiff has also been rendered indigent and lacks the financial ability to independently bear the costs of multiple depositions.

Plaintiff does not seek sanctions. Plaintiff respectfully asks the Court to provide guidance to ensure that Plaintiff has a meaningful opportunity to obtain witness testimony necessary to prosecute her claims, including through reasonable accommodations or cost-reducing measures.

### F. Barriers to Access and Ineffective Accommodations Require Court Assistance

Despite Plaintiff's good-faith efforts to follow Court recommendations and request accommodations, Plaintiff continues to face barriers to meaningful participation, including ineffective ADA accommodations and the inability to submit sensitive materials securely and sealed as a pro se litigant. Plaintiff raises these concerns with humility and respect, seeking only a fair opportunity to be heard.

# V. REQUESTED RELIEF

Plaintiff respectfully asks the Court to consider granting the following limited procedural relief:

1. Compel Defendant to fully respond to Plaintiff's outstanding Requests for Production related to Plaintiff's claims of religious discrimination, disability discrimination, and retaliation;
2. Require Defendant to produce all responsive, non-privileged documents;
3. Order discovery sequencing so that Defendant's production occurs sufficiently in advance of Plaintiff's deposition to allow meaningful preparation;
4. Permit Plaintiff to supplement her discovery responses upon medical ability clearance without penalty;
5. Direct Defendant to clarify Plaintiff's current employment status for purposes of benefits access and procedural clarity;
6. Order Defendant to confer in good faith and provide reasonable dates for the depositions of Delta employees identified by Plaintiff;
7. Permit reasonable procedural accommodations to allow Plaintiff to depose Defendant's employees despite Plaintiff's indigence, including remote depositions, Defendant-arranged court reporting, or other cost-reducing procedures;
8. Provide reasonable procedural accommodations to ensure Plaintiff's meaningful access to the Court;
9. Permit Plaintiff to submit sensitive materials through a sealed or alternative secure filing procedure; and
10. Grant such other and further procedural relief as the Court deems just and proper.

Plaintiff respectfully reserves the right to seek additional relief, including sanctions under Rule 37, should Defendant fail to comply with any orders issued by the Court.

# VI. CERTIFICATION OF GOOD-FAITH CONFERENCE

Plaintiff certifies that she has conferred or attempted to confer in good faith with Defendant regarding the discovery issues raised herein, as required by Fed. R. Civ. P. 37(a)(1) and Local Rule 7.1.

# VII. CONCLUSION

Plaintiff brings this motion with humility and respect for the Court, seeking guidance, clarity, and protection so that she may participate meaningfully and safely in this litigation and present her discrimination and retaliation claims on a fair procedural footing.

Respectfully submitted,

/s/ Littiece Jones

Littiece Jones

Plaintiff, Pro Se

45014 Trails Ct

Canton, MI 48187

313-515-9797

LRBJ_99@yahoo.com

I hereby certify that on the 8th very early morning/day of January 2026,, I served a true and correct copy of the foregoing Emergency Motion to Compel Discovery and for Procedural Injunctive and Protective Relief upon all counsel of record by the following method(s):

Electronic service via the Court's CM/ECF system, which will automatically send notice to all counsel of record; and/or

Email, upon counsel of record at the email addresses designated for service in this matter;

Service was made in accordance with the Federal Rules of Civil Procedure and the Local Rules of this Court.

Respectfully submitted,

Littiece Jones

Plaintiff, Pro Se

45014 Trails Ct

Canton, MI 48187

Date: January 8, 2026