UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.

Case No. 2:24-cv-11224

Hon. Susan K. DeClercq

Magistrate Judge Elizabeth A. Stafford

| | |
|---|---|
| Littiece Jones<br>Plaintiff, Appearing *Pro Se*<br>45014 Trails Ct.<br>Canton, MI 48187<br>313-515-9797<br>lrbj_99@yahoo.com | Lauren H. Harrington (P85545)<br>Ogletree, Deakins, Nash, Smoak<br>& Stewart, PLLC<br>34977 Woodward Ave., Suite 300<br>Birmingham, MI 48009<br>248-593-6400<br>lauren.harrington@ogletree.com<br><br>Lauren H. Zeldin<br>(GA Bar No. 368999)<br>Ogletree, Deakins, Nash, Smoak &<br>Stewart, P.C.<br>191 Peachtree Street, NE, Suite 4800<br>Atlanta, GA 30303<br>404-946-0845<br>Lauren.zeldin@ogletree.com<br><br>Andrea Bowman (P39578)<br>Delta Air Lines, Inc.<br>1030 Delta Blvd., Dept. 982<br>Atlanta, GA 30354-1989<br>404-715-3586<br>Andrea.bowman@delta.com<br>Attorneys for Defendant |

**DEFENDANT'S RENEWED MOTION TO DISMISS
CASE WITH PREJUDICE
PURSUANT TO FRCP 37(b) AND FRCP 41(b)**

Defendant Delta Air Lines, Inc. ("Defendant" or "Delta"), files this Renewed Motion to dismiss Plaintiff Littiece Jones' ("Plaintiff" or "Jones") claims in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 41(b). Delta brings this Motion based on Jones' ongoing and willful refusal to fulfill her discovery obligations despite Orders of this Court expressly requiring her to do so. Delta previously moved to dismiss with prejudice on September 26, 2025, laying out Jones' extensive history of failing to fulfill her discovery obligations and failing to comply with multiple Orders of this Court. (ECF 69) ("Initial Motion"). Delta incorporates the facts and arguments set forth in its Initial Motion as if fully restated herein. *See id.* The Court denied Delta's Initial Motion on November 5, 2025, but expressed concern regarding Jones' conduct and stated in its Order that further failure by Jones to comply with her discovery obligations and court orders would result in dismissal of her case. (ECF 89).

Following this Order, Jones' failure to fulfill her discovery obligations has persisted. At the Court's request, Delta provided a status update on December 8, 2025, detailing the limited discovery produced by Jones to date and the extensive outstanding information.  (ECF 92). Delta incorporates the facts and arguments in ECF 92 as if fully restated herein.

Most recently, Jones' obstructionist conduct prevented Delta from being able to complete her deposition within the discovery period—an extension she requested

and which expires today. Although Delta began deposing Jones on January 8 and 9, 2026, her repeated refusal to answer questions directly, her argumentative monologues, and her persistent interruptions related to purported accommodations (including the coming and going of various "support persons"[1]) made it impossible to complete her deposition within the allotted seven hours.

More significantly, during her deposition, Jones admitted under oath that she has extensive evidence directly relevant to the claims and defenses at issue in this case; that she has failed to produce this evidence during the discovery period; and that she has no timeline in which she can guarantee production (attributing such delay to her "medical treatment" plan).

Delta has suffered—and will continue to suffer—substantial prejudice if this case proceeds in light of Jones' conduct. Delta has expended considerable time, money, and resources attempting to obtain discovery to which it is entitled but which Jones has willfully withheld. Her conduct has also impeded Delta's ability to fully develop its defenses. This Court has repeatedly warned Jones that continued noncompliance with her discovery obligations may result in dismissal of her case. Her persistent, willful pattern of flouting those obligations and of prior Court Orders makes clear that no lesser sanction will be effective.

---

[1] While multiple support persons appeared on January 8, no support persons appeared on January 9.

Accordingly, Delta respectfully requests that this Court dismiss all of Jones' claims with prejudice.

Should this Court decline to grant Delta's Motion to Dismiss, Delta alternatively requests that the Court stay all deadlines in this case, including Delta's deadline to file dispositive motions, until Jones has complied with prior Court Orders and produces all outstanding discovery. Upon production of outstanding discovery, Delta respectfully requests that this Court reopen discovery for the limited purpose of completing Jones' deposition in person and in this Court's chambers and thereafter extend all case deadlines as appropriate.

Delta relies on the facts and law set forth in the attached supporting brief.

Pursuant to Local Court Rule 7.1(a), Delta's counsel attempted to confer with Jones regarding this Motion, but did not receive a response as of the time of this filing.

WHEREFORE, Defendant Delta Air Lines, Inc. requests this Honorable Court enter an Order dismissing Plaintiff Littiece Jones' claims against Delta in their entirety, with prejudice, pursuant to Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 41(b), and ordering any other relief the Court deems appropriate.

Respectfully submitted,

*/s/ Lauren H. Zeldin*
Lauren H. Zeldin (GA Bar #368999)
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.

191 Peachtree Street, N.E.
Suite 4800
Atlanta, GA 30303
Tel: 404-946-0845
Fax: 404-870-1732
lauren.zeldin@ogletree.com

Dated: January 16, 2026

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.

Case No. 2:24-cv-11224

Hon. Susan K. DeClercq

Magistrate Judge Elizabeth A. Stafford

| | |
|---|---|
| Littiece Jones<br>Plaintiff, Appearing *Pro Se*<br>45014 Trails Ct.<br>Canton, MI 48187<br>313-515-9797<br>lrbj_99@yahoo.com | Lauren H. Harrington (P85545)<br>Ogletree, Deakins, Nash, Smoak<br>& Stewart, PLLC<br>34977 Woodward Ave., Suite 300<br>Birmingham, MI 48009<br>248-593-6400<br>lauren.harrington@ogletree.com<br><br>Lauren H. Zeldin<br>(GA Bar No. 368999)<br>Ogletree, Deakins, Nash, Smoak &<br>Stewart, P.C.<br>191 Peachtree Street, NE, Suite 4800<br>Atlanta, GA 30303<br>404-946-0845<br>Lauren.zeldin@ogletree.com<br><br>Andrea Bowman (P39578)<br>Delta Air Lines, Inc.<br>1030 Delta Blvd., Dept. 982<br>Atlanta, GA 30354-1989<br>404-715-3586<br>Andrea.bowman@delta.com<br>Attorneys for Defendant |

## **DEFENDANT'S BRIEF IN SUPPORT OF ITS RENEWED MOTION TO DISMISS CASE WITH PREJUDICE PURSUANT TO FRCP 37(b) AND FRCP 41(b)**

# <u>MOST APPROPRIATE AUTHORITY</u>

**Cases**

*Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013)

*Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008)

*Phillips v. Cohen*, 400 F.3d 388, 402 (6th Cir. 2005)

**Other Authorities**

Fed. R. Civ. P. 41

Fed. R. Civ. P. 37

## **ISSUE(S) PRESENTED**

Should the Court enter an order, pursuant to Fed. R. Civ. P. 37(b) and Fed. R. Civ. P. 41(b), dismissing all claims asserted by Plaintiff in this case with prejudice, where Plaintiff has refused repeatedly to fulfill her discovery obligations, and in so doing has violated the Court's Orders and prior explicit warnings?

Plaintiff's Answer: No

**Defendant's Answer: Yes**

## I.   **RELEVANT FACTS**

Jones' extensive history of failing to comply with her discovery obligations and openly flouting multiple prior Orders of this Court – including the May 2, 2025 Order (ECF 38), the July 8, 2025 Order (ECF 42), the August 27, 2025 Order (ECF 58), and the November 5, 2025 Order (ECF 89) – are fully set forth in Delta's Initial Motion to Dismiss filed on September 26, 2025 (ECF 69) and the status report Delta filed on December 8, 2025 (ECF 92). Delta incorporates all of the facts and arguments set forth in ECF 69 and ECF 92 as if fully restated herein.

On November 5, 2025, while this Court denied Delta's Initial Motion to Dismiss, Your Honor expressly noted concern with Jones' conduct and expressly held:

Finally, it is **ORDERED** that Jones is **ON NOTICE** that failure to comply with *any* of her discovery obligations during this final extension of discovery **will result in dismissal of her case** for failure to prosecute and failure to comply with discovery orders.

(ECF 89 at 17) (emphases in original).

As of today – the last day of discovery— Delta has received **no additional discovery** from Jones. As described in ECF 92, Jones' written responses to Delta's Interrogatories and Request for Production of Documents remain largely outstanding more than a year after Delta served them. Further, Jones has failed to comply with the Court's prior Orders to produce documents on a rolling 14-day basis.

1

And yet, this is not a situation where no additional documents have been produced because none exist. To the contrary, Jones repeatedly testified during her deposition on January 8 and 9, 2026, that she has voluminous amounts of evidence directly responsive to Delta's discovery requests. *See* Exhibit A,[2] Jones Deposition Vol 1 Rough Draft at 135-38, 149-151 and Jones Deposition Vol. II Rough Draft at 9-11, 21-23, 27, 30, 32-34, 60, 109-110, 117, 129-134, 137-139, 155-158. Jones also testified that she has not produced this information to Delta and that she cannot provide a timeframe for doing so, as it depends on the terms of an unspecified "medical treatment" plan. *See id.* When asked when she could possibly provide it, Jones stated: "You would have to speak with my medical provider." Ex. A, Jones Dep. Vol. II Rough Draft at 131.

Further, during her deposition, Jones repeatedly refused to provide straightforward testimony acknowledging facts and evidence presented to her. Instead, she asserted—on numerous occasions—that she possesses evidence in her personal files that purportedly refute Delta's arguments. *See, e.g.*, Jones Deposition Vol. II Rough Draft at 9-11, 21-23, 27, 30, 32-34, 60, 109-110, 117, 129-134, 137-

---

[2] Delta is attaching the rough deposition transcripts from January 8 and January 9 as Exhibit A. Delta is attaching the entire transcripts so that the Court can review additional portions of the transcripts if it wishes to do so. Delta has highlighted the portions of the transcripts cited in this Motion. In addition, Delta has redacted those portions of the transcript that Plaintiff asked to be marked confidential pursuant to the parties' Protective Order.

139, 155-158. Because Jones has not produced this alleged evidence, Delta was unable to examine or question her about it during Jones' deposition. This allowed Jones to simply evade testimony and refuse admissions based on unproduced and unverified "evidence."

This conduct, coupled with Jones' other obstructionist tactics—including arguing with counsel, refusing to answer questions directly, digressing into lengthy monologues, reading extraneous parts of exhibits into the record, and causing repeating interruptions due to the comings and goings of her various support persons—prevented Delta from completing her deposition within the discovery period. *See, e.g.,* Ex. A, Jones Deposition Vol. 1 Rough Draft at 21-22, 25-27, 66-67, 111-12, 133-36 (support person interruptions); Jones Deposition Vol 1. Rough Draft at 116-18, 126-29 and Vol. II Rough Draft at 28, 56-58, 63-68, 71-77 (arguing, refusing to answer questions directly and digressing into monologues).

For the foregoing reasons, Delta respectfully requests that this Court dismiss all Jones' claims in this case, with prejudice, as an appropriate sanction under Fed. R. Civ. P. 37(b) and for failure to prosecute under Fed. R. Civ. P. 41(b).

## II. <u>LAW AND ARGUMENT</u>

### A. Legal Standard

As fully set forth in Delta's Initial Motion (ECF 69), "[a] district court may dismiss an action if the plaintiff fails to prosecute. Fed. R. Civ. P. 41(b); E.D. Mich.

LR 41.2. The decision to dismiss an action for lack of prosecution lies within the sound discretion of the district court. *See Berry v. Central Michigan Univ.*, 2019 WL 7293374, at *1 (E.D. Mich. Dec. 30, 2019) (citing *Knoll v. American Tel. & Tel. Co.*, 176 F.3d 359, 363 (6th Cir. 1999)). A district court may also dismiss an action with prejudice as a discovery sanction under Fed. R. Civ. P. 37(b)(2)(v), which provides that "[i]f a party … fails to obey an order to provide or permit discovery … the court where the action is pending may issue further just orders, …[including] … dismissing the action or proceedings in whole or in part…". *See Wittman v. Wilson*, 95 F. App'x 752, 754 (6th Cir. 2004) (citing same).

A district court generally considers the same four factors in deciding whether to dismiss an action, regardless of whether the analysis is conducted as a discovery sanction under Fed. R. Civ. P. 37 or for lack of prosecution under Fed. R. Civ. P. 41(b): 1) whether the party's failure is due to willfulness, bad faith, or fault; 2) whether the adversary was prejudiced by the dismissed party's conduct; 3) whether the dismissed party was warned that failure to cooperate could lead to dismissal; and 4) whether less drastic sanctions were imposed or considered before dismissal of the action. *See Ningbo S Chande Import & Export Co., Ltd. v. Allied Technology, Inc.*, 2024 WL 4363134, at *1 (E.D. Mich. Sept. 30, 2024) (setting forth four factors to consider in context of a request to dismiss for failure to prosecute under Fed. R. Civ. P. 41(b) (citing *Carpenter v. City of Flint*, 723 F.3d 700, 704 (6th Cir. 2013));

*Phillips v. Cohen,* 400 F.3d 388, 402 (6th Cir. 2005) (setting forth factors four factors to consider in context of request for sanctions under Fed. R. Civ. P. 37); *see also Coleman v. Am. Red Cross*, 23 F.3d 1091, 1094 n. 1 (6th Cir. 1994) (explaining "that the factors considered when reviewing a dismissal under Rule 41(b), Rule 37(b), or a court's inherent power are largely the same").

### B. Plaintiff's Claims Should Be Dismissed With Prejudice.

The Sixth Circuit has held that "[a]lthough typically none of the factors is outcome dispositive, ... a case is properly dismissed by the district court where there is a clear record of delay or contumacious conduct." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). Here, each of the four factors weighs heavily in favor of dismissal with prejudice and Jones' record of contumacious conduct is clear.

### 1. Jones' Failure to Provide Discovery is Due to Willfulness and Bad Faith.

As detailed extensively in Defendant's Initial Motion to Dismiss and supplemented by this Renewed Motion, Jones' repeated refusal to comply with her discovery obligations is both willful and undertaken in bad faith. Despite two in-person hearings, an additional conference with the Court at the start of her January 8, 2026 deposition, multiple Court Orders, and Delta's diligent follow-up efforts, Jones has still not fully responded to the interrogatories and document requests that Delta served on her *over one year ago* on January 3, 2025. Likewise, she has violated

this Court's Orders requiring her to fully respond to Delta's interrogatories, produce documents on a 14-day rolling basis, execute the required medical authorizations, and complete her deposition within the discovery period.

As set forth above, Jones testified during her deposition that she possesses extensive evidence, including videos and text messages directly relevant to the claims and defenses in this case. She also admitted during her deposition that she cannot provide a timeline for doing so. Indeed, this flagrant and willful disregard for this Court's Orders warrants dismissal. *See Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 367 (6th Cir. 1997) (affirming the dismissal of the case and finding the plaintiff's conduct to be "stubbornly disobedient and willfully contemptuous" where the plaintiff, for nearly one year, failed to respond to discovery requests and a motion to compel and did not comply with a court order); *Scott v. Eddings*, 698 F.2d 1223 (6th Cir. 1982) (affirming dismissal with prejudice under Rule 37(b) for repeated failure "to comply with court orders and discovery requests").

Jones' most recent obstructionist conduct during her deposition further illustrates this point. She wasted hours refusing to answer questions directly, going off on extraneous tangents and monologues, disputing clear documented evidence presented to her, and contending –without having produced anything – that she has extensive evidence to contradict Delta's exhibits. Courts routinely impose sanctions, including dismissal with prejudice, for conduct of this nature. *See, e.g., Hills v.*

*Roble*, 2024 U.S. App. LEXIS 840, at **4-5 (6th Cir. Jan. 11, 2024) (affirming denial of motion for relief from judgment, after case was dismissed for failure to comply during discovery, because the pro se plaintiff "refused to answer nearly every question while under oath at [his] deposition"); *Goode v. Mercy Mem'l Hosp.*, 2015 U.S. Dist. LEXIS 104463, at **3-12 (E.D. Mich. May 7, 2015) (recommending dismissal of pro se plaintiff's claims where the plaintiff either argued about questions, rambled baseless objections in response to questions, or outright refused to answer questions at their own deposition, and refused to produce documents requested by defense counsel).[3]

Such a finding of willfulness and bad faith is appropriate where – as here – the plaintiff is *pro se*. *See Johnson v Schnelz*, 2005 U.S. Dist. LEXIS 37733, at *3 (ED Mich., Dec. 1, 2005) (noting that "[p]laintiff represents himself in this case, so his inaction is clearly his own fault and cannot be blamed on an attorney's dilatory conduct.").

---

[3] *See also Miller v. Gregg*, 2025 WL 713848, at **2-3 (W.D. Mich. Jan. 30, 2025) (recommending dismissal where pro se plaintiff appeared for his deposition but was argumentative and "refused to provide responsive answers to questions posed by defense counsel"), report and recommendation adopted, 2025 WL 711365 (W.D. Mich. Mar. 5, 2025); *Allstate Ins. Co. v. Mercyland Health Servs., PLLC*, 2020 WL 9211074, at *7 (E.D. Mich. Oct. 13, 2020) (granting motion to compel and issuing sanctions against pro se litigant where, *inter alia*, discovery responses alleging no responsive documents existed were proven demonstrably false, and litigants were intentionally withholding responsive material or failing to diligently search for the same); *Baker v. Blackhawk Mining, LLC*, 2024 WL 1722516, at *2 (E.D. Ky. Apr. 22, 2024) (dismissing claims of plaintiffs where counsel openly acknowledged that responsive discovery material was withheld in violation of a court order to produce the same).

2.     **Delta is Prejudiced as a Result of Jones' Conduct.**

"A defendant is prejudiced when it "waste[s] time, money, and effort in pursuit of cooperation which the plaintiff was legally obligated to provide." *Schafer v. City of Defiance Police Dep't*, 529 F.3d 731, 737 (6th Cir. 2008). That is precisely the situation here.

Delta has been severely hamstrung in its ability to develop its defenses due to Jones' ongoing noncompliance. Delta has also incurred significant time and expense filing motions, attending hearings, and repeatedly attempting to secure basic discovery. Most recently, Delta spent two days deposing Jones (accommodations granted at her request) yet was unable to complete the deposition because of her obstructive conduct and her sworn admissions that she possesses (unproduced) voluminous amounts of evidence directly relevant to the claims and defenses in this case.

If this case were to proceed, Delta will be required not only to complete Jones' deposition but to re-depose her because she refused to answer or disputed many questions based on alleged evidence she has yet to produce.

3    **Jones has been Repeatedly Warned that her Failure to Cooperate in Discovery Could Lead to Dismissal.**

The third factor likewise support dismissal. Jones has been warned by the Court on multiple occasions that her failure to comply with her discovery obligations could result in dismissal. (*See* ECF No. 33, ECF No. 38, ECF No. 58, ECF 89). And

yet, she continues to ignore such obligations. *See, e.g.*, *Katebian v. Walsh*, 2024 WL 4245403 (E.D. Mich. Sept. 19, 2024) (DeClercq, J.) (dismissing case for failure to prosecute where, *inter alia*, plaintiffs had been warned by Court that failure to comply could result in dismissal).

### 4.    No Lesser Sanction than Dismissal will be Effective.

The fourth and final factor weighs in favor of dismissal. "Dismissal is appropriate when lesser sanctions were imposed for earlier discovery violations, and anything less than dismissal would [now] be futile." *Fharmacy Records v. Nassar*, 379 Fed. Appx. 522, 527 (6th Cir. 2010).

Here, lesser sanctions have already been imposed in this case. This Court has repeatedly admonished Jones, even granting her numerous accommodations at her request. And even if such admonitions or second chances are not considered lesser sanctions, courts have held that lesser sanctions in the form of monetary sanctions are unlikely to be effective where, as here, the plaintiff is proceeding *in forma pauperis*. *See* ECF Nos. 2, 5; *Wilkes v. Taylor School District*, 2025 WL 898311, at **2-3 (E.D. Mich. Mar. 24, 2025) (Cox, J.) (dismissing case with prejudice for discovery violations and noting that a lesser sanction, such as a monetary sanction, would be ineffective given that the plaintiff was proceeding *in forma pauperis*).

Despite all this, Jones has continued to disregard the Federal Rules of Civil Procedure and this Court's Orders. As this Court noted during the August 26, 2025

status conference, both this Court and Delta have "bent over backwards" in an attempt to accommodate Jones; yet Jones' defiance continues. Dismissing this case—with prejudice—is the only sanction likely to have any meaningful effect. *See, e.g., Swantek v. Challenge Manufacturing Holdings, Inc.*, 2024 WL 4446491 (E.D. Mich. Oct. 8, 2024) (DeClercq, J.) (holding that "less drastic sanctions would be fruitless [where the plaintiff] has engaged in a clear pattern of delay").

Accordingly, all four factors strongly weigh in favor of dismissal with prejudice. *See, e.g., National Hockey League v. Metropolitan Hockey Club, Inc.*, 427 U.S. 639, 640–41 (1976) (holding that district court did not abuse its discretion in dismissing case in which interrogatories had remained unanswered after seventeen months and "several admonitions by the Court," and where district court concluded, "[i]f the sanction of dismissal is not warranted by the circumstances of this case, then the Court can envisage no set of facts whereby that sanction should ever be applied"); *Smith v. Nationwide Mut. Fire Ins. Co.*, 410 Fed. Appx. 891, 892, 896 (6th Cir. 2010) (district court did not abuse its discretion in dismissing plaintiffs' case where, *inter alia*, court had previously warned plaintiffs of the possibility of dismissal with prejudice if they failed to fulfill their discovery obligations); *Bryant v. U.S. Postal Serv.*, 166 Fed. Appx. 207, 209 (6th Cir. 2006) (no abuse of discretion in dismissing plaintiffs' suit where discovery responses continued to be deficient

despite fact that district court stayed case for plaintiffs to produce documents and warned of dismissal as a Rule 37 sanction).

### C. Jones' Alleged Disabilities Do Not Excuse Her Repeated Failures to Comply with Discovery Rules and Court Orders.

Since this Court granted Delta's Motion to Compel (Doc. 38) eight months ago on May 2, 2025, Jones has repeatedly failed to produce full and complete written responses, documents, and most recently, deposition testimony, at each turn asking this Court (and even Delta) to excuse her noncompliance as an "accommodation" for various, unspecified "disabilities." Delta anticipates that Jones will assert similar arguments in response to this Motion. But this Court has no duty to accommodate Jones as she is requesting and the existence of such alleged "disabilities" does not alter the appropriate outcome in this case.

While the federal courts have adopted a policy of accommodating "communication disabilities" (the "Policy"), there is no like policy for accommodating Jones' alleged disabilities. For purposes of the Policy, this Court has interpreted "communication disabilities" to include the following conditions: "voice and speech problems, developmental disabilities, cognition difficulties, learning disorders, autism, brain injury, cerebral palsy, and stroke injuries that impair the exchange of information including voice, sounds, nonverbal, print, and

electronic and information technology."[4] Here, and assuming Jones suffers from "Post Traumatic Stress Disorder," "Generalized Anxiety Disorder," "Long COVID," and "Pelvic Floor Disorder" as she alleges, and that such conditions constitute disabilities (which is disputed[5]), none are covered by the plain terms of the Policy, as interpreted by this Court.

But even if Jones' alleged disabilities were covered by the Policy (which is unsupported), this Court would only be required to offer "sign language interpreters or other auxiliary aids and services" as accommodations, not discovery extensions (which have been in effect the greater part of last year), rolling document production, assistance of non-attorney support persons, or daily deposition time limits. Guide to Judiciary Policy, Vol. 5, Ch. 2, § 255(a). Indeed, federal courts have refused to offer litigants accommodations beyond those set forth in the Policy. *See e.g.*, *Carr v. Fed. Express Corp.*, No. 3:24-CV=295-KHJ-MTP, 2025 WL 818286, at *2 (S.D. Miss. Mar. 14, 2025) (denying accommodation request, reasoning "[p]laintiff is not seeking 'sign language interpreters' or other 'auxiliary aids and services' as defined

---

[4] Accommodations, Eastern District of Michigan, United States District Court, www.mied.uscourts.gov/index.cfm?pageFunction=Accommodations (last accessed Jan. 16, 2026)

[5] Delta notes that not all medical conditions are disabilities under federal law. *See Williamson v. Lear Corp.*, Nos. 05-70654 & 05-73093, 2005 WL 3555920, at *15 (E.D. Mich. Dec. 28, 2005) ("[i]t is insufficient for individuals attempting to prove disability status under this test to merely submit evidence of a medical diagnosis of an impairment.").

by the [Policy]"); *Ricks v. DMA Cos.*, No. 1:22-CV-00773-RP, 2024 WL 4810378, at *5 (W.D. Tex. Sept. 19, 2024), *report and recommendation adopted*, No. 1:22-CV-773-RP, 2024 WL 4806491 (W.D. Tex. Nov. 14, 2024) (denying request for provision of "qualified readers" and "note-takers" as an accommodation, "because…[plaintiff] is ***visually*** impaired, not ***hearing***-impaired, [and the [Policy] does not require the Court to engage these services for him.") (emphasis added); *Griffin v. Hooks*, No. 3:19-CV-00135-MR, 2023 WL 5662584, at *4 (W.D.N.C. Aug. 30, 2023) (denying request for a "reading assistant [for the video depositions]," reasoning "the [Policy] does not require the [c]ourt to engage these services for the [p]laintiff).

Here, the Court has already granted extensive accommodations requested by Jones, far beyond those required by any law or policy, and the Court has given Jones multiple chances to comply with her discovery obligations and the Court's prior Orders. Thus, regardless of whether or not Jones suffers from any "disabilities," Jones' failure and/or refusal to prosecute this case – that she chose to bring against Delta – within the requirements of the Federal Rules of Civil Procedure and this Court's prior Orders should not continue to be sanctioned.

## III.   <u>IN THE ALTERNATIVE, THE CASE SHOULD BE STAYED UNTIL JONES FULFILLS HER DISCOVERY OBLIGATIONS</u>

Should the Court not grant this Motion and dismiss all of Jones' claims with prejudice, Delta respectfully requests that the Court stay this action until Jones provides all of the outstanding discovery that she admits she has in her possession. Once Jones has fully complied with her discovery obligations, Delta requests that discovery be reopened solely for the limited purpose of allowing Delta to complete Jones' deposition in-person in the Court's chambers. Delta requests that all other case deadline be extended as appropriate.

## IV.   <u>CONCLUSION</u>

For the foregoing reasons and those outlined in its initial Motion to Dismiss (ECF 69), Defendant Delta Air Lines, Inc. respectfully requests this Court dismiss all of Plaintiff's claims against Defendant with prejudice, under Fed. R. Civ. P. 37 and Fed. R. Civ. P. 41(b), and ordering any other relief the Court deems appropriate.

Respectfully submitted,

<u>/s/ Lauren H. Zeldin</u>
Lauren H. Zeldin (GA Bar #368999)
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
191 Peachtree Street, N.E.
Suite 4800
Atlanta, GA 30303
Tel: 404-946-0845
Dated: January 16, 2026          Fax: 404-870-1732
lauren.zeldin@ogletree.com

14

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 16, 2026, I electronically filed the foregoing Motion to Dismiss with the Clerk of the Court using the ECF system, which will serve an electronic copy on plaintiff, who appears *pro se* in this matter, and all attorneys of record in this matter. I further certify that I emailed a copy of the foregoing to the Plaintiff at lrbj_99@yahoo.com and mailed a copy via first class U.S. mail to the Plaintiff at the following address:

Littiece Jones
45014 Trails Ct
Canton, MI 48187

*/s/ Lauren H. Zeldin*
Lauren H. Zeldin (GA Bar #368999)
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
191 Peachtree Street, N.E.
Suite 4800
Atlanta, GA 30303
Tel: 404-946-0845
Fax: 404-870-1732
lauren.zeldin@ogletree.com