UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LITTIECE JONES,<br><br>     Plaintiff,<br><br>v.<br><br>DELTA AIR LINES, INC.,<br><br>     Defendant. | Case No. 2:24-cv-11224<br><br>Hon. Susan K. DeClercq<br><br>Magistrate Judge Elizabeth A. Stafford |
| Littiece Jones<br>Plaintiff, Appearing *Pro Se*<br>45014 Trails Ct.<br>Canton, MI 48187<br>313-515-9797<br>lrbj_99@yahoo.com | Lauren H. Harrington (P85545)<br>Ogletree, Deakins, Nash, Smoak<br>& Stewart, PLLC<br>34977 Woodward Ave., Suite 300<br>Birmingham, MI 48009<br>248-593-6400<br>lauren.harrington@ogletree.com<br><br>Lauren H. Zeldin (GA Bar No. 368999)<br>Anthony J. Simonton (GA Bar No. 196758)<br>Ogletree, Deakins, Nash, Smoak & Stewart, P.C.<br>191 Peachtree Street, NE, Suite 4800<br>Atlanta, GA 30303<br>404-946-0845<br>lauren.zeldin@ogletree.com<br>anthony.simonton@ogletree.com<br><br>Andrea Bowman (P39578)<br>Delta Air Lines, Inc.<br>1030 Delta Blvd., Dept. 982<br>Atlanta, GA 30354-1989<br>404-715-3586<br>Andrea.bowman@delta.com<br>Attorneys for Defendant |

## DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR PROCEDURAL INJUNCTIVE AND PROTECTIVE RELIEF

I. **INTRODUCTION**

In her Motion to Compel Discovery and For Procedural Injunctive and Protective Relief (ECF No. 95), Jones claims Delta failed to cooperate in scheduling employee depositions and is "withholding" documents that are "central" to Jones' claims. But both claims are demonstrably false.

***First***, and as for Delta employee depositions, no depositions were scheduled because Jones continually requested to depose at least 12 employees, more than the 10 (maximum) allowed by the Federal Rules of Civil Procedure. (Jones also identified senior leaders with no knowledge of her claims, including Delta's CEO, and "categories" of employees who were not identified by name). Delta's counsel promptly requested clarification on the 10 employees Jones sought to depose, so that the parties could discuss further, but Jones never responded. Further, Jones never noticed any depositions within the discovery period.

***Second***, and as for written discovery, Delta produced full and complete discovery responses by the January 16, 2026 cutoff, including Interrogatory responses, written responses to Jones' Requests for Production and multiple document productions all the while Jones has failed to supplement her own

responses to discovery served over one year ago. As such, Jones' Motion should be denied.

    II.    **DISCUSSION OF RELEVANT FACTS**

Jones served Delta with Interrogatories to which Delta timely responded on December 2, 2024. As part of its responses to Jones' Interrogatories and its Initial Disclosures, Delta served Jones with an initial document production on December 2, 2024. Jones has never raised any concerns regarding Delta's Interrogatory responses or initial document production.

Jones did not serve document requests until August 31, 2025, when Jones served Delta with her First Request for Production of Documents, which contained 99 numbered requests for production and sought over a decade of Company-wide discovery on a wide range of topics, many of which were completely irrelevant to Jones' claims in this case. (**Exhibit 1**, Jones' First Request for Production). Delta sought to meet and confer with Jones regarding the overbroad scope. On September 27, 2025—three days before the September 30, 2025 discovery cutoff—Jones served Delta with amended requests for production, purportedly withdrawing some, but not all, of her prior requests. (**Exhibit 2**, Jones' Consolidated Request for Production). Before Delta could object to Jones' amended requests, this Court stayed Delta's obligation to respond "until further notice of this Court," noting that the scope of Jones' requests appeared to be overbroad. (ECF No. 74).

On November 5, 2025, this Court issued an order, reopening discovery through January 16, 2026. Although the Court technically never lifted the stay on Delta's obligation to respond to Jones' amended requests, at that point, Delta resumed a search for information and documents appropriately responsive to Jones' voluminous and expansive requests. (ECF No. 89).

One week later, on November 12, 2025, Jones contacted Delta's counsel, requesting to depose, at least 12 employees, including additional, unspecified employees in various departments (i.e., "Employee Service Center[] staff," "Training Department representatives," "other relevant Delta employees with knowledge of the facts and issues in this case") and including Delta's CEO (who has no personal knowledge of Jones' claims, much less her underlying employment). (**Exhibit 3**, Email thread regarding depositions). Soon after, Delta's counsel responded, informing Jones that the Federal Rules limited her to no more than 10 depositions. (*Id.*) Delta's counsel expressly asked Jones to "identify[] no more than 10 employees you would like to depose so Delta can respond appropriately." (*Id.*) To date, Jones has not responded.

Delta made a document production to Jones on December 4, 2025. On December 19, 2025, Delta served its responses to Jones' First Request for Production of Documents. (**Exhibit 4**, Delta's Response to Plaintiff's Request for Production). In its response, and in light of its ongoing search, Delta expressly stated that the

Company would supplement its production on a rolling basis. (*Id.*) Nevertheless, on December 22, 2025, Jones requested to meet-and-confer about Delta's "outstanding" documents, to which Delta's counsel responded on December 29, 2025, reiterating that the Company would supplement its production. (**Exhibit 5**, Email thread regarding Delta's discovery response). Consistent with its prior representations to Jones, Delta supplemented its production on December 31, 2025; January 7, 2026; and again on January 16, 2026.

Meanwhile, on January 8, 2026—one day after Delta produced over 4,800 pages and on the eve of her deposition—Jones filed her Motion on January 8, 2026, without identifying any deficient responses or outstanding documents. (ECF No. 95).

III. **ARGUMENT**

    a. **Jones Has Failed to Show Good Cause For An Order Compelling Discovery.**

        i. Jones Has Failed to Satisfy the Preconditions For Filing a Motion to Compel.

            1. *Jones' Motion to Compel is untimely.*

As an initial matter, Jones' Motion should be denied as it is untimely. Under Section III of this Court's Civil Case Management Requirements, "[d]iscovery motions are due 30 days before the discovery cutoff date." (ECF No. 12, PageID.56).

Here, and as the initial discovery cutoff (September 30, 2025) was extended to January 16, 2026, Jones had until December 17, 2025 (30 days prior) to file a discovery motion. But Jones did not file her Motion by that deadline. Instead, Jones filed her Motion on January 8, 2026—nearly one month *after* the deadline passed. This Court should therefore deny Jones' Motion as untimely. *See e.g.*, *Craig-Wood v. Time Warner N.Y. Cable LLC*, 549 F.App'x 505, 508 (6th Cir. 2014) (affirming denial of employee's motion to compel, reasoning "[i]n general, a district court does not abuse its discretion by denying an untimely motion to compel that violated unambiguous discovery deadlines."); *Conner v. McLeod*, No. 22-11965, 2025 WL 1983962, at *2 (E.D. Mich. July 17, 2025) (denying **pro se plaintiff's** motion to compel, reasoning it was filed "after the deadline set forth in the scheduling order."); *Hall v. Redline Recovery Servs., LLC*, No. 07-CV-15155-DT, 2008 WL 4104503, at *1-2 (E.D. Mich. June 22, 2023) (denying motion to compel filed a month and a half after the deadline for discovery motions); *Burton v. Mich. Dep't of Corr.*, No. 20-CV-12501, 2023 WL 11829996, at *1 (E.D. Mich. June 22, 2023) (denying **pro se plaintiff's** motion to compel as untimely).

### 2. *Jones failed to meet-and-confer in good faith.*

As another initial matter, this Court should deny Jones' Motion, as she has failed to meet-and-confer with Delta's counsel in good faith. Under Federal Rule 37, a party must certify that she has "in good faith conferred or attempted to confer with

the party [allegedly] failing to act in an effort to obtain the answer or response without court action." Fed. R. Civ. P. 37(d)(1)(B). Likewise, Local Rule 37.1 also requires a party to meet and confer prior to filing a motion to compel. E.D. Mich. L. R. 37.1.

Here, Jones sent Delta's counsel a single email, requesting to meet-and-confer. Delta's counsel promptly responded, reiterating that Delta would supplement its production. At no point prior to filing her Motion did Jones reiterate or renew her request to meet-and-confer. Nor did Jones say or suggest that Delta's counsel's response—i.e., to supplement the Company's production—was inadequate from her perspective. Delta therefore was unaware of, and had no meaningful opportunity to address, Jones' persisting concerns (if any). As such, the Court should deny Jones' Motion. *See e.g.*, *Curtis v. Deutsche Bank*, No. 1:23-CV-12859, 2025 WL 1296206, at * 16-17 (E.D. Mich. May 5, 2025) (denying motion to compel where movant's only attempts to meet and confer were "send[ing] the opposing party token emails."); *Neff v. Flagstar Bank, FSB*, No. 2:11-CV-1136, 2013 WL 5874767, at *6 (S.D. Ohio Oct. 30, 2013) (denying motion to compel in part where the "[p]laintiff sent only one letter to defense counsel addressing the substance of this discovery dispute prior to seeking Court intervention."); *Kuczak v. City of Trotwood, Ohio*, No. 3:13-CV-101, 2016 WL 4500715, at *2 (S.D. Ohio Aug. 26, 2016) ("[A] single correspondence to opposing counsel fails to 'fulfill Rule 37's good faith

requirement.'"); *see also Bonds v. Hollywood Casino and Hotel*, No. 1:22-cv-02279-JPH-TAB, 2023 WL 4493158, at *1 (S.D. Ind. June 28, 2023) (denying ***pro se plaintiff's*** motion to compel, explaining "[f]iling a motion to compel based solely upon an unsatisfactory exchange of emails is wholly improper and flies in the face of the meet-and-confer requirements set forth in Federal Rule of Civil Procedure 37[.]").

> ii. Jones Failed to Identify Prospective Deponents.

In her Motion, Jones claims that Delta has not cooperated in scheduling employee depositions. However, this claim is demonstrably false. Indeed, when Jones requested to depose at least 12 of Delta's employees, including those identified only by "category" and not by name, the Company's counsel promptly responded, explaining that Jones may depose no more than 10 employees under the Federal Rules. Delta's counsel also requested that Jones identify which 10 employees she wished to depose. But Jones never responded and as a result, Delta's counsel reasonably presumed she no longer wished to depose, or pay the costs necessary to depose, Delta's employees. Further, Jones never noticed a single deposition during the discovery period.

> iii. Delta Has Produced All Relevant, Non-Privileged Documents Responsive to Jones' Discovery Requests.

In her Motion, Jones claims Delta "relied on boilerplate objections," failed to set forth complete responses, or produce referenced documents. (ECF No. 95, PageID.1533). These claims, too, are demonstrably false.

Notwithstanding Jones' overly broad requests, Delta conducted a years-long search for responsive documents, and produced them on December 30, 2025, with supplemental productions on January 7, and January 16, 2026 (in addition to document productions made in December 2024 and on December 4, 2025). Tellingly, Jones does not identify any allegedly "boilerplate" objections or explain how such objections are inapplicable. Likewise, Jones does not identify any incomplete responses or explain how such responses are so. Nor does Jones identify any outstanding documents or explain why such documents are relevant and non-privileged.

As Jones has failed to establish Delta's response is incomplete, that the Company is "withholding" relevant documents, or otherwise failed to comply with its discovery obligations, her Motion should be dismissed. *See Steinmetz v. Queen*, No. 1:18-cv-148, 2018 WL 5791917, *3 (S.D. Oh. Nov. 5, 2018) (denying ***pro se plaintiff's*** motion to compel, as "[p]laintiff's motion does not identify the basis for the request other than a general assertion that the [outstanding] documents 'are relevant to this case[.]'").

### b. Jones' Other Miscellaneous Requests for Relief Should be Denied.

In her Motion, Jones also revisits issues already ruled on by the Court or that form part of other pending motions or claims in other legal actions brought by Jones. For example, Jones asks the Court to provide guidance for filing under seal (raised in multiple other motions, *see, e.g.*, ECF Nos. 78, 79, 98); she asks for the ability to supplement her own discovery requests once medically cleared to do so (also raised in multiple other motions, ECF Nos. 75, 99); and she seeks clarification on her termination date from Delta, which is not part of her claims in this case (ECF No. 26, Amended Complaint). (*See* ECF No. 95 at pp. 5-9). Jones also asks for various unspecified accommodations regarding remote depositions and cost-sharing, presumably regarding her request to depose unspecified employees of Delta. (*See id.*). Because these requests for relief lack any valid basis in law or in fact, all should be denied—in addition to Plaintiff's request to compel discovery.

## IV. CONCLUSION

Having failed to produce her own full and complete discovery responses, document productions, and deposition answers, Jones brings her Motion to muddy the waters of what has essentially been one-sided discovery. But, for the foregoing reasons, Jones' Motion is not only unsupported by the facts but contradicted by them.

Delta therefore respectfully requests that this Court enters an order denying Jones' Motion.

Respectfully submitted,

*/s/ Lauren H. Zeldin*
Lauren H. Zeldin (GA Bar #368999)
Anthony J. Simonton (GA Bar #196758)
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
191 Peachtree Street, N.E.
Suite 4800
Atlanta, GA 30303
Tel: 404-946-0845
Fax: 404-870-1732

Dated: January 22, 2026

lauren.zeldin@ogletree.com
anthony.simonton@ogletree.com

## **CERTIFICATE OF SERVICE**

      I hereby certify that on January 22, 2026, I electronically filed the foregoing DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO COMPEL DISCOVERY AND FOR PROCEDURAL INJUNCTIVE AND PROTECTIVE RELIEF with the Clerk of the Court using the ECF system, which will serve an electronic copy on plaintiff, who appears *pro se* in this matter, and all attorneys of record in this matter.  I further certify that I emailed a copy of the foregoing to the Plaintiff at lrbj_99@yahoo.com and mailed a copy via first class U.S. mail to the Plaintiff at the following address:

    Littiece Jones, pro se
    45014 Trails Ct.
    Canton, MI 48187

*/s/ Lauren H. Zeldin*
Lauren H. Zeldin (GA Bar #368999)
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
191 Peachtree Street, N.E.,
Suite 4800
Atlanta, GA 30303
Tel: 404-946-0845
Fax: 404-870-1732
lauren.zeldin@ogletree.com

95127409.v2-OGLETREE