# Exhibit 3

| | |
|---|---|
| **From:** | Simonton, Anthony J. |
| **Sent:** | Friday, November 14, 2025 5:02 PM |
| **To:** | Lovely Lady |
| **Cc:** | Harrington, Lauren D.; Zeldin, Lauren H. |
| **Subject:** | Jones v. Delta, Clarification regarding discovery obligations [ODNSS-OGL.018483.000100] |

Hi, Ms. Jones:

Lauren Z. and I are happy to meet and confer with you next week but have prior conflicts and as such, are not available between now and Monday, the 16th; however, we can be available on Wednesday, the 19th and Thursday, the 20th. Please let us know which of those dates work on your end.

In advance of our meet and confer, we would like to clear up several misunderstandings below so our discussion can be productive. ***First***, and as for your discovery requests served on August 31, 2025, the Court expressly "stay[ed] Defendant's response requirement...until further notice of this Court, as those discovery requests appear to be **overly broad** in scope." (Doc. 74, PageID.1379) (emphasis added). As no such notice has been provided by the Court, those requests are deemed withdrawn; and Delta's response is not "outstanding" as erroneously stated below.

***Second***, and as for your discovery requests served on September 27, 2025, most of which (if not all) are also overly broad, it is unreasonable to expect Delta to conduct nationwide discovery in the three days before the discovery cutoff or even 11 days after the Court reopened discovery. Indeed, Federal Rule 34 expressly provides that a responding party, such as Delta, has 30 days to respond to discovery requests – not three or 11. Delta's response to these requests, therefore, is not "outstanding."

In contrast, and as noted by the Court on several occasions, both in hearings and in orders, your discovery responses are outstanding and have been for the greater part of the past year, despite the Court compelling you to respond, granting you several accommodations, and despite your apparent time and ability to prepare numerous filings and well over 100 requests for production to Delta. In fact, the Court's November 5, 2025 order (the "Order") warns you—not Delta—that any further non-compliance with discovery obligations will result in sanctions (i.e., dismissal of your case). (*See generally* Doc. 89).

***Third***, and regarding deposition requests, please be advised that your requests exceed the maximum allowable under the Federal Rules (i.e., 10), that Delta will not stipulate or agree to an exception, and reserves its rights to move for a protective order. *See* Fed. R. Civ. P. 30(1)(2). Please also be advised that depositions must be conducted before an "officer," that Delta will not stipulate to an exception, and the deposing party (i.e., you) is responsible for compensating that officer. *See* Fed. R. Civ. P. 30(b)(5)(A). Finally, please be advised that deposition transcripts are not free and must be purchased by the parties, if desired. Should you wish to proceed with oral discovery, please respond to this email, confirming as much and identifying no more than 10 employees you would like to depose so Delta can respond appropriately.

That Delta is committing to respond appropriately does not mean, nor does Delta intend to suggest, that you are entitled to 10 depositions.

***Fourth***, and as commanded by the Court's Order, please immediately (1) execute the outstanding medical authorization without modification, (2) fully respond to Delta's discovery requests, and (3) resume document production. Consistent with your previously approved accommodations, please make a production every 14 days from the date of the Order.

Just as you have asked Delta to complete written discovery before deposing its employees, the Company, yet again asks, and expects, that you will provide full and complete discovery responses within a reasonable period before your deposition commences.

***Fifth***, and finally, we will notice your deposition after conferring with our client about its representative's availability and consistent with your approved accommodations.

We look forward to a productive discussion next week.

Sincerely,

**Anthony J. Simonton (he/him/his) | Ogletree Deakins**
One Ninety One Peachtree Tower, 191 Peachtree Street, N.E., Suite 4800 | Atlanta, GA 30303 | Telephone: 404-870-1724
anthony.simonton@ogletree.com | www.ogletree.com | Bio

---

**From:** Lovely Lady <lrbj_99@yahoo.com>
**Sent:** Wednesday, November 12, 2025 9:28 AM
**To:** Zeldin, Lauren H. <lauren.zeldin@ogletree.com>; Simonton, Anthony J. <anthony.simonton@ogletreedeakins.com>; Harrington, Lauren D. <lauren.harrington@ogletreedeakins.com>; Zeldin, Lauren H. <lauren.zeldin@ogletreedeakins.com>; Lockhart, Cynthia D. <cynthia.lockhart@ogletree.com>; DET Docketing <detdocketing@ogletree.com>; Guzman, Roberto <roberto.guzman@ogletreedeakins.com>; Harrington, Lauren D. <lauren.harrington@ogletree.com>
**Subject:** Jones v. Delta Air Lines, Inc. , No. 2:24-cv-11224 — Defendant's Outstanding Discovery Responses and Deposition Scheduling

[Caution: Email received from external source]

---

# Counsel,

Pursuant to Fed. R. Civ. P. 37(a)(1) and E.D. Mich. L.R. 7.1, I am writing to meet and confer regarding Defendant's outstanding discovery obligations and deposition scheduling.

I have not received full or supplemental responses to my discovery requests served on August 31, 2025, and September 27, 2025. Under Rules 33(b)(2) and 34(b)(2)(A), those

responses were due by September 30 and October 27, 2025, respectively. To date, no responses or document productions have been provided.

The Court's November 5, 2025 Order (ECF 89) extended fact discovery to January 16, 2026 and expects both parties to cooperate fully within that period. Please confirm when Delta will provide its complete discovery responses and productions. I respectfully request that all outstanding discovery be produced no later than Sunday, November 16, 2025.

In compliance with ECF 89, I am providing six available dates for my deposition: January 2, 5, 6, 7, 8, and 9, 2026. I request that my deposition proceed by Zoom, consistent with prior accommodations and accessibility considerations. Please confirm which date(s) and time(s) Delta proposes.

Additionally, I intend to depose the following Delta management officials and employees:
Tenia Russ, Hussein Berry, Robert O'Leary, Jeff Semonin, Ron Cook, Ed Bastian, Mo Wazne, Shane Bowman, Christian McClellan, Bruce Swanson, Dukes Mitchell, Todd Cabenaw, ESC (Employee Service Center) staff, Training Department representatives, and other relevant Delta employees with knowledge of the facts and issues in this case.

Please provide available dates for these depositions between November 19 and December 31, 2025 by 11/16/2025. I am willing to coordinate mutually convenient times.

3

If I do not receive confirmation or production by November 16, 2025, I will proceed with a Motion to Compel under Fed. R. Civ. P. 37 and seek appropriate relief.

Sincerely,

Littiece Jones
Pro Se Plaintiff
45014 Trails Ct.
Canton, MI 48187
LRBJ_99@yahoo.com
313-515-9797


Sent from Yahoo Mail for iPhone