# Exhibit
# 4

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

LITTIECE JONES,

    Plaintiff,

v.

DELTA AIR LINES, INC.,

    Defendant.

Case No. 2:24-cv-11224

Hon. Susan K. DeClercq

Magistrate Judge Elizabeth A. Stafford

---

| | |
|---|---|
| Littiece Jones<br>Plaintiff, Appearing *Pro Se*<br>45014 Trails Ct.<br>Canton, MI 48187<br>313-515-9797<br>lrbj_99@yahoo.com | Lauren H. Harrington (P85545)<br>Ogletree, Deakins, Nash, Smoak<br>& Stewart, PLLC<br>34977 Woodward Ave., Suite 300<br>Birmingham, MI 48009<br>248-593-6400<br>lauren.harrington@ogletree.com<br><br>Lauren H. Zeldin<br>(GA Bar No. 368999)<br>Ogletree, Deakins, Nash, Smoak &<br>Stewart, P.C.<br>191 Peachtree Street, NE, Suite 4800<br>Atlanta, GA 30303<br>404-946-0845<br>Lauren.zeldin@ogletree.com<br><br>Andrea Bowman (P39578)<br>Delta Air Lines, Inc.<br>1030 Delta Blvd., Dept. 982<br>Atlanta, GA 30354-1989<br>404-715-3586<br>Andrea.bowman@delta.com<br>Attorneys for Defendant |

## <u>DEFENDANT DELTA AIR LINES, INC.'S RESPONSES AND OBJECTIONS TO PLAINTIFF'S REVISED REQUESTS FOR PRODUCTION</u>

Defendant Delta Air Lines, Inc. ("Delta") provides the following objections and responses to Plaintiff's Revised Requests for Production, served on September 27, 2025—three days before the discovery cutoff (September 30, 2025) and nearly one month after the Parties' deadline to serve written discovery requests (August 31, 2025).[1]

## <u>RESPONSES AND OBJECTIONS TO PLAINTIFF'S REVISED REQUESTS FOR PRODUCTION</u>

**RFP No. 1.** All companywide policies, manuals, procedures, and handbooks in effect for the ACS Department (Above Wing, Below Wing, Ramp, Cargo) from January 1, 2018 to present, including but not limited to: shift swapping, attendance, discipline, employee classifications (benefitted, non-benefitted, seasonal), leave (disability, family, religious, seasonal), benefits eligibility, accommodations (ADA, Title VII, religious), safety, workplace violence, retaliation, return-to-work procedures, and flight benefits.

---

[1] The Court issued an order on September 30, 2025, staying Delta's obligation to respond to Plaintiff's original Requests for Production, served on August 31, 2025, until further notice. (ECF No. 74). No such notice has been provided to date. However, Delta is responding to Plaintiff's discovery, though still overbroad and objectionable, in an effort to move discovery forward in good faith.

**RESPONSE**: Delta objects to this Request as it is compound, containing discrete requests for "policies, manuals, procedures, and handbooks" related to (1) shift swapping, (2) attendance, (3) discipline, (4) employee classifications, (5) leave, (6) benefits eligibility, (7) accommodations, (8) safety, (9) workplace violence, (10) retaliation, (11) return-to-work procedures, and (12) flight benefits. This Request is also vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. This Request fails to set forth responsive policies, custodians, or a reasonable geographic, temporal, or topical scope. Plaintiff worked at the Detroit Airport at all times and a reasonable temporal scope, given Plaintiff's claims, is January 1, 2022 to October 21, 2024. Further, this Request seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence, including, but not limited to, policies related to "safety," "workplace violence," and "flight benefits." Finally, this Request seeks cumulative and duplicative information as policies presently in effect are sufficient to apprise Plaintiff of the Company's policies, procedures, and expectations.

Subject to and without waiving these objections, see Divisional Practice Memo ("DPM") previously produced as Delta-Jones000001 to 000052. Delta further states that it will produce responsive, non-privileged documents on a rolling basis including December 14, 2023 Memo re: Swaps and relevant policies and procedures, including The Way We Fly and Rules of the Road, and policies related to accommodations.

**RFP No. 2.** All documents, policies, manuals, handbooks, procedures, communications, training materials, and employee notices concerning the **Ready Reserve program from January 1, 2012 through its sunset in 2021**, including revisions, updates, benefitted/seasonal program rollouts, and employee acknowledgments.

**RESPONSE**: **Delta objects to this Request as it is compound, containing discrete requests for (1) policies, (2) training materials, and (3) employee notices. This Request is also vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. This Request fails to set forth responsive policies, custodians, or a reasonable geographic, temporal, or topical scope. Further, this Request seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff worked at the Detroit Airport at all times and a reasonable temporal scope, given Plaintiff's claims, is January 1, 2022 to October 21, 2024. Plaintiff's allegations in this Complaint stem from her employment as a benefitted employee, not a seasonal Ready Reserve employee. Finally, this Request seeks cumulative and duplicative information and documents, i.e., policies in effect from 2012 through 2021. But policies presently in effect are sufficient to apprise Plaintiff of the Company's policies, procedures, and expectations.**

**Subject to and without waiving these objections, Delta will produce responsive, non-privileged documents on a rolling basis including the March 3, 2021 Ready Reserve Sunset Memo.**

**RFP No. 3.** All companywide policies, manuals, handbooks, and procedures (2018–present) relating to the **receipt, investigation, and resolution of employee complaints, grievances, ethics reports, discrimination/harassment allegations, retaliation reports, safety concerns, and workplace violence incidents.** For each version, identify the effective date and any revisions, updates, or cancellations.

**RESPONSE**: **Delta objects to this Request as it is compound, containing discrete requests for (1) certain policies, manuals, handbooks, and procedures, and (2) information about the same. Delta objects to this Request insofar as it seeks information, including identification of effective dates, revisions, updates, and cancellations, which is suited for an interrogatory, not a request for production. This Request is also vague**

**and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, custodians, or a reasonable geographic, temporal, or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff worked at the Detroit Airport at all times and a reasonable temporal scope, given Plaintiff's claims, is January 1, 2022 to October 21, 2024. Workplace violence is not at issue in this case. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged. Finally, this Request seeks cumulative and duplicative information and documents, i.e., policies in effect from 2018 through the present.**

**Subject to and without waiving these objections, Delta will produce responsive, non-privileged documents on a rolling basis, including The Way We Fly and Rules of the Road**

**RFP No. 4.** Produce Plaintiff's **complete personnel file** from hire to present, including but not limited to: job applications, onboarding documents, employment agreements, evaluations, performance reviews, commendations, promotions, discipline, counseling records, warnings, investigations, complaints, corrective actions, awards, seniority records, attendance records, leave records, OJI (on-the-job injury) records, separation/termination records, and any other personnel-related documents maintained by Human Resources, management, or third-party administrators (including Sedgwick). For each such document, identify or provide

the **date it was placed into Plaintiff's personnel file** and, if applicable, the date of

any revision, update, or removal.

> **RESPONSE:** Delta objects to this Request as it is compound, containing discrete requests for (1) Plaintiff's personnel file and (2) information about the same. This Request seeks information about Plaintiff's personnel file, such as the date of any revision, update, or removal, which is suited for an interrogatory, not a request for production. This Request is also overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, custodians, or a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff does not identify responsive documents and custodians. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged. Finally, Delta objects insofar as this Request seeks information and/or documents that are not the Company's care, custody, or control.

> Subject to and without waiving these objections, Delta will produce responsive non-privileged documents on a rolling basis including Plaintiff's personnel file, Team Journal, LMS record, and any additional documents related to Plaintiff's accommodation requests that can be located through a good faith search.

**RFP No. 5.** Produce Plaintiff's **complete training records** (including LMS

records, FAA-required training, certifications, and recertifications) and system

access logs from hire to present. For each record, identify or provide the **date it was**

**created and/or placed into Plaintiff's training or system access file**, and, if applicable, the date of any revision, update, expiration, or removal.

> **RESPONSE: Delta objects to this Request as it is compound, containing discrete requests for (1) training records, (2) system access logs, and (3) and information about training records and system records logs, including the date of any revision, update, expiration, or removal, which is suited for an interrogatory, not a request for production. This Request is vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, custodians, or a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged.**

> **Subject to and without waiving these objections, Delta will produce responsive, non-privileged documents on a rolling basis, including Plaintiff's LMS record.**

> **RFP No. 6.** Produce Plaintiff's payroll records, pay stubs, and benefits eligibility/election notices (2018–present).

> **RESPONSE: Delta objects to this Request as it is compound, containing discrete requests for (1) pay records, including pay stubs, and (2) benefits records, including eligibility/election notices. This Request is also overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth a reasonable temporal or topical scope, and seeks information and documents which**

are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's pay and benefits are not at issue in this lawsuit.

Subject to and without waiving these objections, Delta will produce responsive non-privileged documents on a rolling basis, including Plaintiff's wage statements and documents showing Plaintiff's benefit elections.

RFP No. 7. Produce Plaintiff's **bid-line history, schedules, and time/punch-in records from hire to present.** For each such record, identify or provide the **date it was created, approved, or modified**, and, if applicable, the date of any revision, update, or correction.

RESPONSE: Delta objects to this Request as it is compound, containing discrete requests for (1) bid information, (2) schedules, (3) time records, and (4) information about bid information, schedules, and time records, including the date of any revision, update, or correction, which is suited for an interrogatory, not a request for production. This Request is also vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, a custodian, or a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. A reasonable temporal scope for Plaintiff's claims in this case is January 1, 2022 to October 21, 2024. Further, Plaintiff's pay is not at issue in this lawsuit.

Subject to and without waiving these objections, see time records previously produced as Delta-Jones000063 to 000090. Delta will also produce additional responsive, non-privileged documents on a rolling basis, including Plaintiff's pay history.

**RFP No. 8.** Produce all documents concerning Plaintiff's **accommodation requests** (medical, religious, or otherwise) and Defendant's responses. This includes request forms, medical certifications, correspondence, HR notes, internal review documents, approvals, denials, or modifications. For each document, identify or provide the **date it was created or placed into Plaintiff's file**, and, if applicable, the date of any revision, update, or removal.

> **RESPONSE: Delta objects to this Request as it is compound, containing discrete requests for (1) accommodation correspondence and (2) information about the same, including the date of any revision, update, or removal, which is suited for interrogatories, not a request for production. This Request is also vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, a custodian, or a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged.**
>
> **Subject to and without waiving these objections, Delta will produce responsive, non-privileged documents on a rolling basis including any documents related to Plaintiff's accommodation requests that can be located through a good faith search.**

**RFP No. 9.** Communications between Delta and Sedgwick concerning Plaintiff's leave, benefits, or return to work.

**RESPONSE: Delta objects to this Request as it is vague and ambiguous overly broad, unduly burdensome, and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth a custodian or reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case and not reasonably calculated to lead to the discovery of admissible evidence. Delta also objects on the ground that this request seeks information and documents outside the care, custody and control of Delta.**

**Subject to and without waiving these objections, Delta is conducting a search for potentially responsive correspondence and will supplement its response to this Request as needed.**

**RFP No. 10.** Internal investigations, notes, findings, or reports concerning Plaintiff's complaints (safety, discrimination, retaliation, ethics).

**RESPONSE: Delta objects to this Request as it is vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, a custodian, or a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged.**

**Subject to and without waiving these objections, Delta will produce responsive, non-privileged documents on a rolling basis including Ethics Hotline complaints made by Plaintiff.**

**RFP No. 11.** All correspondence between Delta and any government agency (EEOC, OSHA, MIOSHA, MDCR, DOL, FAA, DOT) relating to Plaintiff.

> **RESPONSE: Delta objects to this Request as it is compound, containing discrete requests for Delta's correspondence with "any government agency." This Request is also vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth a responsive agencies, custodians, or a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Finally, this Request seeks to require Delta to produce documents equally available to Plaintiff via public records requests.**

> **Subject to and without waiver of the foregoing objections, Delta refers Plaintiff to documents previously produced to Plaintiff as Delta-Jones 722-810 (EEOC FOIA file).**

**RFP No. 12.** Communications, emails, Teams, or texts referencing Plaintiff by name or employee ID among managers, HR, Benefits, or Labor Relations.

> **RESPONSE: Delta objects to this Request as it is vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, custodians, a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Not every scrap of paper with Plaintiff's name on it is relevant to this lawsuit. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other**

**applicable privilege. Communication between a corporation's attorneys and its employees is privileged.**

**Subject to and without waiving these objections, Delta is conducting a search for potentially responsive, non-privileged documents and will supplement its response to this Request as needed.**

**RFP No. 13.** Plaintiff's job applications, bid submissions, interview notes, or recruiter communications (2018–present).

**RESPONSE: Delta objects to this Request as it is compound, containing discrete requests for (1) job applications, (2) bid submissions, (3) interview notes, and (4) recruiter communications. This Request is also vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth custodians, or a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. There are no promotions, transfer, applications to other jobs (or lack thereof) at issue in this lawsuit.**

**Subject to and without waiving these objections, Delta is conducting a search for potentially responsive documents and will supplement this response as needed.**

**RFP No. 14.** Plaintiff's participation in or eligibility for Delta Propel or other pilot/advancement programs.

**RESPONSE: Delta objects to RFP No. 14 on the grounds that it is an incomplete statement to which no response is required, not a request for production.**

**RFP No. 15.** Produce all complaints, grievances, reports, investigations, interviews, witness statements, notes, or findings in which **Plaintiff's name (including any variations, aliases, or employee ID) is mentioned**, whether as a complainant, witness, subject, or third party, from January 1, 2018 to present. For each such document, identify or provide the **date it was created or placed into a personnel, HR, Sedgwick, Safety, Ethics/Compliance, or management file**, and the date of any revision, update, or closure.

> **<u>RESPONSE</u>: Delta objects to this Request as it is compound, containing discrete requests for (1) complaints, grievances, and reports; (2) investigations; (3) interviews; (4) witness statements; (5) notes; (6) findings; and (7) information about such documents, including the date of any revision, update, or closure, which is suited for an interrogatory, not a request for production. This Request is also vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. As Delta does not maintain a list or file with responsive documents, the Company would have to manually search seven years of company-wide documents, including in systems maintained by its legal department and outside counsel, to find potentially responsive documents, which is plainly disproportionate to the needs of this case. Plaintiff's Request also fails to set forth responsive documents, custodians, a reasonable geographic, temporal, or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Not every employee concern is relevant to this lawsuit. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged. Finally, Delta objects to this Request insofar as it seeks**

**information and documents that are not in Delta's care, custody, and control.**

**Subject to and without waiving these objections, Delta is producing responsive, non-privileged documents on a rolling basis including Ethics Hotline complaints made by Plaintiff.**

**RFP No. 16.** All records and data (2018–present) tracking ACS employee shift-swap requests, approvals, denials, and revocations at ATL, DTW, MSP, BNA, RDU, and LAX, including the dates, reasons, and reinstatements (if any).

**<u>RESPONSE</u>: Delta objects to this Request as it is vague and ambiguous as to "[a]ll records and data," overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, custodians, or a reasonable geographic, temporal, or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff worked at the Detroit Airport at all times and a relevant temporal scope is January 1, 2022 to October 21, 2024. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged.**

**Subject to and without waiving these objections, Delta is conducting a search for responsive, non-privileged documents and will supplement this response as needed.**

**RFP No. 17.** All companywide policies, manuals, procedures, and communications concerning shift-swap tracking, enforcement, revocation, or reinstatement for ACS employees (2018–present).

> **RESPONSE: Delta objects to this Request as it is vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, custodians, or a reasonable geographic, temporal, or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff worked at the Detroit Airport at all times and a reasonable temporal scope is January 1, 2022 to October 21, 2024. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged. Finally, this Request seeks information and documents that are not in Delta's care, custody, and control; is cumulative and duplicative of Request for Production No. 1, which also seeks policies relating to shift-swapping; and seeks cumulative and duplicative information, i.e., policies, manuals, procedures, and communications from 2018 to the present. But policies presently in effect are sufficient to apprise Plaintiff of Delta's policies, procedures, and expectations.**
>
> **Subject to and without waiving these objections, Delta refers Plaintiff to its response and objections to Request for Production No. 1.**

**RFP No. 18.** Records of DTW ACS employees who requested accommodations, returned from leave/injury, or had shift swaps reinstated (2018–present).

**RESPONSE: Delta objects to this Request as it is vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Delta does not maintain a list or file of "records" related to responsive employees and would have to manually search for seven years of records to identify potentially responsive documents, which is disproportionate to the needs of this case. Plaintiff's Request also fails to set forth responsive documents, custodians, or a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. There is no leave/injury at issue in this lawsuit. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged. Finally, this Request seeks to invade the privacy of non-party employees, including employees who are not similarly situated to Plaintiff.**

**Subject to and without waiving these objections, Delta is conducting a search for responsive, non-privileged documents and will supplement this response as needed.**

**RFP No. 19.** DTW ACS bid postings and awards, including seniority lists (2018–present).

**RESPONSE: Delta objects to this Request as it is compound, containing discrete requests for (1) bid documents and (2) seniority lists. This Request is also vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence.**

Subject to and without waiving these objections, Delta is conducting a search for potentially responsive documents and will supplement its response to this Request as needed.

**RFP No. 20.** DTW ACS employee injury reports by department (Ramp/Above Wing/Below Wing) (2018–present).

<u>**RESPONSE**</u>**: Delta objects to this Request as it is vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, custodians, or a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. There are no injuries at issue in this lawsuit. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged.**

**RFP No. 21.** Produce a list of all **Performance Leaders (PLs), Operating Service Managers (OSMs), supervisors, and other leaders** assigned to DTW ACS Ramp from January 1, 2018 to present, including for each bid period:

- their **assigned work areas**,

- their **scheduled shifts and days off**, and

- a **list of their direct reports (employees they supervised)**.

**RESPONSE**: Delta objects to this Request as it is overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Specifically, this Request seeks information about local management which is suited for an interrogatory, not a request for production. Delta is under no obligation whatsoever to create documents in response to any written discovery requests. Plaintiff's Request also fails to set forth a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Local management's assigned work areas, scheduled shifts, and days off are not remotely at issue in this lawsuit; nor is the identify of their direct reports.

**RFP No. 22.** Companywide employee injury reports (2020–present).

**RESPONSE**: Delta objects to this Request as it is vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, custodians, a reasonable geographic, temporal, or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. There are no employee injuries at issue in this lawsuit. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged. Finally, this Request is cumulative and duplicative of Request for Production No. 20, which also seeks injury reports. Subject to and without waiving these objections, Delta refers Plaintiff to its response and objections to Request for Production No. 20.

**RFP No. 23.** Employee safety, ethics, or workplace culture surveys (2018–present), including any results provided to managers, executives, or HR.

**RESPONSE: Delta objects to this Request as it is vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. As Delta does not maintain a list or file with responsive documents, the Company would have to manually search seven years of companywide documents to find potentially responsive documents, which is plainly disproportionate to the needs of this case. Plaintiff's Request also fails to set forth responsive documents, custodians, a reasonable geographic, temporal, or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged.**

**RFP No. 24.** Lawsuits, complaints, investigations, inquiries, or settlements involving discrimination, retaliation, accommodations, or workplace safety (2018–present), including resolutions or settlements.

**RESPONSE: Delta objects to this Request as it is vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. As Delta does not maintain a list or file with responsive documents, the Company would have to manually search for seven years of company-wide documents, including in systems maintained by its legal department and outside counsel, and is plainly disproportionate to the needs of this case. Plaintiff's Request also fails to set forth responsive documents, custodians, a reasonable geographic, temporal, or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Not every lawsuit, complaint, investigation, inquiry, or settlement is relevant to this lawsuit, particularly where the involved employees are not similarly situated to Plaintiff. Further, Delta objects to this Request insofar as it**

**seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged. Finally, Delta objects to this Request as it seeks to require Delta to provide information and documents that are equally available to Plaintiff via public records requests**

**Subject to and without waiving these objections, Delta is conducting a search for responsive documents and will supplement its response to this Request as needed.**

RFP No. 25. Documents showing how hours worked are tracked for company-wide and/or DTW ACS for shift- swapping, shift swapping policy, ready reserve, seasonal, benefited, benefits eligibility, ACS including system manuals or guides (2018–present).

**<u>RESPONSE</u>: Delta objects to this Request as it is vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. As Delta does not maintain a list or file with "[d]ocuments showing how hours worked are tracked," the Company would have to search seven years of companywide documents to identify potentially responsive documents, which is plainly disproportionate to the needs of this case. Plaintiff's Request also fails to set forth responsive documents, custodians, a reasonable geographic, temporal, or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged.**

**Subject to and without waiving these objections, see Divisional Practice Memo ("DPM") previously produced as Delta-Jones000001 to 000052.**

**Delta will produce additional responsive, non-privileged documents on a rolling basis including December 14, 2023 Memo re: Swaps and Plaintiff's wage statements.**

**RFP No. 26.** Communications to managers or HR about shift swapping, hours tracking, or benefits eligibility (2018–present).

**<u>RESPONSE</u>: Delta objects to this Request as it is compound, containing discrete requests for communications regarding (1) shift swapping, (2) hours tracking, and (3) benefits eligibility. This Request is also vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, custodians, or a reasonable geographic, temporal, or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's benefits eligibility is not at issue in this lawsuit. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged. Finally, this Request seeks documents that are not in Delta's care, custody, and control.**

**Subject to and without waiving these objections, Delta is conducting a search for potentially responsive documents and will supplement this response as needed.**

**RFP No. 27.** All communications, notes, or directives restricting or denying Plaintiff's accommodations, leaves, benefits, shift swaps, return-to-work clearance, or system access (2018–present).

**RESPONSE**: Delta objects to this Request as it is compound, containing discrete requests for communications, notes, or directives relating to (1) Plaintiff's accommodations, (2) leaves, (3) benefits, (4) shift swaps, (5) return to work clearance, and (6) system access. This Request is also vague and ambiguous, overly broad, unduly burdensome and seeks to impose burdens on Delta beyond those contemplated by the Federal Rules of Civil Procedure or the Local Rules of this Court. Plaintiff's Request also fails to set forth responsive documents, custodians, or a reasonable temporal or topical scope, and seeks information and documents which are not relevant to any claim or defense at issue in this case or reasonably calculated to lead to the discovery of admissible evidence. Plaintiff's leaves, benefits, return-to-work clearance, and system access are not at issue in this lawsuit. Further, Delta objects to this Request insofar as it seeks information and documents protected by the attorney-client privilege, work product doctrine, or any other applicable privilege. Communication between a corporation's attorneys and its employees is privileged. Finally, this Request seeks to require Delta to provide information and documents that are equally available to Plaintiff, who was party to responsive communications, as well as information and documents that are not in Delta's care, custody, and control.

Subject to and without waiving these objections, Delta is conducting a search for potentially responsive documents and will supplement this response as needed.

Respectfully submitted,

*/s/ Lauren H. Zeldin*
Lauren H. Zeldin (GA Bar #368999)
Ogletree, Deakins, Nash, Smoak & Stewart, P.C.
191 Peachtree Street, N.E.
Suite 4800
Atlanta, GA 30303
Tel: 404-946-0845
Dated: December 19, 2025     Fax: 404-870-1732
lauren.zeldin@ogletree.com

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on December 19, 2025, I served a copy of the foregoing Response to Plaintiff's Revised Requests for Production to the Plaintiff via email at <u>lrbj_99@yahoo.com</u> with another copy to Plaintiff sent via first class U.S. mail to the following address:

Littiece Jones, pro se
45014 Trails Ct.
Canton, MI 48187

*/s/ Lauren H. Zeldin*
Lauren H. Zeldin (GA Bar #368999)
Ogletree, Deakins, Nash, Smoak
& Stewart, P.C.
191 Peachtree Street, N.E.,
Suite 4800
Atlanta, GA 30303
Tel: 404-946-0845
Fax: 404-870-1732
lauren.zeldin@ogletree.com