UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

LITTIECE JONES,                                             Case No. 2:24-cv-11224

Plaintiff,                                                  Hon. Susan K. DeClercq

v.

DELTA AIR LINES, INC.,

Defendant.

---

**PLAINTIFF'S RESPONSE IN OPPOSITION TO DEFENDANT'S RENEWED MOTION TO DISMISS**

---

## I. INTRODUCTION

Plaintiff respectfully opposes Defendant's Renewed Motion to Dismiss pursuant to Federal Rules of Civil Procedure 37(b) and 41(b).

Dismissal with prejudice is a harsh sanction reserved for extreme cases involving a clear record of willful or contumacious conduct. Knoll v. Am. Tel. & Tel. Co., 176 F.3d 359, 363 (6th Cir. 1999); Little v. Yeutter, 984 F.2d 160, 162 (6th Cir. 1993). The Sixth Circuit requires courts to balance docket management concerns against the strong policy favoring disposition on the merits. Little, 984 F.2d at 162. Courts must balance docket management concerns against the strong policy favoring disposition on the merits. Id.

The Sixth Circuit has repeatedly emphasized that dismissal is appropriate only where a party has demonstrated willfulness, bad faith, or reckless disregard for judicial proceedings. See *Sheppard Claims Serv., Inc. v. William Darrah & Assocs.*, 796 F.2d 190, 194 (6th Cir. 1986); *Freeland v. Amigo*, 103 F.3d 1271, 1277–80 (6th Cir. 1997).

That standard is not met here.

Plaintiff:

- Participated in discovery;
- Appeared for two days of deposition (January 8–9, 2026);
- Answered questions;
- Transmitted discovery materials;
- Sought communication disability accommodations;
- Contacted the ADA Coordinator as directed;
- Sought Pro Se Clinic assistance;
- Remains prepared to complete production.

Any deficiencies reflect documented communication-processing limitations and logistical receipt disputes—not willful defiance.

## II. PROCEDURAL CONTEXT

In ECF No. 89, entered November 5, 2025, the Court extended discovery through January 16, 2026 and warned that failure to comply during the extension could result in dismissal.

Within that period:

- Multiple federal and religious holidays occurred;
- Plaintiff's treating provider left the practice, disrupting continuity of care;
- Plaintiff sought updated medical documentation;
- The communication disability accommodations process with the ADA Coordinator was not yet fully operationalized;
- Plaintiff was navigating medical care and safety-related coordination for herself, parent, and a dependent.

Despite this compressed and medically disrupted period, Plaintiff attended deposition and transmitted discovery materials during the extension.

There is no record of Plaintiff ignoring a court order or refusing to appear.

Plaintiff does not present these circumstances as justification for noncompliance, but as context demonstrating that the discovery window was functionally compressed by medical, safety, and procedural obligations beyond ordinary litigation demands.

Despite these circumstances, Plaintiff attended deposition and transmitted discovery materials during the extended period.

## III. FACTUAL CLARIFICATIONS

### A. Plaintiff Produced Discovery

Plaintiff transmitted discovery responses and possesses proof of transmission. Any dispute or assertion that materials were not received reflects a confirmation dispute — not intentional withholding.regarding receipt reflects a confirmation issue—not intentional withholding.

Plaintiff continues to possess additional responsive materials and is prepared to produce them through structured communication related disability accommodations.

## B. Plaintiff Appeared for Deposition

Plaintiff attended deposition on January 8, 2026 at Avalon Healing Center and January 9, 2026 at University of Michigan Livonia Health Center.

Plaintiff did not refuse to attend.

Plaintiff did not refuse to answer questions. Plaintiff did not Obstruct. Plaintiff filed Motion to preserve recording of January 8, 2026 status conference which raises concerns including but not limited to the transcript filed.

Participation in two days of deposition contradicts any claim of willful obstruction.

## C. Communication-Related Disability

On February 17, 2026, Plaintiff's medical provider documented a communication-related disability substantially limiting:

- Oral communication;
- Written communication;
- Concentration;
- Processing complex information.

See 42 U.S.C. § 12102(2)(A); 29 C.F.R. § 1630.2(i).

These limitations directly affect Plaintiff's ability to efficiently manage complex communication discovery tasks without structured support.

 The writing of interrogatory responses and organization of voluminous materials is not willful obstruction — it is impacted by medically documented communication-processing limitations.

---

## IV. COMMUNICATION DISABILITY ACCOMMODATIONS WITH THE ADA COORDINATOR, JUDICIAL POLICY, AND ADA ACCESS FRAMEWORK

In ECF 89, the Court directed Plaintiff to contact the ADA Coordinator.

Plaintiff did so  October 2025 throughout and again in February 2026.

Although the ADA does not directly apply to the federal judiciary, the Judicial Conference has adopted policies requiring courts to provide reasonable accommodations to ensure effective communication access. See Guide to Judiciary Policy, Vol. 5, Ch. 2 § 255.10.

While information was provided, structured communication accommodations specific to discovery management were not fully implemented before the close of the extended discovery period.

Plaintiff's outreach reflects compliance, not defiance.

Email communications from Court operatons supervisor and ADA coordinator in February indicate that although the ADA does not directly apply to the federal judiciary, the Judicial Conference has adopted policies requiring courts to provide reasonable accommodations to

ensure effective communication access for individuals with disabilities. See Guide to Judiciary Policy, Vol. 5, Ch. 2 § 255.10.

Plaintiff contacted the ADA Coordinator in October 2025 and February 2026 regarding communication disability accommodations. While information was provided, structured accommodations specific to complex discovery-related communication tasks were not fully implemented before the close of the extended discovery period.

Plaintiff has been navigating this case without counsel. Although Plaintiff has utilized available drafting tools for document preparation, discovery production requires organization, sorting, document review, and complex communication processing that are substantially limited by Plaintiff's documented disabilities. Plaintiff does not seek indefinite accommodation. Plaintiff is currently undergoing structured medical treatment pursuant to a defined treatment plan aimed at improving communication-processing capacity. Treatment is ongoing but finite in structure, and Plaintiff anticipates measurable improvement within a defined timeframe, enabling completion of discovery in an organized and effective manner. . Plaintiff does not seek indefinite accommodation. Plaintiff is currently undergoing structured medical treatment aimed at improving communication-processing function, and seeks a defined and reasonable framework within which to complete production effectively.

Seeking assistance is inconsistent with intent to thwart proceedings.

Plaintiff's outreach reflects good-faith effort to comply within the Court's access framework.

---

## V. PRO SE CLINIC EFFORTS

Plaintiff sought assistance from the Pro Se Clinic beginning in 2024 but they were unable to assist with this case. Therefore, Plaintiff has been acting on her own with communicative AI

assistance and renewed that request with Prose clinic in January 2026 before the deadline, receiving a response and assistance from the ProSe Clinic in February 2026.

Seeking legal assistance is inconsistent with intent to delay or thwart proceedings.

## VI. RULE 37 FOUR-FACTOR ANALYSIS

The Sixth Circuit considers:

1. Willfulness, bad faith, or fault;
2. Prejudice;
3. Notice;
4. Consideration of lesser sanctions.

Knoll, 176 F.3d at 363; Freeland v. Amigo, 103 F.3d 1271, 1277–80 (6th Cir. 1997).

## 1. No Willfulness or Contumacious Conduct

Culpable conduct requires intent to thwart judicial proceedings or reckless disregard. Sheppard Claims Serv., 796 F.2d 190, 194 (6th Cir. 1986).

Plaintiff:

- Appeared for deposition on multiple days;
- Transmitted materials;

- Contacted ADA Coordinator;
- Sought clinic assistance;
- Continues to prepare production.

This is not a clear record of delay.

The compressed discovery window—occurring during holidays, medical-provider disruption, ongoing medical coordination, and incomplete accommodation implementation—demonstrates circumstantial limitation, not intentional defiance.

## 2. No Substantial Prejudice

Defendant conducted two full days of deposition and received and did not receive discovery materials in advance of discovery from Defendant. Any remaining production can be completed within a structured schedule. Any additional production is curable.

Prejudice must be substantial and irreparable — not inconvenience.

## 3. Notice

Plaintiff was aware of the Court's warning and attempted compliance during the extension.

## 4. Lesser Sanctions

The Sixth Circuit instructs that, absent contumacious conduct, courts should impose lesser sanctions rather than dismissal with prejudice. *Freeland*, 103 F.3d at 1280; *Carter v. City of Memphis*, 636 F.2d 159, 161 (6th Cir. 1980).

Structured compliance remains feasible.

Absent contumacious conduct, courts should employ alternative sanctions rather than dismissal with prejudice. Freeland, 103 F.3d at 1280; Carter, 636 F.2d at 161.

Structured compliance remains achievable.

---

## VII. FORWARD COMPLIANCE PLAN & ALTERNATIVE RELIEF

Plaintiff proposes the following sequence:

- A coordinated meeting or structured communication with the Court's ADA Coordinator to operationalize communication-related accommodations specific to discovery tasks;
- Rolling production within fourteen (14) days following implementation of structured communication accommodations;
- Written confirmation of receipt;
- Defined electronic format;
- Completion of any remaining deposition time, if necessary.

Should the Court determine corrective measures are warranted, Plaintiff respectfully requests a structured compliance framework rather than dismissal with prejudice.

## VIII. ANALOGY AND PROPORTIONALITY

Requiring full and immediate compliance without structured communication support and accommodations is akin to asking a person without legs to walk from point A to point B. The person may be willing, but the means matter. Slower progress is not defiance.
As Dr. Martin Luther King Jr. observed:
"It is a cruel jest to say to a bootless man that he ought to lift himself by his own bootstraps."
Plaintiff seeks not avoidance of obligation, but meaningful access to comply.

Plaintiff proceeds in good faith, seeking fairness, proportionality, and meaningful access to comply with the Court's orders. As a Christian, Plaintiff recognizes that documented medical limitations do not negate responsibility, but require strength, structure, and lawful accommodation to fulfill it.
"Mercy triumphs over judgment." — James 2:13
"My grace is sufficient for thee: for my strength is made perfect in weakness." — 2 Corinthians 12:9

## IX. NOTICE REGARDING SABBATH OBSERVANCE

Plaintiff files this response in good faith to comply with the Court's deadline. Plaintiff observes the Sabbath from Friday sunset to Saturday sunset and is unable to continue drafting during that

period. Plaintiff respectfully reserves the right to file a brief supplemental memorandum, if necessary, promptly following the conclusion of Sabbath observance.

## X. CONCLUSION

Plaintiff does not refuse to comply with discovery. Plaintiff seeks the ability to comply effectively. Structured accommodation enables compliance. Dismissal with prejudice would prematurely foreclose adjudication on the merits.

For these reasons, Plaintiff respectfully requests that Defendant's Renewed Motion to Dismiss be denied.

Respectfully submitted,

/s/Littiece Jones

Plaintiff, Pro Se

45014 Trails Ct.

Canton, MI 48187

LRBJ_99@yahoo.com

313-515-9797

Date: February 20, 2026

---

# EXHIBIT LIST

Exhibit 1 – February 17, 2026 Medical Provider Letter

Exhibit 2 –  Emails ADA Coordinator/Court

Exhibit 3 -Emails Court Operational Manager

Exhibit 4 – ADA Handbook Guidelines to Court

Exhibit 5 – Guide to Judiciary Policy, Vol. 5, Ch. 2 § 255.10

Plaintiff respectfully reserves the right to file any remaining referenced exhibits promptly following Sabbath observance and final document compilation.

---

# CERTIFICATE OF SERVICE

I hereby certify that on this 20th day of February, 2026, I electronically filed the foregoing Plaintiff's Response in Opposition to Defendant's Renewed Motion to Dismiss, together with the attached exhibits, with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

---

/s/ Littiece Jones

Plaintiff, Pro Se

45014 Trails Ct.

Canton, MI 48187

LRBJ_99@yahoo.com

313-515-9797

Date: February 20, 2026