# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

LITTIECE JONES,                                                    Case No. 2:24-cv-11224

Plaintiff, Pro Se

v.                                                                 Hon. Susan K. DeClercq

DELTA AIR LINES, INC.,

Defendant.

## PLAINTIFF'S NOTICE REGARDING STATUS CONFERENCE, PROCEDURAL FAIRNESS, RECORD CLARIFICATION, DISCOVERY STATUS, AND FORTHCOMING EVIDENCE

Plaintiff Littiece Jones, proceeding pro se, respectfully submits this Notice so that the Court's record accurately reflects several procedural and factual circumstances affecting Plaintiff's ability to participate in this litigation prior to the Court issuing a ruling on Defendant's pending motions.

This Notice is submitted in good faith and is not intended to relitigate the merits of the parties' motions. Rather, Plaintiff seeks to ensure that the Court has a complete understanding of the procedural context of discovery, Plaintiff's medical limitations, disputes regarding certain factual representations made by Defendant, and the ongoing harm Plaintiff continues to experience during the course of this litigation.

## I. BACKGROUND AND PROCEDURAL CONTEXT

This case arises from Plaintiff's claims against Defendant Delta Air Lines, Inc. involving religious accommodations, disability accommodations, and retaliation for protected activity within the time period reported in Plaintiff's EEOC charge and administrative filings.

During the course of this litigation, disputes have arisen regarding discovery, Plaintiff's ability to review certain materials due to medical limitations, and communications between the parties regarding Plaintiff's employment status and accommodations.

Plaintiff has attempted to comply with discovery obligations while managing ongoing medical treatment and communication-related limitations. Plaintiff has also raised concerns regarding certain factual representations made during proceedings and the absence of underlying evidence referenced by Defendant.

Plaintiff submits this Notice so that these matters are reflected in the record prior to the Court's ruling.

## II. MAINTAINING THE STATUS QUO

During earlier proceedings in this case, the Court referenced maintaining the status quo while the matter remains in active litigation.

The status quo in this case included preservation of Plaintiff's ability to work without being forced to violate her religious beliefs, preservation of Plaintiff's religious accommodations and disability accommodations, and protection from retaliation or adverse employment actions while the Court considers the merits of the claims.

Maintaining the status quo necessarily includes protecting Plaintiff's religious exercise, disability accommodations, and protection from retaliation during the course of this litigation.

Failure to maintain these protections risks ongoing and irreparable harm to Plaintiff, including but not limited to chilling effect in reporting protected activity, continued loss of employment opportunities, interference with Plaintiff's sincerely held religious practices, denial of disability accommodations, and exposure to retaliatory actions while the Court considers the merits of Plaintiff's claims.

## III. PLAINTIFF'S STATUS AS A PRO SE LITIGANT

Plaintiff is currently representing herself without counsel. Plaintiff notes that since August 2024, Defendant has prevented Plaintiff from returning to work and Plaintiff's income has been significantly impacted.

As a result of the loss of employment income, Plaintiff has experienced substantial financial hardship during the course of this litigation.Plaintiff states that the loss of employment income has significantly limited Plaintiff's ability to retain private legal counsel and has effectively required Plaintiff to proceed pro se while attempting to pursue her claims.

Plaintiff respectfully asks the Court to consider Plaintiff's pro se status and the circumstances affecting Plaintiff's ability to obtain legal representation when evaluating procedural issues in this case.

## IV. DISABILITY AND ACCOMMODATION CONSIDERATIONS

Plaintiff has documented medical conditions and disabilities associated with workplace injuries and related trauma.

These conditions affect Plaintiff's ability to review certain materials connected to the underlying events in this case.

Plaintiff is currently undergoing treatment and working with medical providers to safely review discovery materials. Progress is being made, and Plaintiff continues to make good-faith efforts to comply with discovery obligations while following medical guidance.

## IV.A REQUESTS FOR COMMUNICATION DISABILITY ACCOMMODATIONS

Plaintiff respectfully notes that Plaintiff has requested communication-related disability accommodations from the beginning of this case and throughout the course of this litigation.

Plaintiff made these requests to ensure that Plaintiff could fully understand proceedings, communicate effectively, and meaningfully participate in litigation processes, including discovery communications and court proceedings.

Plaintiff further notes that only recently have representatives of the Court initiated communications regarding the accommodation process with the Court's ADA Coordinator, and that the process for identifying and implementing appropriate accommodations remains ongoing.

Plaintiff raises this issue so the record reflects that Plaintiff has consistently requested communication accommodations and that the accommodation process remains in progress.

## V. DISCOVERY STATUS AND MEDICAL LIMITATIONS

Plaintiff respectfully notes that she possesses additional discovery materials relevant to the claims in this case.

Plaintiff is working with medical providers and treatment professionals to review these materials due to the trauma-related nature of certain underlying events.

Any delays in discovery have not been the result of willful disobedience but rather documented medical limitations that are currently being treated.

Plaintiff continues to make good-faith efforts to review responsive materials and prepare additional discovery for production.

Plaintiff respectfully notes that discovery production is not indefinite, and that there are definite benchmarks for progress as Plaintiff continues treatment and review of responsive materials.

## VI. OVERBREADTH AND PROPORTIONALITY OF DISCOVERY

Plaintiff respectfully notes that certain discovery requests appear overbroad and disproportionate to the needs of this case.

Under Federal Rule of Civil Procedure 26(b)(1), discovery must be limited to matters that are relevant and proportional to the needs of the case.

Reasonable limits on discovery would allow the process to proceed efficiently while respecting Plaintiff's documented medical limitations.

## VII. LEGAL STANDARD FOR DISMISSAL

Defendant seeks dismissal under Federal Rules of Civil Procedure 37(b) and 41(b).

The Sixth Circuit has held that dismissal is an extraordinary sanction and that courts must consider several factors before imposing dismissal, including:

1. whether the conduct was willful or in bad faith

2. whether the opposing party suffered prejudice

3. whether the party was warned that dismissal could occur

4.  whether lesser sanctions were considered first.

## VIII. COURT'S STATEMENT REGARDING PRIOR SANCTIONS

Plaintiff respectfully notes that during the March 12, 2026 status conference, the Court stated that Plaintiff has not previously been sanctioned in this matter.

The absence of prior sanctions is relevant when evaluating Defendant's request for dismissal.

## IX. CONCERNS REGARDING ASSUMPTIONS AND REPRESENTATIONS

Plaintiff respectfully raises the following concerns solely to preserve the record. Plaintiff believes certain rulings appear to have relied on representations made by Defendant's counsel rather than underlying evidence, despite Plaintiff requesting the opportunity to review the referenced materials.

Plaintiff also notes that Defendant has represented inconsistent positions regarding certain company policies and Plaintiff's employment status. Plaintiff raises these concerns so the record reflects that factual disputes exist and that Plaintiff has requested the opportunity to present evidence.

## X. PROTECTIVE ORDER AND TRANSCRIPT ISSUES

Plaintiff respectfully notes that entry of a protective order necessary for discovery was delayed.

Plaintiff also believes that certain transcripts may contain inaccuracies and intends to seek review or correction where necessary.

## XI. EMPLOYMENT STATUS AND LOSS OF INCOME

Plaintiff states that Defendant has prevented Plaintiff from returning to work since August 2024, resulting in prolonged loss of income. Multiple termination dates have been referenced by Defendant. Plaintiff received documentation regarding earlier dates but states that she did not receive written notice confirming termination on September 30, 2025.

Without clear termination notice, Plaintiff has been unable to pursue unemployment benefits.

The prolonged loss of income has created significant hardship during the course of this litigation.

## XII. RELIGIOUS ACCOMMODATION AND RETALIATION

Plaintiff is a Seventh-day Adventist whose sincerely held religious beliefs prohibit working on the Sabbath.

Plaintiff states that Defendant was aware of Plaintiff's religious beliefs and prior accommodation practices involving shift trading that allowed Plaintiff to avoid working during the Sabbath.

Plaintiff further states that she had already arranged a shift swap accommodation to avoid working during the Sabbath on July 27, 2024.

Plaintiff states that Defendant denied the previously arranged shift swap, which Plaintiff believes occurred in retaliation and resulted in Plaintiff being required to work on the Sabbath despite Defendant's knowledge of Plaintiff's religious beliefs.

Plaintiff further states that after reporting interference with her religious accommodation rights, Defendant later issued disciplinary action against Plaintiff on January 1, 2025.

Plaintiff notes that these events occurred during active litigation in this case, at a time when Defendant was aware of the ongoing proceedings. Plaintiff therefore believes these actions constitute retaliation for protected activity.

## XIII. SHIFT-SWAP POLICY AND 20-HOUR REQUIREMENT

Prior proceedings referenced Defendant's policy that shift-trading privileges may be revoked if an employee does not maintain an average of 20 hours per week over a rolling three-month period.

Plaintiff respectfully submits that the application of this policy is directly related to the claims of discrimination and retaliation at issue in this case, and the policy itself is part of the underlying factual dispute in this litigation.

---

## XIV. SCRIPTURAL PRINCIPLE

### 1. "No weapon formed against thee shall prosper"

📖 Isaiah 54:17 (KJV)

"No weapon that is formed against thee shall prosper; and every tongue that shall rise against thee in judgment thou shalt condemn.

This is the heritage of the servants of the Lord, and their righteousness is of me, saith the Lord."

Meaning:

God promises protection and vindication against attacks, accusations, or injustice.

---

## 2. "We wrestle not against flesh and blood"

📖 Ephesians 6:12 (KJV)

"For we wrestle not against flesh and blood, but against principalities, against powers, against the rulers of the darkness of this world, against spiritual wickedness in high places."

Meaning:

The verse teaches that struggles are often deeper than just conflicts with people—they involve broader spiritual or moral battles.

## 3. Scripture about speaking for justice

📖 Proverbs 31:8–9

📖 **Proverbs 31:8–9 (NIV)**

**8** Speak up for those who cannot speak for themselves,

for the rights of all who are destitute.

**9** Speak up and judge fairly;

defend the rights of the poor and needy

**Proverbs 31:8–9 means:** *Speak up for those whose voices are not heard and ensure that justice is fair and protects the rights of the vulnerable.*

Plaintiff respectfully notes that as a Christian, these principles and scriptures encourage fairness, justice, and speaking truthfully when seeking protection of one's legal rights. By the grace of God, Plaintiff has been able to depend on God to provide while facing these legal proceedings, barriers, hardships, and ongoing harms.

## XV. NOTICE OF ADDITIONAL EVIDENCE AND EXHIBITS

Plaintiff respectfully notes that she possesses additional evidence relevant to the issues discussed in this Notice and the claims in this case.

This evidence includes, but is not limited to:

- documentary evidence related to the issues described herein;
- communications relevant to Plaintiff's claims; and

- notarized sworn statements from former and/or retired Delta Air Lines employees with personal knowledge of company policies, practices, and events relevant to the claims in this case.

Plaintiff further notes that certain prior representations were made suggesting that Plaintiff had engaged in harassment of Delta employees. Plaintiff opposed those representations and requested the opportunity to review the underlying communications referenced by Defendant. Plaintiff states that such evidence was not produced to Plaintiff.

Plaintiff respectfully notes that prior rulings referenced these representations despite the absence of underlying evidence being presented to Plaintiff.

Plaintiff believes the notarized statements from former and/or retired Delta employees, along with additional documentary evidence Plaintiff intends to submit, will assist the Court in evaluating these issues and ensuring that the record reflects the relevant facts.

Plaintiff further respectfully notes that the existence of such representations has affected Plaintiff's ability to fairly litigate this case, including Plaintiff's ability to communicate with potential witnesses and conduct discovery.

Due to the medical limitations described above and the need to carefully review certain materials with medical providers, Plaintiff is currently organizing and preparing these materials for submission.

Plaintiff intends to submit these exhibits and supporting materials to the Court as soon as they are properly organized and prepared for filing.

Plaintiff respectfully notes that the forthcoming sworn statements and supporting evidence may assist the Court in evaluating factual issues relevant to the pending motions. Plaintiff therefore respectfully requests that the Court consider the existence of this forthcoming evidence when evaluating the pending matters before issuing a ruling.

## XVII. RECORD PRESERVATION REGARDING FAIRNESS AND EVIDENTIARY BASIS

Plaintiff respectfully raises concerns regarding certain rulings that appear to have relied on representations made by Defendant's counsel without the underlying evidence being presented to Plaintiff.

Plaintiff opposed those representations and requested the opportunity to review the referenced communications and materials. Plaintiff states that such materials were not produced to Plaintiff.

Plaintiff respectfully notes that reliance on such representations without the underlying evidence being presented to Plaintiff has affected Plaintiff's ability to fairly litigate this case, including Plaintiff's ability to conduct discovery and depose witnesses.

Plaintiff raises these concerns so that the record reflects Plaintiff's position that factual disputes exist and that Plaintiff has requested the opportunity to present evidence addressing those representations.

Plaintiff respectfully raises these issues for purposes of preserving the record and ensuring that the proceedings are based on a full and complete evidentiary record.

## XVIII. CONCLUSION

Plaintiff respectfully submits this Notice so that the Court's record accurately reflects the procedural and factual circumstances affecting Plaintiff's ability to participate in this litigation.

Plaintiff respectfully asks the Court to consider the matters described herein, including Plaintiff's pro se status, medical limitations, ongoing accommodation process, outstanding discovery issues, disputes regarding factual representations, and the additional evidence that Plaintiff intends to submit.

Plaintiff further respectfully requests that the Court consider these circumstances, as well as the forthcoming sworn statements from former and/or retired Delta Air Lines employees and other supporting evidence, when evaluating the pending motions and determining the appropriate course of proceedings in this case.

Plaintiff submits this Notice in good faith and for the purpose of ensuring that the Court has a complete and accurate record prior to ruling on the pending matters before the Court.

**CERTIFICATE OF SERVICE**

I hereby certify that on this date I electronically filed the foregoing with the Clerk of the Court using the Court's **CM/ECF system**, which will send notification of such filing to all counsel of record.

Date: March 13, 2026

---

/s/ Littiece Jones

45014 Trails Ct.

Canton, MI 48187

313-515-9797
Plaintiff, Pro Se