# UNITED STATES DISTRICT COURT

# EASTERN DISTRICT OF MICHIGAN

LITTIECE JONES,

Plaintiff,

v.

DELTA AIR LINES, INC.,

Defendant.

Case No. 2:24-cv-11224

Hon. Susan K. DeClercq

# PLAINTIFF'S MOTION TO PRESERVE STATUS QUO, PROTECT THE INTEGRITY OF THE PROCEEDINGS, AND FOR PROTECTIVE AND INJUNCTIVE RELIEF

Plaintiff Littiece Jones, proceeding pro se, respectfully moves this Court for an order preserving the status quo and protecting the integrity of these proceedings.

This motion seeks relief regarding issues affecting Plaintiff's ability to fairly participate in this litigation, including alleged retaliation occurring during the pendency of the case, witness interference concerns, disputed representations made to the Court, discovery compliance issues, communication-disability accommodations, and the need to preserve the integrity of the judicial record.

## I. INTRODUCTION

Plaintiff initiated protected activity by filing a charge with the Equal Employment Opportunity Commission in 2023, and later filed this civil action in federal court in 2024.

Plaintiff asserts that since engaging in protected activity and filing this lawsuit, Defendant has engaged in conduct that interferes with Plaintiff's employment, ability to work, and ability to effectively litigate this case.

Plaintiff further asserts that Defendant's actions have prevented Plaintiff from working or receiving wages since at least 2024, which has significantly affected Plaintiff's ability to obtain counsel and effectively pursue this litigation.

Plaintiff respectfully requests that the Court exercise its authority to preserve the status quo and ensure the fairness and integrity of these proceedings.

## II. BACKGROUND

Plaintiff filed an EEOC inquiry and subsequently charge initially in 2023 alleging unlawful conduct by Defendant.

After pursuing administrative remedies, Plaintiff filed this civil action in 2024.

Plaintiff also sought temporary restraining order relief from this Court in 2024.

Plaintiff asserts that since engaging in protected activity and filing this lawsuit, Defendant has engaged in conduct that interferes with Plaintiff's protected activity, employment, and ability to litigate this case.

Plaintiff further asserts that Defendant's actions have resulted in Plaintiff being unable to work or earn wages since at least 2024, and that these circumstances have significantly affected Plaintiff's ability to obtain counsel and effectively pursue this litigation.

## III. LEGAL AUTHORITY

Federal courts possess authority under the Federal Rules of Civil Procedure and their inherent powers to protect the integrity of judicial proceedings.

Relevant authority includes:

Federal Rule of Civil Procedure 26(c) – authorizing protective orders.

Federal Rule of Civil Procedure 34 – governing production of documents.

Federal Rule of Civil Procedure 37 – addressing discovery compliance.

Federal courts also possess inherent authority to protect the integrity of judicial proceedings and prevent conduct that interferes with the administration of justice.

## IV. ISSUES PRESENTED TO THE COURT

## A. Allegations of Harassment Without Supporting Evidence

Defendant has asserted that Plaintiff allegedly harassed Delta employees.

Plaintiff disputes these allegations and notes that the communications referenced by Defendant have not been produced.

Plaintiff therefore requests production of the communications referenced by Defendant in support of those allegations.

## B. Witness Participation Concerns

Plaintiff asserts that the allegations described above may have a chilling effect on potential witnesses and individuals with relevant knowledge who may otherwise be willing to participate in these proceedings.

## C. Representations Previously Made to the Court

Defendant previously represented that certain accommodations relating to shift swapping were available to Plaintiff during the 2024 TRO proceedings.

Plaintiff disputes that such accommodations were meaningfully implemented and seeks documentation supporting those representations.

## D. Clarification of March 12, 2026 Status Conference Statements

During the March 12, 2026 status conference, counsel for Defendant represented that Plaintiff's employment had been terminated effective September 30, 2025.

Plaintiff respectfully and strongly disputes that any termination notice for September 30, 2025 was sent by Defendant and/or received by Plaintiff.

The Court indicated that Defendant could "resend" the alleged notice.

Plaintiff respectfully requests documentation establishing:

- the date the termination of September 30, 2026 decision was made
- the date any notice was sent
- the method of delivery
- the sender of the notice
- confirmation that Plaintiff received such notice

## E. Discovery Compliance

Plaintiff seeks confirmation that Defendant produced all responsive discovery prior to the applicable discovery deadline.

## F. Personnel Record Concerns

Plaintiff raises concerns that Defendant may have made entries within Plaintiff's personnel record that Plaintiff disputes.

Plaintiff therefore requests documentation supporting any such entries.

## G. Plaintiff's Ability to Participate in Litigation and Communication Disability Accommodations

Plaintiff is undergoing medical treatment and has documented communication disabilities that affect Plaintiff's ability to review and prepare litigation materials for extended periods.

Plaintiff therefore respectfully requests reasonable accommodations allowing Plaintiff to submit exhibits related to this motion on a rolling basis aligned with Plaintiff's medical treatment plan.

Plaintiff respectfully requests these accommodations so that Plaintiff may meaningfully participate in these proceedings and ensure that the Court has the opportunity to consider all relevant evidence, consistent with the judiciary's policy of providing reasonable accommodations to individuals with communication disabilities.

## V. ANALOGY ILLUSTRATING EFFECT OF RESOURCE DEPRIVATION

Plaintiff notes that when the federal government experiences a shutdown due to lack of funding, courts and government agencies may limit operations due to lack of resources.

Plaintiff respectfully offers this analogy to illustrate the practical effect of Defendant's actions in this case.

By preventing Plaintiff from working and earning income during the pendency of this litigation, Plaintiff asserts that Defendant has created circumstances that impair Plaintiff's ability to participate in litigation and obtain counsel.

## VI. IRREPARABLE HARM AND PUBLIC INTEREST

Plaintiff asserts that the conduct described above has caused and continues to cause irreparable harm, including but not limited to:

- chilling effect on witness participation

- chilling effect on reporting workplace violations and protected activity

- harm to career opportunities

- harm to religious beliefs and/or observance

- harm to disability-related medical treatment arising from workplace injuries

- harm to aviation safety reporting and regulatory compliance

- national security

## VII. ADDITIONAL IRREPARABLE HARM

Plaintiff asserts that Defendant's actions have prevented Plaintiff from working since 2024, resulting in loss of wages and inability to obtain unemployment benefits and or FMLA, etc.

Plaintiff further asserts harm to:

- seniority rights
- employment status
- FAA career opportunities
- Plaintiff's pursuit of becoming a commercial airline pilot

These harms are continuing and cannot be adequately remedied through monetary damages alone.

## VIII. DUTY OF THE COURT TO PROTECT INTEGRITY OF PROCEEDINGS

Federal courts possess inherent authority to ensure that litigants may pursue their claims without retaliation or interference.

Plaintiff respectfully submits that the issues raised in this motion warrant consideration by the Court to ensure the fairness and transparency of these proceedings.

## IX. REQUESTED RELIEF

Plaintiff respectfully requests that the Court order Defendant to:

1. Produce documentation supporting Defendant's representation that Plaintiff's employment was terminated on September 30, 2026.

2. Produce the six emails referenced by Defendant alleging harassment.

3. Produce documentation supporting Defendant's shift-swap representations during the 2024 TRO proceedings.

4. Confirm that Defendant produced all required discovery prior to the applicable deadline.

5. Produce corporate policies including non-rev travel, medical benefits, shift swap, suspension, termination, workplace violence, bidding, and return-to-work policies.

6. Produce documentation showing how these policies were communicated to employees including Plaintiff.

7. Refrain from conduct interfering with Plaintiff's ability to obtain witness testimony.

8. Permit Plaintiff to submit exhibits on a rolling basis as a communication-disability accommodation aligned with Plaintiff's medical treatment.

9. Preserve official recordings of all hearings and proceedings in this case.

10. Maintain all transcripts of proceedings as part of the official court record.

11. Grant any additional relief necessary to preserve the status quo and fairness of these proceedings.

## X. PRESERVATION OF ISSUES FOR THE RECORD

Plaintiff respectfully raises these matters to ensure that the record accurately reflects the circumstances affecting Plaintiff's ability to participate in this litigation.

Plaintiff further notes that the statements made during the March 12, 2026 status conference regarding Plaintiff's alleged termination are disputed and are raised here to ensure the record accurately reflects Plaintiff's position.

## XI. REQUEST FOR PRESERVATION OF RECORDINGS AND TRANSCRIPTS

Plaintiff respectfully requests that the Court ensure preservation of the official recordings of all hearings and proceedings in this case.

Plaintiff further requests that transcripts of all proceedings be preserved as part of the official record to ensure the record remains complete and accurate.

## XII. CONCLUSION

For the reasons stated above, Plaintiff respectfully requests that the Court grant this motion and issue the requested relief necessary to preserve the status quo, protect the integrity of the proceedings, and ensure Plaintiff's ability to fully participate in this litigation.

Respectfully,

/s/Littiece Jones, Plaintiff Pro Se

45014 Trails Ct

Canton, MI 48187

313-515-9797

---

## STATEMENT REGARDING CONCURRENCE

Pursuant to Local Rule 7.1(a) of the Eastern District of Michigan, Plaintiff sought concurrence from Defendant's counsel regarding the relief requested in this motion.

Defendant's counsel has indicated that Defendant does not concur in the requested relief.

---

## CERTIFICATE OF SERVICE

I hereby certify that on this date a copy of the foregoing document was served upon counsel of record through the Court's electronic filing system.

Date:March 16, 2026

Respectfully submitted,

/s/ Littiece Jones

Plaintiff, Pro Se