UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

                Plaintiff,

v.

DELTA AIR LINES, INC.,

                Defendant.

_____/

Case No. 2:24-cv-11224

Honorable Susan K. DeClercq
United States District Judge

**ORDER GRANTING DEFENDANT'S RENEWED MOTION TO DISMISS (ECF No. 97), DENYING AS MOOT SIX MOTIONS (ECF Nos. 95; 96; 99; 110; 115; 117), AND DISMISSING CASE WITH PREJUDICE**

Although discovery in this employment-discrimination case began well over a year ago, much of it remains incomplete. So, in July 2025, in an attempt to facilitate Plaintiff Littiece Jones's participation in discovery, this Court granted several reasonable discovery accommodations that Jones had requested and reminded Jones of her obligation to participate in discovery.

This Court then extended the discovery deadline twice, and discovery officially ended in January 2026. Now that discovery is closed, Defendant Delta Air Lines, Inc. ("Delta") seeks dismissal of Jones's complaint, alleging she has not complied with court orders nor her discovery obligations, as she admitted to Delta in her January 2026 deposition that she still has many pieces of evidence she has not provided to Delta.

As explained below, this Court will grant Delta's motion, dismiss Jones's complaint with prejudice, and deny all other pending motions as moot.

## I. BACKGROUND

Before addressing the merits of Delta's motion to dismiss, a procedural history of this case is useful.

### A. Jones's Complaint

On May 8, 2024, Jones, proceeding *pro se*, sued her employer, Delta, alleging that Delta violated several federal laws when it failed to promote her, failed to accommodate her disability, provided unequal terms and conditions of employment, retaliated against her, and failed to accommodate her religion. ECF No. 1 at PageID.5. Five months later, Jones filed an amended complaint which laid out seven specific causes of action:

| Count | Allegation |
|---|---|
| I | Violation of Title VII based on religion |
| II | Violation of Title VII based on disability |
| III | Violation of Title VII and Michigan's Elliott-Larsen Civil Rights Act |
| IV | Violation of Title VII based on hostile environment harassment |
| V | Violation of Title VII Severe or Pervasive Requirement |
| VI | Retaliatory harassment |
| VII | Violation of Michigan's Whistleblower's Protection Act |

ECF No. 26 at PageID.452.

### B. First Discovery Extension and Jones's Request for Accommodations

Discovery was originally scheduled to close on June 30, 2025. *See* ECF No.

25. In March 2025, Delta filed a motion to compel Jones to provide responses to some of Delta's interrogatories, produce documents responsive to Delta's requests for production, and sign medical-release authorizations. *See* ECF No. 32 at PageID.549. Jones responded to Delta's motion, explaining that she needed accommodations to comply with her discovery obligations due to her Generalized Anxiety Disorder and her recently diagnosed Post-Traumatic Stress Disorder. ECF No. 34 at PageID.718, 720–21. After a hearing on the motion, *see* ECF No. 37, this Court granted Delta's motion to compel "to the extent [Jones] must respond to [Delta's] specified interrogatories and all requests for production." ECF No. 38 at PageID.776. As for Jones's requests for accommodations, the Court provided Jones "30 days to propose reasonable accommodations for her discovery-production and discovery obligations" for this Court to review. *Id.* Finally, this Court vacated the scheduling order that was in effect, noting that a new scheduling order would "be issued after consideration of [Jones's] proposed discovery and deposition accommodations." *Id.* at PageID.777.

Jones submitted proposed accommodations for this Court's review, and on July 8, 2025, this Court issued an order setting forth which of Jones's proposed discovery accommodations would apply during the remainder of discovery. ECF No. 42. That order also directed Jones to produce completed interrogatory responses to Delta by July 31, 2025, and then "respond to the remaining discovery requests on

- 3 -

a rolling basis based on a priority list identified by [Delta], with a production being made, at a minimum, **once every 14 days**." *Id.* at PageID.785 (emphasis in original). Three weeks later, this Court issued a new scheduling order, setting a new fact discovery deadline of September 30, 2025. ECF No. 45.

### C. Second Discovery Extension and Warnings to Jones

Yet just over a week after the new scheduling order was issued, Delta filed a motion requesting a pretrial conference to discuss ongoing discovery issues. ECF No. 49. This Court granted the motion, ECF No. 56, and the parties appeared for an in-person status conference on August 26, 2025. *See* ECF Nos. 56; 58. During that status conference, the Parties discussed the status of discovery and Jones's ongoing communications with Delta employees.

The following day, this Court ordered Jones to comply with its May 2025 order, ECF No. 38, "by providing complete responses to Delta's interrogatories and requests for production by the close of discovery on September 30, 2025." ECF No. 58 at PageID.837. It also ordered Jones to complete her deposition—in accordance with the accommodations set forth in this Court's July 2025 order, ECF No. 42—by the close of fact discovery, noting that "[i]f Jones is able to produce the records requested by Delta in connection with her deposition" before the scheduled date, Jones could be deposed via Zoom. *Id.* at PageID.837–38; *see also* ECF No. 42 at PageID.786 (detailing the reasonable accommodations for Jones's deposition).

On the evening of September 25, 2025, Jones notified this Court that Delta had terminated her employment and asked this Court to stay Delta's termination decision. ECF No. 67. The next day, Delta filed a motion to dismiss Jones's case for her failure to participate in discovery, explaining that Jones had not made herself available for deposition before the close of fact discovery. ECF No. 69.

On November 5, 2025, this Court issued an order which, among other things, denied Jones's motion to stay Delta's termination decision and denied Delta's motion to dismiss. ECF No. 89. As explained in that opinion and order, although this Court was troubled by Jones's repeated failure to meaningfully engage in discovery, Delta's motion was "denied because it appear[ed] that Delta was the party to cancel Jones's deposition" and Delta could "not place the blame for Jones's failure to be deposed wholly on Jones." *Id.* at PageID.1490 (citing *Bass v. Jostens, Inc.*, 71 F.3d 237, 241 (6th Cir. 1995)).

Accordingly, this Court set a new discovery cutoff date of January 16, 2026, and reiterated that during this final extension of discovery, "Jones *must* provide Delta with (1) complete answers to Delta's interrogatories; (2) responses to all Delta's requests for production; and (3) signed medical authorization requests for *all* providers." *Id.* at PageID.1491. This Court also reiterated that Jones *must* complete "her deposition, subject to the accommodations set forth in this Court's previous order, *see* ECF No. 42, before the new discovery cutoff deadline." ECF No. 89 at

PageID.1491. And "[b]ecause this Court [wa]s troubled by Delta's report that Jones did not respond to Delta's repeated requests for Jones's availability to sit for a deposition in September 2025," the Court directed Jones to provide Delta with six dates within a particular timeframe for which she was available to be deposed. *Id.* Jones was required to provide those six available dates to Delta on or before November 12, 2025. *Id.*

Importantly, in the November 5, 2025 opinion and order, this Court explicitly warned Jones about what would happen if she did not satisfy her discovery obligations. First:

> [T]his Court will remind Jones *yet again* that if she does not satisfy the discovery obligations outlined above by the expiration of the new discovery deadline, her case **will be dismissed** for failure to prosecute and failure to comply with this Court's discovery orders. This is the last warning Jones will receive.

*Id.* at PageID.1491 (emphasis in original). And second:

> Jones is **ON NOTICE** that her failure to comply with *any* of her discovery obligations during this final extension of discovery **will result in dismissal of her case** for failure to prosecute and failure to comply with discovery orders.

*Id.* at PageID.1498 (emphasis in original).

On November 19, 2025—seven days after the deadline by which Jones was directed to provide Delta with her deposition availability—Jones filed an "Emergency Motion for Extension of Time and for Clarification Regarding Discovery Receipt." ECF No. 90 at PageID.1505. In the motion, Jones explained

that she had experienced "a **serious family medical emergency** that is **ongoing** and has required her physical presence, attention, and caregiving." *Id.* (emphasis in original). Accordingly, she sought several 14-day extensions of deadlines she said were scheduled for November 19, 2025. *See generally* ECF No. 90 But this Court denied Jones's motion without prejudice because there were no November 19, 2025 deadlines, and "it [wa]s not clear what deadline Jones [wa]s requesting an extension for." ECF No. 91 at PageID.1511. At the time this Court denied Jones's motion, it also reminded Jones that "her failure to comply with *any* of her discovery obligations between now and the close of discovery on January 16, 2026, will result in dismissal of her case for failure to prosecute and failure to comply with discovery orders." *Id.* at PageID.1512.

As to the part of Jones's motion which requested a court order directing Delta's counsel to confirm receipt of her prior discovery productions, Jones alleged that she had been providing discovery responses and documents, but Delta's counsel maintained that Jones had not done so. ECF No. 90 at PageID.1506. After review of Jones's request, this Court instead directed Delta "to file a response . . . listing what discovery it has received from Jones to date and what discovery remains outstanding." ECF No. 91 at PageID.1511.

Delta filed its response on December 8, 2025. ECF No. 92. In this response, Delta included the following chart outlining the discovery it had received from Jones

since January 3, 2025:

| Action by Jones | Date | Details/Notes | Record Citation |
|---|---|---|---|
| Served largely deficient, partial <u>interrogatory responses.</u> | February 17, 2025 | Initial responses incomplete. | ECF 32-6 |
| Partially supplemented interrogatory responses after Court's May 2 and July 8 Orders. | July 31, 2025 | Document titled "Plaintiff's objections and partial responses"; many responses remain deficient. | ECF 69-4 |
| Sent partial written responses to RFP Nos. 3, 4, 11, 12, 14, and 15; produced one document: Lincoln Behavioral Services Authorization | August 14, 2025 | Initial RFP response and authorization produced. | ECF 69-7 |
| Produced four pages of W-2s | August 28, 2025 | Limited document production. | ECF 69-10. |
| Filed Emergency Motion for Extension of Time. | November 19, 2025 | Claimed additional productions but did not specify nature, manner, or dates. | ECF 90 |
| During meet and confer, failed to identify additional documents or dates; suggested August 5 emails were intended as supplemental production. | December 5, 2025 | Emails sent broadly to multiple recipients; attached documents include: (a) Video Evidence Submission (links to unrelated | Emails from Plaintiff dated August 5, 2025 on which the Court was copied. |

| | | |
|---|---|---|
| | | videos); (b) Internal ethics complaint (February 7, 2025); (c) HR correspondence (December 25, 2024 – March 5, 2025); (d) Email re: meeting with supervisor Rob O'Leary. | |

ECF No. 92 at PageID.1517–18.

Delta also provided the following chart detailing the discovery that Jones had still not produced:

| Discovery Category | Details |
|---|---|
| Interrogatories | Responses to Interrogatory Nos. **1, 2, 3, 4, 5, 10, 12, and 13** remain incomplete and do not comply with the Court's May 2, 2025 Order. |
| Requests for Production | No written responses provided for RFP Nos. **1, 2, 5, 6, 7, 8, 9, 10, 13, 16, 17, and 18**. |
| Document Production | Other than limited production (four W-2 pages, a few miscellaneous emails/videos unrelated to this case, and four executed medical authorizations), **all other responsive documents remain outstanding**. Delta cannot identify specific missing documents because Plaintiff has not responded to most RFPs. |
| Subpoenas/Request for Medical Authorization | Plaintiff has refused to execute a valid authorization for **Michigan Medicine** records, despite Court order. The prior authorization was altered to imply lack of voluntary consent, rendering it invalid. Plaintiff declined to execute an unaltered version during the December 5, 2025 meet and confer. |

*Id.* at PageID.1519.

Eight days later, Jones filed a response to Delta's motion asserting she had been act[ing] in god faith and "seeks only reasonable, proportional procedural accommodations," though the specifics of what additional accommodations Jones sought is not clear from her motion.  ECF No. 93 at PageID.1527.

### D. Jones's Deposition

*1. Emergency Status Conference on Preliminary Issues*

Jones's deposition occurred on January 8, 2026. *See* ECF No. 102 at PageID.2063. But the parties did "not really even make it through preliminaries before a dispute arose" that they determined required the Court's "intervention and guidance." *Id.* So this Court held an emergency virtual status conference with the parties at 11:30 A.M. that day. *See id.*

During this conference, Delta's counsel raised two primary issues with the Court. *See id.* at PageID.2063–64. First, Delta's counsel noted that Jones was making her own unauthorized recording of the deposition. *See id.* at PageID.2063. Second, Delta's counsel noted that "Jones appeared to be reading materials from her screen while responding to questions, and when asked about that, [Jones] admitted that she had an [artificial intelligence] platform open on her device, which was . . . ChatGPT." *Id.* Delta's counsel then asked Jones "whether [Jones] was feeding information into [ChatGPT] as the deposition was progressing" and Jones refused to answer, "citing attorney/client privilege as the reason for refusing to answer" the

question despite confirming that she was not being represented by counsel. *Id.* at PageID.2063–64. Although Delta's counsel noted those two issues were the "pertinent issues," Delta's counsel also noted that "in general, it has been extremely difficult to get a response to almost every single question that" she had asked Jones. *Id.* at PageID.2064.

This Court asked whether Jones agreed with what Delta's counsel had said, and Jones said she did not. *Id.* First, Jones said that she had never refused to stop her unauthorized recording, but that she had asked Delta's counsel "for accommodations to [record], and [Delta's counsel] did say no," but they were "still in the clarification" stage of figuring out whether she could record the deposition. *Id.* at PageID.2065. Jones explained that she needed a recording of the deposition "to take notes for [her] disabilities and medical needs." *Id.* Second, Jones said that she was using ChatGPT to assist her in knowing how to "proceed legally as a pro se representation, the same as if there was in person an attorney in which they would object to different things." *Id.* at PageID.2066.

After hearing from both Delta's counsel and Jones, this Court instructed Jones that she could not "use ChatGPT or any other AI platform, any other person, any other anything to assist [her] in answering questions that are posed to [her] during [her] deposition." *Id.* at PageID.2067. This Court further explained that Jones could not "refuse to answer questions on the grounds of attorney/client privilege because

- 11 -

there [wa]s no attorney present on [Jones's] behalf and" Jones was not an attorney herself. *Id.* at PageID.2068.

Jones also raised the issue of her "medical treatment" which she said was "ongoing due to this litigation and alleged claims," but she assured this Court that she would "do [her] best in answering the questions" during the deposition. *Id.* at PageID.2073.

### 2. Remainder of Jones's Deposition

The remainder of Jones's deposition occurred on January 8 and January 9, 2026. *See* ECF No. 97 at PageID.1572. Delta provided this Court with the "rough deposition transcripts" from both dates. *See* ECF No. 97-1.

During the two days of deposition, Jones repeatedly testified that she had substantial amounts of evidence directly responsive to Delta's discovery requests that she had not provided to Delta. *See* ECF No. 97-1 at PageID.1776–78, 1804–05, 1810, 1817–18, 1847, 1903, 1911, 1926–27. 1935, 1957. Jones further testified that she was unable to provide a timeline for when she would be able to provide such evidence to Delta because it depends on the terms of her "medical treatment" plan and that Delta "would have to speak with [Jones's] medical provider" to determine when Jones might be able to provide the evidence to Delta. ECF No. 97-1 at PageID.1776–78, 1926–27.

**E. Currently Pending Motions**

Discovery closed on January 16, 2026. *See* ECF No. 89 at PageID.1498. On that same day, Delta filed a renewed motion to dismiss Jones's complaint with prejudice, again seeking dismissal on two legal bases: her failure to prosecute her case or, alternatively, as a discovery sanction. ECF Nos. 96; 97.[1] Jones opposes the motion, arguing both that she has participated in discovery and that although further discovery is required, it "can be completed within a structured schedule," so Delta will not be prejudiced. ECF No. 111 at PageID.2142, 2147.

At this point, Jones's five other motions filed from January through March 2026 remain pending:

| ECF No. | Date | Motion Title |
|---|---|---|
| 95 | 01/08/2026 | Motion to Compel Discovery |
| 99 | 01/16/2026 | Motion to Extend Discovery Deadline and Request for Limited Scope Counsel Assistance |
| 110 | 02/19/2026 | Motion to Preserve Reporter Backup Recording of January 8, 2026 Proceeding |
| 115 | 03/16/2026 | Motion to Preserve Status Quo, Protect the Integrity of the Proceedings, and for Protective and Injunctive Relief |
| 117 | 03/30/2026 | Motion for Leave to File Amended Complaint |

**II. LEGAL STANDARD**

Under Civil Rule 37(b)(2), if a party "fails to obey an order to provide or permit discovery . . . the court where the action is pending may . . . dismiss[] the

---

[1] Because it appears Delta filed this motion twice, this Court will address the later-filed motion, ECF No. 97, and deny the earlier-filed motion, ECF No. 96, as moot.

- 13 -

action or proceeding in whole or in part." FED. R. CIV. P. 37(b)(2)(A)(v). Similarly, Civil Rule 41(b) authorizes district courts to dismiss a case where the plaintiff fails to prosecute their case or comply with court orders. FED. R. CIV. P. 41(b).

"Under both [Civil Rule] 37(b) and [Civil Rule] 41(b), the test to determine whether dismissal is warranted is the same." *Johnson v. Pub. Serv. Credit Union*, No. 4:25-cv-11123, 2025 WL 2538842, at *1 (E.D. Mich. Aug. 11, 2025), *report and recommendation adopted*, No. 25-11123, 2025 WL 2533987 (E.D. Mich. Sept. 3, 2025). Courts consider: (1) whether "the failure to cooperate or prosecute [was] due to willfulness, bad faith, or fault; (2) [whether] the adversary [was] prejudiced by the party's conduct; (3) [whether] the party [was] warned that failure to cooperate or prosecute could lead to dismissal; and (4) the existence and appropriateness of less drastic sanctions." *Id.* (citing *Bass*, 71 F.3d at 241, and *Schafer v. City of Defiance Police Dept.*, 529 F.3d 731, 737 (6th Cir. 2008)).

### III. DISCUSSION

Dismissal of Jones's case with prejudice is warranted under both Civil Rule 37(b)(2) and Civil Rule 41(b) because Jones has repeatedly and willfully failed to engage in discovery and comply with this Court's orders, which has prejudiced Delta. Given that she has failed to comply despite numerous warnings that such failure would result in dismissal, no lesser sanctions would be appropriate or effective, and this Court will dismiss her case. *See Schafer*, 529 F.3d at 737.

As to the first factor, this Court finds Jones's failure to engage in discovery and obey Court orders has been willful and thus favors dismissal. Indeed, this Court has given Jones repeated opportunities to comply and even worked with Jones and Delta to implement a framework to better facilitate Jones's participation discovery as a *pro se* plaintiff. But still, Jones has not satisfied her discovery obligations nor complied with this Court's orders to do so on or before January 16, 2026.

Jones says that she has not demonstrated willfulness, bad faith, or reckless disregard for judicial proceedings because she "participated in discovery," appeared for her deposition, "[a]nswered questions," "[t]ransmitted discovery materials," and has sought disability accommodations and legal representation. ECF No. 111 at PageID.2141. But simply answering *some* deposition questions and transmitting *some* discovery materials does not mean Jones is not at fault. Indeed, she has repeatedly refused to provide requested discovery to Delta for the last year despite admonishments from this Court and a clear obligation to provide *all* discovery materials to Delta, whether she has legal assistance or proceeds *pro se. See Wu v. T.W. Want, Inc.*, 420 F.3d 641, 643 (6th Cir. 2005) (noting that a plaintiff's actions demonstrate bad faith, willfulness, or fault by "display[ing] either an intent to thwart judicial proceedings or a reckless disregard for the effect of [her] conduct on those proceedings").

- 15 -

As to her disabilities, Jones argues that the mere existence of her disabilities[2] shows that her conduct is not willful or obstructive. *See* ECF No. 111 at PageID.2144. But that is not so. This Court has repeatedly provided discovery extensions to Jones after Jones has requested such extensions to accommodate her alleged disabilities. *See* ECF Nos. 45; 89. Beyond that, this Court has worked with Jones to implement reasonable discovery accommodations to facilitate her participation as a *pro se* litigant with disabilities. *See* ECF No. 42.  Yet even with these extensions and accommodations, Jones still has not meaningfully participated in discovery and satisfied her discovery obligations.

Instead, she has filed numerous motions and filings, and, according to Delta, "served [99] requests for production (excluding numerous subparts)" on Delta, "all the while failing to produce full and complete discovery responses as required by the [Civil] Rules." ECF No. 113 at PageID.2243. And Jones's ability to file frequent motions despite her alleged disabilities bellies her argument that she is unable to

---

[2] In April 2025, Jones reported she "was diagnosed with Generalized Anxiety Disorder (GAD) on September 13, 2024." ECF No. 34 at PageID.718. She further reported she was diagnosed with Post-Traumatic Stress Disorder (PTSD) on March 25, 2025. *Id.* For nearly 11 months, GAD and PTSD—and occasionally unspecified "physical injuries"—were the only disabilities Jones mentioned. *See id.*; *see also* ECF Nos. 51 at PageID.822; 75 at PageID.1380; 78 at PageID.1422; 80 at PageID.1430–31; 90 at PageID.1507; 106 at PageID.2098. But on February 20, 2026, Jones reported for the first time that she has a "communication-related disability" which "substantially limit[s]" her "oral communication; written communication; concentration; [and] processing [of] complex information." ECF No. 111 at PageID.2143.

participate in discovery because of these same disabilities. *See Cage v. Beard*, No. 2:23-cv-11575, 2026 WL 260223, at \*2 (E.D. Mich. Jan. 5, 2026) (finding that the first factor weighed in favor of dismissal for failure to prosecute because although the plaintiff alleged he was suffering from mental health issues, he "was able to file two cogent motions" and "actively prosecuted his case"), *report and recommendation adopted*, 2026 WL 306459 (E.D. Mich. Feb. 3, 2026); *see also Harcrow v. Harcrow*, No. 3:18-cv-00828, 2021 WL 4721851, at \*5 (M.D. Tenn. Aug. 27, 2021), *report and recommendation adopted*, No. 3:18-CV-00828, 2021 WL 4721976 (M.D. Tenn. Sept. 13, 2021) (finding that the plaintiff demonstrated bad faith, willfulness, or fault even despite the plaintiff's "severe illness" where the plaintiff demonstrated the ability to participate in discovery and comply with court orders by making "a prolific number of filings on her own behalf").

At bottom, the record shows that Jones has acted willfully in failing to satisfy her discovery obligations and failing to comply with this Court's orders, despite numerous extensions, accommodations, and opportunities. Accordingly, this first factor weighs in favor of dismissal. *See See Wu*, 420 F.3d at 643.

The second factor favors dismissal because Delta has been prejudiced by Jones's ongoing, year-long failure to meaningfully engage in discovery. Recall, Jones filed this case in May 2024, nearly two years ago. *See* ECF No. 1. Since then, Delta has "incurred significant time and expense filing motions, attending hearings,

and repeatedly attempting to secure basic discovery," yet it still has not received all of the discovery to which it is entitled, and Delta is unable to fully develop defenses to Jones's claims as a result. ECF No. 97 at PageID.1578. This is precisely the type of prejudice the Sixth Circuit finds favors dismissal under both Civil Rule 37 and Civil Rule 41. *See Schafer*, 529 F.3d at 737 (explaining that "a defendant is prejudiced by the plaintiff's conduct where the defendant 'waste[d] time, money, and effort in pursuit of cooperation which [the plaintiff] was legally obligated to provide.'" (citing *Harmon v. CSX Transp., Inc.*, 110 F.3d 364, 368 (6th Cir. 1997)). Accordingly, the second factor weighs in favor of dismissal. *See id.*

The third factor also favors dismissal because Jones has been warned repeatedly since March 2025 that her failure to meaningfully participate in discovery would lead to dismissal of her case. *See* ECF Nos. 33 at PageID.715; 58 at PageID.838; 89 at PageID.1498; 91 at PageID.1512. Thus, the third factor favors dismissal. *See id.*

Finally, the fourth factor also favors dismissal because there are no appropriate, lesser sanctions that will be effective. Indeed, at nearly every status conference and hearing that has occurred in this case since April 2025, this Court has reminded Jones of her obligation to participate meaningfully in discovery and comply with court orders and deadlines. In some of those instances, this Court admonished Jones for her failure to do so as a lesser sanction before giving Jones

another chance. Yet still Jones has not fully engaged in the discovery process. Thus, admonishment is no longer an appropriate sanction. *See Global Tech., Inc. v. Ningbo Swell Indus. Co.*, No. 19-cv-10934, 2021 WL 2283745, at *3 (E.D. Mich. June 4, 2021) (observing that admonishment is a lesser sanction, the failure to comply with which could lead to harsher sanctions like dismissal) And monetary sanctions are unlikely to be effective here because Jones proceeds *in forma pauperis*. *See* ECF No. 5; *see also Wilkes v. Taylor Sch. Dist.*, No. 24-12154, 2025 WL 898311, at *3 (E.D. Mich. Mar. 24, 2025) (concluding that the imposition of monetary sanctions as a discovery sanction is not "appropriate or effective" where plaintiff proceeds *in forma pauperis*.).

Considering all four relevant factors in light of the circumstances of this particular case, dismissal of Jones's claims with prejudice is the most appropriate sanction for Jones's ongoing, year-long refusal to meaningfully engage in discovery and to comply with Court orders. *See* FED. R. CIV. P. 37; 41. Accordingly, Delta's motion to dismiss, ECF No. 97, will be granted, and Jones's case will be dismissed with prejudice under Civil Rules 37 and 41. As for the remaining pending motions, ECF Nos. 95; 96; 99; 110; 115; 117, they will be denied as moot because they have no bearing or impact on the facts that support this Court's dismissal of the case for failure to comply with orders and participate in discovery.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Delta's Renewed Motion to Dismiss, ECF No. 97, is **GRANTED**.

Further, it is **ORDERED** that Plaintiff's Amended Complaint, ECF No. 26, is **DISMISSED WITH PREJUDICE**, thereby **DISMISSING THE CASE WITH PREJUDICE**.

Finally, it is **ORDERED** that six pending motions, ECF Nos. 95; 96; 99; 110; 115; 117, are **DENIED AS MOOT**.

**This is a final order and closes the above-captioned case.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: April 22, 2026

- 20 -