UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

                Plaintiff,                      Case No. 2:24-cv-11224

v.                                      Honorable Susan K. DeClercq
                                            United States District Judge

DELTA AIR LINES, INC.,

                Defendant.

_____/

**OPINION AND ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 127) AND GRANTING PLAINTIFF'S APPLICATION TO PROCEED *IN FORMA PAUPERIS* ON APPEAL (ECF No. 131)**

In April 2026, this Court dismissed Plaintiff Littiece Jones's case against her former employer, Defendant Delta Air Lines, Inc. ("Delta"), under Civil Rules 37 and 41 because of "Jones's ongoing, year-long refusal to meaningful engage in discovery and to comply with [c]ourt orders." ECF No. 124 at PageID.2375.

Following this Court's dismissal of Jones's case, Jones filed (1) a motion for reconsideration, ECF No. 127; (2) a notice of appeal, ECF No. 129; (3) an application to proceed *in forma pauperis* on appeal, ECF No. 131; and (4) a motion to review the clerk's taxation of costs, ECF No. 134.[1] As explained below, Jones's

---

[1] Jones's motion requesting a review of the clerk's taxation of costs, ECF No. 134, will be addressed in a separate order.

motion for reconsideration, ECF No. 127, will be denied and her application to proceed *in forma pauperis* on appeal, ECF No. 131, will be granted.

## I. JONES'S MOTION FOR RECONSIDERATION (ECF No. 127)

Jones seeks reconsideration of this Court's April 2026 order which granted Delta's renewed motion to dismiss, ECF No. 97, and dismissed her claims against Delta with prejudice. *See* ECF No. 124.

## A. Legal Standard

"Parties seeking reconsideration of final orders or judgments must file a motion under Federal Rule of Civil Procedure 59(e) or 60(b)."[2] E.D. Mich LR 7.1(h)(1). Under Civil Rule 59(e), a party may file a "motion to alter or amend a judgment" within 28 days after entry of judgment. FED. R. CIV. P. 59(e). "[T]he purpose of Rule 59 is to allow the district court to correct its own errors, sparing the parties and appellate courts the burden of unnecessary appellate proceedings." *York v. Tate*, 858 F.2d 322, 326 (6th Cir. 1988) (internal quotation marks and citation omitted). The grounds for amending a judgment are limited. "A district court may grant a Rule 59(e) motion only to (1) correct a clear error of law, (2) account for newly discovered evidence, (3) accommodate an intervening change in the

---

[2] Notably, Jones does not cite either of these Civil Rules as the basis for her motion for reconsideration. *See generally* ECF No. 127. Nevertheless, because Jones proceeds *pro se*, this Court will liberally construe her motion for reconsideration as one seeking relief under Civil Rules 59(e) or 60(b).

controlling law, or (4) otherwise prevent manifest injustice." *Moore v. Coffee Cnty., Tenn.*, 402 F. App'x 107, 108 (6th Cir. 2010) (citing *GenCorp., Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)).

Similarly, under Civil Rule 60(b)(1), a court may grant relief from a final order for the following reasons:

(1) mistake, inadvertence, surprise, or excusable neglect;

(2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);

(3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;

(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or

(6) any other reason that justifies relief.

FED. R. CIV. P. 60(b).

### B. Discussion

Jones provides a laundry list of reasons why she believes reconsideration is warranted here. *See generally* ECF No. 127. Specifically, Jones makes the following allegations, which she asserts all warrant reconsideration:

1.  The Court clearly erred in finding willful conduct;

2.  The Court failed to ensure meaningful access to the courts;

3. The Court proceeded despite pending communication-disability accommodation issues;

4. The Court failed to account for Plaintiff's *pro se* status and unequal footing;

5. The Court failed to address Defendant's discovery conduct and unresolved discovery disputes;

6. The Court failed to preserve the status quo and address ongoing harm;

7. The proceedings created an appearance of partiality and procedural unfairness;

8. Deposition accommodations were ineffective and the deposition process was procedurally deficient;

9. Procedural barriers related to sealed filings contributed to confusion and unequal access;

10. Plaintiff remains under medical treatment and reserves the right to supplement the record; and

11. Lesser sanctions were available.

*Id.* at PageID.2398–411.

But none of Jones's eleven assertions or corresponding arguments rise to the level of a circumstance warranting reconsideration under Civil Rule 59(e) or Civil Rule 60(b). Instead, Jones's assertions merely re-raise arguments she has already presented to this Court or raise new arguments and facts she could have previously presented to this Court but did not. *See Exxon Shipping Co. v. Baker*, 554 U.S. 471 n.5 (2008) (holding that a Rule 59(e) motion may not be used "to raise arguments or

present evidence that could have been raised prior to entry of judgment"); *see also Howard v. United States*, 533 F.3d 472, 475 (6th Cir. 2008) (explaining that Rule 59(e) "does not permit parties to effectively 'reargue a case'"); *see Stancik v. Deutsche Bank*, No. 1:17-CV-01809, 2018 WL 4717705, at *1 (N.D. Ohio Oct. 1, 2018) ("Rule 59(e) does not give a disappointed litigant an opportunity to restate previously considered issues, or to attempt to persuade the Court to reverse the judgment by offering the same arguments previously presented.") (collecting cases); *Kline v. Mortg. Elec. Registration Sys.*, Inc., 704 F. App'x 451, 466 (6th Cir. 2017) ("Rule 60(b) is not a vehicle to give the losing litigant a second bite at the apple.").

At bottom, Jones is not entitled to relief under either Civil Rule 59(e) or Civil Rule 60(b). Accordingly, her motion for reconsideration, ECF No. 127, will be denied.

## II. JONES'S APPLICATION FOR LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL (ECF No. 131)

Jones has also filed an application to proceed *in forma pauperis* (IFP) "in District Court," which this Court will liberally construe as a motion to proceed *in forma pauperis* on appeal. *See* ECF No. 131.

Under the Federal Rules of Appellate Procedure, a non-prisoner like Jones who desires to proceed IFP on appeal must obtain pauper status under Appellate Rule 24(a). *See Callihan v. Schneider*, 178 F.3d 800, 803–04 (6th Cir. 1999). Appellate Rule 24(a)(3) provides that, if a party has been permitted to proceed IFP

in the district court, he or she may also proceed IFP on appeal without further authorization unless the district court "certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." FED. R. APP. P. 24(a)(3)(A). If the district court denies the IFP status, the party may file a motion to proceed IFP in the Court of Appeals. FED. R. APP. P. 24(a)(4)–(5).

Here, Jones was granted IFP status at the district court level. *See* ECF Nos. 5; 124 at PageID.2376. In this way, it appears she is entitled to proceed IFP on appeal. *See Little v. Williams*, No. 22-12222, 2026 WL176193, at *1 (E.D. Mich. Jan. 22, 2026) (granting a plaintiff's motion to proceed IFP on appeal whom the district court had previously authorized to proceed IFP and did not certify that an appeal would be in bad faith). And it does not appear to this Court that Jones's appeal of this Court's April 2026 order dismissing her case is taken in bad faith. *See Shelley G. v. Comm'r of Soc. Sec.*, No. 2:23-cv-12917, 2025 WL 3899369, at *1 (E.D. Mich. June 24, 2025) (granting a plaintiff's application to proceed IFP on appeal after finding that the plaintiff was entitled to do so and an appeal would not "lack good faith"). Accordingly, this Court will grant Jones's application to proceed IFP on appeal. ECF No. 131.

## III. CONCLUSION

Accordingly, it is **ORDERED** that Plaintiff's Motion for Reconsideration, ECF No. 127, is **DENIED**.

- 7 -

Further, it is **ORDERED** that Plaintiff's Application to Proceed *In Forma Pauperis* on Appeal, ECF No. 131, is **GRANTED**.

**This is a final order.**

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: July 9, 2026