UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LITTIECE JONES,

Plaintiff,

Case No. 2:24-cv-11224

v.

Honorable Susan K. DeClercq
United States District Judge

DELTA AIR LINES, INC.,

Defendant.
__________________________________/

**ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S MOTION FOR REVIEW OF CLERK'S TAXED BILL OF COSTS (ECF No. 134)**

Plaintiff Littiece Jones asks this Court to reduce the costs taxed against her at the conclusion of this litigation. ECF No. 134. However, she has not shown that any costs sought by and awarded to the prevailing party were improperly awarded, and she has not demonstrated that this Court should act in equity to reduce the costs. Jones's motion will be granted to the extent it asks this Court to review the Clerk's Taxed Bill of Cost, but the remainder of Jones's motion will be denied.

## I. BACKGROUND

The merits of this employment discrimination case are not relevant to the matter at hand. The sole relevant fact is that this Court granted Defendant Delta Air Lines Inc.'s ("Delta") Renewed Motion to Dismiss. *See* ECF No. 124. Delta filed a bill of costs, seeking to recoup $3,654.55 in costs associated with two depositions of

Jones. ECF No. 128. Eight days later, the Clerk's Office entered a Taxed Bill of Cost in the amount sought by Delta. ECF No. 132.

Jones now moves this Court to review the Bill of Cost and to deny or reduce those costs. ECF No. 134. The motion is fully briefed, *see* ECF Nos. 135; 136, and this Court has determined that argument on the motion is not necessary, *see* E.D. Mich. LR 7.1(f)(2).

## II. LEGAL STANDARD

Civil Rule 54 provides that the "costs—other than attorney's fees—should be allowed to the prevailing party." FED. R. CIV. P. 54(d)(1). "The clerk may tax costs on 14 days' notice." *Id.* "On motion served within the next 7 days, the court may review the clerk's action." *Id.*

Relevant here, the prevailing party may recover the costs "for printed or electronically recorded transcripts necessarily obtained for use in the case." 28 U.S.C. § 1920. Depositions are generally deemed reasonably necessary if "used in connection with a successful motion." *Kaimowitz v. Howard*, 547 F. Supp. 1345, 1353 (E.D. Mich. 1982). Courts generally permit costs associated with the original deposition "and one copy of the transcript, exhibits, and other miscellaneous charges." *City of Sterling Heights v. United Nat'l Ins. Co.*, No. 03-72773, 2008 WL 920135, at *6 (E.D. Mich. Apr. 3, 2008). The Court has published additional guidance, which enumerates various deposition costs that are generally taxable,

including "[t]ranscript[s] used in support of a motion" and "[e]lectronic media, e.g., disk, CD-ROM, DVD, electronic storage device" fees. *See* Bill of Costs Handbook, *United States Dist. Ct., E. Dist. of Mich.*, at 3–4 (Nov. 2013).[1]

## III. DISCUSSION

Jones "disputes the amount and necessity of the taxed costs" and "requests a complete itemized account and supporting documentation" about each cost. ECF No. 134 at PageID.2460. She also requests this Court exercise its equitable discretion and reduce the amount of costs, "based upon financial hardship, pro se status, and equitable considerations." *Id.* Delta responds that such costs were reasonably necessary, and that Jones has not met her burden to show that this Court should act in equity to reduce the bill of costs. *See* ECF No. 135 at PageID.2463–64. This Court finds that the costs are appropriate as taxed, and Jones has not overcome the presumption in favor of assessing costs to the prevailing party.[2]

At the outset, this Court finds that the depositions for which Delta seeks to recover costs were reasonably necessary, each having been attached to Delta's

---

[1] Available at http://www.mied.uscourts.gov/PDFFiles/BillofCostsHandbook.pdf [https://perma.cc/5F9R-JUZZ].

[2] Civil Rule 54 permits costs to be taxed "on 14 days' notice." FED. R. CIV. P. 54(b)(1). Here, the Clerk's Office taxed costs eight days after Delta filed its bill of costs. This does not comply with Civil Rule 54. However, Jones timely filed a motion asking this Court to review the Clerk's order, and this Court will grant the motion to the extent she requests such review. *See id.*

successful renewed motion to dismiss. *See* ECF No. 97-1; *see also Kaimowitz*, 547 F. Supp. at 1353.

Jones asserts that she "has not been provided complete invoices, receipts, billing records, or supporting documentation necessary to independently verify the charges claimed." ECF No. 136 at PageID.2468. However, such detailed records were attached by Delta as part of its Bill of Costs. *See* ECF No. 128 at PageID.2449–51. Those records demonstrate that the costs relate to two depositions of Jones taken on January 8 and 9, 2026, and Delta did not seek reimbursement for charges for services that were presumably strictly for the convenience of counsel—such as fees for a rough draft and a digital exhibit binder. *See id*; *see also Irwin Seating Co. v. Int'l Bus. Machs. Corp.,* No. 1:04-CV-568, 2008 WL 1869055, at *4 (W.D. Mich. Apr. 24, 2008) (charges that are for the convenience of counsel, rather than a necessity for trial are not taxable). This Court therefore finds that the fees for the deposition transcripts are appropriately taxable costs.

Jones also asks this Court to exercise its discretion and reduce the taxed costs in equity. *See* ECF No. 134 at PageID.2460. But doing so requires Jones "to show circumstances sufficient to overcome the presumption favoring an award of costs to the prevailing party." *White & White, Inc. v. Am. Hosp. Supply Corp.*, 786 F.2d 728, 732 (6th Cir. 1986) (internal quotation marks and citation omitted). To meet this burden, Jones argues that she has "experienced substantial difficulty pursuing

unemployment benefits" and this has "further impaired [her] ability to meet ordinary living expenses." ECF No. 136 at PageID.2468. While this Court is mindful that Jones may have limited financial resources, her cursory statements, without more, are insufficient to overcome the presumption favoring an award of costs to the prevailing party. *Cf., e.g.*, *Sales v. Marshall*, 873 F.3d 115, 120 (6th Cir. 1989) ("The plaintiff's indigency does not prevent the taxation of costs against him."). Moreover, it is immaterial that Jones pursued this case in good faith. *See* ECF No. 136 at PageID.2468. Imposing costs is not a sanction for a frivolous lawsuit; it is a routine feature of civil litigation. *See, e.g.*, FED. R. CIV. P. 54(d). Having not been presented with a compelling reason to deviate from the ordinary process, this Court will deny Jones's request to reduce the Bill of Cost.

## IV. CONCLUSION

Accordingly, it is **ORDERED** that Jones's Motion, ECF No. 134, is **GRANTED IN PART** in that this Court reviewed the Bill of Cost, and **DENIED IN PART** in that the Clerk's Taxed Bill of Costs, ECF No. 132, stands as entered.

*/s/Susan K. DeClercq*
SUSAN K. DeCLERCQ
United States District Judge

Dated: November 2, 2026